UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

   -vs-

**VIOLETTE GAIL ELDRIDGE**
a/k/a GAIL VIOLETTE ELDRIDGE,
**MELVIN RAY LYTTLE**,
**PAUL E. KNIGHT**, and
**JOHN L. MONTANA, JR.**,

                           Defendants.

**ATTORNEY'S AFFIDAVIT**

#05-CR-6116-CJS

MAURICE J. VERRILLO, being duly sworn, deposes and says that**:**

1.  I am an attorney admitted to practice law in the State of New York and the United States

    District Court for the Western District of New York, and I represent Mrs. Eldridge.

2.  I am familiar with this case by reason of my investigation of this case, my conversations

    with my client and others, and my review of the voluntary discovery material provided to

    date by the government.

3.  This affidavit is submitted in support of the various forms of relief requested herein, and is

    based upon the facts as I know them, the Federal Rules of Criminal Procedure, the Federal

    Rules of Evidence, the United States Constitution, and other pertinent statutes and law.

4.  Mrs. Eldridge has entered a not guilty plea to the Indictment charging her with

    participation in a money laundering conspiracy and other alleged wrongdoing involving

    Lyttle, Knight, and Montana. A copy of the Indictment is attached as (Exhibit "A").

**LAW OFFICE OF
MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

**LEGEND**

| | |
|---|---|
| The Defendants in this case are: | Violet Gail Eldridge hereafter referred to as ("**Mrs. Eldridge**")<br>Melvin Ray Lyttle hereafter referred to as ("**Lyttle**")<br>Paul E. Knight hereafter referred to as ("**Knight**") and<br>John L. Montana, Jr., hereafter referred to as ("**Montana**") |
| Other Witnesses are: | Bill Marvin hereafter referred to as ("**Marvin**")<br>Marc Robinson hereafter referred to as ("**Robinson**")<br>George M. Bevre Hart hereafter referred to as ("**Bevre Hart**") |

**INDEX**

I.      Severance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Dismissal due to Improper Venue or Change of Venue . . . . . . . . . . . . . . . . . . 3

III.    Dismissal due to Decision of Judge Barker . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.     Order allowing Discovery regarding Grand Jury . . . . . . . . . . . . . . . . . . . . . . . 6

V.      Dismissal based on lack of proper instructions . . . . . . . . . . . . . . . . . . . . . . . . 7

VI.     Dismissal based upon voting irregularities . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VII.    Dismissal due to defects in the Indictment/insufficiency . . . . . . . . . . . . . . . . . 9

VIII.   Dismissal based on statute of limitations defense . . . . . . . . . . . . . . . . . . . . . 10

IX.     Suppression of Statements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

X.      Suppression of Title III intercepts / seized evidence . . . . . . . . . . . . . . . . . . . 12

XI.     Suppression of seized evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

XII.    Disclosure of Informant(s) Identity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

XIII.   Jencks Material . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

XIV.    Rules 403, 404, 607, 608 & 609 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

XV.     Brady Material . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

XVI.    Discovery, Disclosure & Inspection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

XVII.   Bill of Particulars Rule 7(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

XVIII.  Issuance of Subpoena Duces Tecum/Subpoenas . . . . . . . . . . . . . . . . . . . . . . . 42

XIX.    Further Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

*i*

I. **SEVERANCE**

   A. Although the Indictment has twenty-seven pages of allegations against the Defendants, the vast majority of the allegations involve individuals other than Mrs. Eldridge.  There are only 25 paragraphs containing any allegations about Mrs. Eldridge, while the allegations which do not involve Mrs. Eldridge but are against the Co-Defendants total 97.

   B. Indictment paragraphs #3, #4, #7 through #50 and #52 through #71 involve allegations of investors as to which Mrs. Eldridge is not alleged to have had contact. No mail communications occurred between Mrs. Eldridge and investors as set forth in paragraphs #72 to #77.  Of the 25 paragraphs directed toward Mrs. Eldridge, 10 of them, paragraphs #85 through #94, involve the return, rather than the taking, of investor funds which is inconsistent with the Government's claims of overt acts by Mrs. Eldridge in support of the alleged conspiracy.

   C. The record is very clear that Mrs. Eldridge had a trust relationship, as an officer of UTA BVI, LTD with P. K. Trust and First National Equity as designated beneficiaries of their respective trusts.  A copy of their respective trust agreements and addendums with UTA BVI, LTD are attached as (Exhibits "B " and "C ").

   D. Although the Government alleges over twenty six investors, none of these investors had a contractual relationship with Mrs. Eldridge.  Mrs. Eldridge was not a party to any of the contractual agreements between the companies of the co-defendants, and the investors at issue in this case.

   E. The alleged transactions by Lyttle in acquiring properties and other assets had no nexus to Mrs. Eldridge.  Mrs. Eldridge did not participate in the closing of these properties nor for that matter, was any showing made that Mrs. Eldridge knew of the actions of Lyttle relative to these properties.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

F. The very broad reach of this indictment results in severe prejudice to Mrs. Eldridge.

G. The vast majority of the alleged transactions set forth in the Indictment did not involve Mrs. Eldridge.

H. Upon information and belief, the Government possesses statements from Lyttle and Knight alleging innocence on their part at the expense of Mrs. Eldridge, as to which allegations of criminality are made.

I. The joinder of these claims is fundamentally unfair and violative of the defendant's right to due process and fair confrontation of the Government's case.

J. The offering of claims of investors totally unrelated to any actions of Mrs. Eldridge, the joinder of defendants as to whom inconsistent defenses and potentially incriminating statements against Mrs. Eldridge will be proffered, along with the overly voluminous nature of the documentary and testimonial evidence to be offered associated with this overly broad indictment, will be highly prejudicial to Mrs. Eldridge.  The Government's attempt to infer criminality based upon the alleged actions of the co-defendants in their dealings with their respective clients as to whom Mrs. Eldridge had no privity of contract or any contacts is clearly erroneous and prejudicial.

K. The deliberate attempt of the Government to join unrelated claims in such a broad fashion is highly prejudicial. Your deponent expects that the trial of all of these claims will involve a very long and protracted trial which will make the trial very complex and difficult for an average juror to comprehend and to assess any limiting instructions relative to evidence offered as to one defendant but not the others.

L. Upon information and belief, the Government intends to offer 404(b) evidence against Montana.  This use of bad acts evidence against one or more of the defendants raises

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

issues of prejudice.  "The extent of the prejudice to a co-defendant from evidence of

one defendant's prior acts depends on an assessment of how that evidence might

affect the jury's consideration of a co-defendant's guilt, despite limiting instructions."

U.S. v. Figueroa, 618 F.2d 934 , (2nd Cir. )

M.   Substantial prejudice will result if the claims against Mrs. Eldridge are not severed

from the co-defendants. U.S. v. Casamento, 887 F.2d 1141 (2nd Cir 1989).

N.   If Mrs. Eldridge is tried along with the other defendants, the jury will be unable to

distinguish and fairly assess the limited amount of evidence that relates solely to her,

because of the inevitable "spill-over" effect. See United States v. Locasio, 6 F.3d 924

(2nd Cir. 1993). The defendant will be prejudiced by evidence offered solely against

the other defendants.

**WHEREFORE**, it is respectfully requested that Mrs. Eldridge be afforded a separate trial,

pursuant to Federal Rules of Criminal Procedure 8, 12 and 14.


II.  **DISMISSAL DUE TO IMPROPER VENUE OR CHANGE OF VENUE**

A.   Mrs. Eldridge expressly incorporates by reference each and every allegation set forth

in support of her motion for severance (Point #1).

B.   Mrs. Eldridge moves this court to dismiss this action due to improper venue, or

alternatively, for a change of venue from Western District of New York for various

reasons.

C.   Our review of the voluminous records and transcripts in this case makes clear that the

Western District of New York has very minimal, if any, contacts with Mrs. Eldridge

or for that matter, with the Co-Defendants.

D.   Mrs. Eldridge resides in Woodstock, Georgia.  Upon information and belief, Mrs.

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

Eldridge has never resided or visited the Western District of New York prior to the commencement of this criminal matter.

E.   Mrs. Eldridge's involvement with UTA BVI did involve a number of transactions in Manhattan, New York however, that city is not within the Western District of New York.

F.   Mrs. Eldridge is required to expend a substantial amount of money for airline tickets, lodging, and other expenses every time that she is required to appear in the Western District of New York for court.  The Government has not paid for these travel and lodging costs or agreed to reimburse these expenses despite the fact that the defendant's home jurisdiction in Atlanta, Georgia was available as a venue.

G.   The Government alleges that Doug Sample, who resides in Monroe County, was one of the investors associated with the alleged misconduct of the defendants.  There is no proof presented after reviewing Mr. Sample's deposition that he had an dealings with Mrs. Eldridge during the course of his investments with Lyttle's company.

H.   The Government claims that Mrs. Eldridge was involved in the receipt of investors' funds however the discovery makes clear that Mrs. Eldridge received funds from the entities managed by Lyttle and Knight or at the direction of Knight without the knowledge of Mrs. Eldridge.  Moreover, the disbursements of funds back to investors or as otherwise instructed by Lyttle and Knight was in accordance with the express terms of the trust agreements with companies belonging to the co-defendants Lyttle and Knight; said return of funds was consistent with the defendant's claim of no criminal wrongdoing. See Par. 6(a);60-71

I.   The Indictment does not appear to allege any overt act of Mrs. Eldridge within the Western District of New York which would justify venue as being appropriate in the

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

Western District of New York

J.   The Southern District of Indiana has previously dismissed an SEC proceeding against Mrs.  Eldridge based upon improper venue and lack of proof of a conspiracy between the defendant and the co-defendants. A copy of Judge Barker's Decision is attached as Exhibit "D".

K.   Under the totality of circumstances and pursuant to Fed. R. Crim. P. 21, Mrs. Eldridge respectfully requests that the Indictment against her be dismissed for an improper venue, or in the alternative, that this case be transferred to a more convenient and suitable jurisdiction for trial.

## III.  DISMISSAL BASED ON JUDGE BARKER'S DECISION

A.   Mrs. Eldridge requests this Court to make determinations and findings based on Judge Barker's Decision in the Southern District of Indiana.

B.   Mrs. Eldridge contends that the Court found no evidence to sustain the claim of a conspiracy between Mrs. Eldridge and the co-defendants and further found no contacts with the Southern District of Indiana.

C.   The Government in this case is allegedly claims of conspiracy and other alleged wrongdoings based upon acts that were or could have been alleged in the SEC proceedings.

D.   Mrs. Eldridge requests this Court to preclude the Government from relitigating any issues that were determined in the Indiana Court and dismissing the pending charges under the doctrines of collateral estoppel and res judicata.

E.   Mrs. Eldridge advises your deponent that a similar argument will be raised in the Georgia SEC proceedings (i.e. Proceeding #2) in which summary judgment motions

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE  711
ROCHESTER, NY 14614

TEL: (585) 232-2640

are pending before that Court.

## IV.   ORDER ALLOWING DISCOVERY REGARDING GRAND JURY

A.   Because the defendant or her counsel were not able to be present during the Grand Jury proceedings, your deponent is at a disadvantage in making certain assertions relative to irregularities which may have taken place.  Information is needed in order to proceed with these constitutional and statutory claims which can be supported by the disclosure requested herein.

B.   The granting of disclosure will not prejudice the Grand Jury process or the Government.  This motion is necessary in order to protect the defendant's constitutional rights as they would be affected by any prejudicial events or irregularities before the Grand Jury.

C.   The defendant respectfully requests the following information be disclosed by the Government concerning the Grand Jury proceedings:

1.   State whether the Indictment in its final form was drafted by the United States Attorney's Office before the Grand Jury voted in its return;

2.   State whether the Indictment in its final form was exhibited or read verbatim to each of the Grand Jurors who voted to return it before the vote was taken;

3.   State whether a government agent summarized the testimony and/or evidence before the Grand Jury, or whether the individual fact witnesses appeared before the Grand Jury testified solely on the basis of his or her knowledge and, if not, state further

(a.)   whom it was who gave the hearsay testimony;

(b.)   the name of the person with the actual knowledge of the facts as to which the hearsay testimony was given; and

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

    (c.)    the reason why the Government failed to produce before the Grand Jury the person or persons with actual knowledge of those facts;

    (d.)    If any of the witnesses called before the Grand Jury testified to circumstances or transactions about which they had no personal knowledge, state whether the Grand Jury was clearly advised that it was receiving only hearsay information.

D.  Upon the disclosure of the requested information, Mrs. Eldridge would then be in a position to particularize the grounds for this motion.

## V.  DISMISSAL BASED UPON LACK OF PROPER INSTRUCTIONS

A.  Upon information and belief, the defendant moves this Court to dismiss this Indictment because the grand jury proceeding was defective due to inadequate instructions concerning the defendant's constitutional safeguards, the specific statutes and requisite elements, and theories of prosecution.

B.  An inspection of the grand jury minutes by the Court is requested along with disclosure of the following information:

1.  Any and all instructions given to the Grand Jury either by the Court or the United States Attorney, prior to the service and rendering of a vote in the defendant's case;

2.  In particular, disclosure should be made to determine whether or not any instructions were given on the following subjects:

    (a.)    Burden of proof required to establish a criminal offense before a Federal Grand Jury;

    (b.)    The law on circumstantial evidence;

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

(c.)   The defendant's presumption of innocence in a criminal proceeding;

(d.)   The relevant terms, and definitions thereof, contained in criminal charges

lodged herein

(e.)   Whether or not any instructions were given on the intent required to

violate any of the sections of law set forth above;

(f.)   Whether each of the statutes the defendant is alleged to have violated was

read to the Grand Jury.

C.   There are fundamental and basis instructions that must be given to the Grand Jury.

D.   The requested disclosure will not prejudice the Government in that disclosure will not

reveal the testimony of other witnesses.

E.   After obtaining disclosure, the defendant requests leave to provide further

particularity as to the grounds for this motion.


VI. **DISMISSAL BASED UPON VOTING IRREGULARITIES**

A.   Upon information and belief, the defendant moves to dismiss the indictment because

a number of grand jurors who voted on the indictment may not have been present

during the entire presentation of evidence.

B.   An inspection of the grand jury minutes and the attendance of jurors should be

conducted and counsel requests to be supplied with the following information:

1.   State whether or not all of the Grand Jurors, who voted and returned the

indictment, were continuously present when all of the evidence underlying the

counts contained in this indictment were presented;

2.   Disclose the grand jury attendance records for each of the grand jurors during the

time the present charges were being considered by the Grand Jury specifically

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

designating each member's attendance while evidence with respect to this particular case was being presented;

3. The records of the grand jury vote maintained pursuant to Rule 6 of the Federal Rules of Criminal Procedure.

## VII. DISMISSAL DUE TO DEFECTS IN THE INDICTMENT/INSUFFICIENCY

A. The Indictment on its face fails to allege each and every element of the crimes charged to Mrs. Eldridge.

B. The trust agreements between the UTA BVI, First National Equity and the P.K. Trust were valid contracts. None of the investors alleged to be victims in this case were parties to those trust agreements.

C. The Indictment fails to allege that Mrs. Eldridge had a contractual relationship with any of the investors.

D. As noted previously, no overt act is alleged to have been made by Mrs. Eldridge to the investor Doug Sample in the Western District of New York to establish jurisdiction.

E. No nexus is shown between the various personal transactions of the Lyttle, such as his alleged purchase of real estate, and Mrs. Eldridge.

F. The Government claims in paragraph 6(a) of the Indictment that Mrs. Eldridge received funds from investors; however, the record establishes that payments were made from First National Equity and the P.K.Trust or at the direction of Knight to UTA BVI in accordance with the trust agreements, and any direct payments made by investors to the UTA-BVI were without the knowledge of the Mrs. Eldridge. Likewise, the funds disbursed by Mrs. Eldridge as an officer of the UTA-BVI were in accordance with the terms of the respective trust agreements. These transactions were

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

in accordance with the trust agreements and did not constitute "overt acts" of criminality.

G. Mrs. Eldridge respectfully requests that the Indictment be dismissed for these defects on its face.

VIII. **DISMISSAL BASED ON STATUTE OF LIMITATIONS DEFENSE**

A. The Indictment alleges misconduct during the time period of the Summer of 1999 to July 5, 2001.

B. The applicable statute of limitations is five years. 18 U.S.C. Section 3282.

C. The Government was granted an Order Suspending the Statute of Limitations to Obtain Foreign Evidence. (Exhibit "E").  The sealed order was dated September 15, 2004.

D. Upon information and belief, the Grand Jury did not return a sealed indictment until August 18, 2005, or approximately eleven months after the ex parte order tolling the statute of limitations was granted.  The motion to unseal the Indictment was filed on and the order unsealing the Indictment was entered on August 22, 2005.  See (Exhibits "F" and "G").

E. The sealed indictment was not opened until Mrs. Eldridge was arraigned on September 1, 2005.

F. The defendant seeks a hearing to determine whether the Government had a legally recognized  basis to seal the indictment and to delay the prosecution of this case beyond the statute of limitations for almost one year due to foreign evidence.  The facts and circumstances surrounding the date when the foreign evidence was requested and returned is also relevant to this inquiry. U.S. v. Srulowitz, 819 F.2d 37

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE  711
ROCHESTER, NY 14614

TEL: (585) 232-2640

(2nd Cir. 1987).

G. Upon information and belief, the Government knew Mrs. Eldridge's address in Woodstock, Georgia and had no legitimate reason to delay the indictment for an eleven month period and to further delay the prosecution by sealing the indictment until the time of arraignment in September, 2005. The defendant further contends that the Hungary records were not material or necessary to the prosecution of this case.

H. Mrs. Eldridge is further entitled to review due to the ex parte nature of the Government's actions.

I. Mrs. Eldridge requests a finding that the requirements of 18 U.S.C. 3292 were not satisfied by the Government, that the delay after the order was granted was unreasonable and excessive, and that the Indictment was untimely filed under law, which necessitates the dismissal of this action due to the statute of limitations.

IX. **SUPPRESSION OF STATEMENTS**

A. The Government has provided statements allegedly made by Mrs. Eldridge during depositions conducted by the SEC. The Government also claims to have procured statements from Mrs. Eldridge during a "Florida Sting" conducted by the Government in 2003 and 2004.

B. The defendant is entitled to know in advance of trial whether any alleged statement by the defendant is going to be offered by the Government at the time of trial, and if so, whether any portion of those statements will be admissible.

C. The defendant seeks a hearing in advance of trial as to the admissibility of any alleged statements.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

X. **SUPPRESSION OF TITLE III INTERCEPTS/SEIZED EVIDENCE**

A. Although the Government has not noticed the defendant as to any wiretapped conversations involving the defendant pursuant to Rule 12(d), the defendant is concerned that the Government's intention to use collateral matters, such as the "Florida Sting" where other individuals not disclosed to the defendant may have been taping conversations with the defendant, necessitates the raising of this motion to the court. The defendant requests full disclosure of any wiretapped conversations with any individuals involved in the "Florida Sting". The Government recently advised the Defendant of 404(b) information involving Bevre Hart in which Bevre Hart claims to have been ordered by the highest levels of the Government to target Mrs. Eldridge for investigation. The defendant seeks full disclosure of all orders, applications, search warrants, and the like issued as a result of the targeting of Mrs. Eldridge by Bevre Hart as an agent of the Government.

B. Upon the disclosure of any wiretapping involving these various endeavors, Mrs. Eldridge requests leave to renew her application for suppression of any wiretapped or seized evidence involving the defendant in accordance with 18 U.S.C. § 2518(10)(a) and <u>Franks v. Delaware</u>, 438 U.S. 154, 98 S. Ct. 2674 (1978).

**LAW OFFICE OF**

**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**

**SUITE 711**

**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

XI. **SUPPRESSION OF SEIZED EVIDENCE**

The defendant repeats and realleges the allegations set forth in Point VIII in support of this motion.

XII. **DISCLOSURE OF INFORMANT(S) IDENTITY**

A. Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194 (1963), and the other authorities set forth herein, the defendant moves for an order directing the government to disclose the following documents and information regarding any and all confidential informant(s) including those characterized as "cooperating witnesses."

1. The name and address of the confidential informant;

2. The case number and name of the prosecutions in which the confidential informant utilized in this case has previously been utilized as a confidential informant;

3. The case names and numbers of any trials or evidentiary hearings at which the confidential informant has testified concerning:

   (a.)     his own prior criminal activity;

   (b.)     payments or rewards provided to him by the government;

   (c.)     efforts made to induce others to participate in criminal activity;

   (d.)     or other purported law enforcement-related matters;

4. Any ledger, sheet, or other document which details the sums paid to the confidential informant or his family in this and other cases in which said informant assisted the government, and the purpose of each such payment;

5. Any information, whether or not memorialized in a memorandum, agent's report or other writing, regarding promises of immunity or leniency, preferential treatment or other inducements made to the confidential informant, or to any family member, friend or associate of the informant, in exchange for the informant's cooperation, including, but not limited to:

   (a.)     dismissal or reduction of charges;

   (b.)     assistance in matters of sentencing, deportation, parole or probation;

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

(c.)　　or promises or expectations regarding payments for expenses or

testimony or eligibility for any award or reward;

6.　Information or records concerning notification of potential prosecution,

investigation or deportation made by the government to the informant or any

member of his family;

7.　Any report, document or information which details the criminal activities of the

confidential informant which were undertaken by him with or without the

authority or approval of the government, but for which the government has

elected, formally or informally, not to prosecute;

8.　FBI rap sheet, NCIC printout and any other records available to the government

reflecting the arrest and conviction history of the informant, both within and

without the United States;

9.　Shared Inter-Agency Intelligence Reports referencing activities of the informant;

10.　Instances of the use of informant's photograph in any identification procedure;

11.　Information concerning prior misconduct by the confidential informant in the

performance of his role as an informant, including:

(a.)　　any prior allegation that the informant entrapped another person to

commit an offense or made false statements in connection with a

criminal investigation; and

(b.)　　any prior "blackballing" of the informant by any law enforcement

agency;

12.　Information concerning misconduct by the informant other than in his role as an

informant, including misconduct that reflects on the lack of candor, truthfulness or

law-abiding character of the informant, such as uncharged criminal conduct or

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

-14-

fraud;

13. Driver's license history or evidence that the informant was operating a vehicle in violation of the law while working for the government;

14. Information reflecting the nature and extent of assets obtained by the informant in connection with his illegal activities over the past ten years;

15. Any "personnel files" maintained by the government relating to the confidential informant utilized in this case reflecting on his character for truthfulness and lawfulness; and,

16. Any government agency files or other information revealing matters relevant to the confidential informant's credibility, mental or physical health, or narcotic or alcohol use or other dependency.

B. In <u>Roviaro v. United States</u>, 353 U.S. 53, 65, 77 S. Ct. 623, 630 (1957), the Supreme Court reversed a conviction where the trial court denied defendant's pretrial motion for disclosure of an informant who was "a participant in and a material witness to" the alleged criminal transaction. The <u>Roviaro</u> standard for disclosure of confidential informants who play an active rather than passive role in the investigation is not a "fixed rule;" instead, the district court must take into "consideration [1] the crime charged, [2] the possible defenses, [3] the possible significance of the informer's testimony, and [4] other relevant factors." 353 U.S. at 62, 77 S. Ct. at 629.

C. In <u>Roviaro</u>, the informant "helped to set up the criminal occurrence and had played a prominent part in it[;] [h]is testimony might have disclosed an entrapment." 353 U.S. at 64, 77 S. Ct. at 629. The Supreme Court held that the "desirability of calling [the informant] as a witness, or at least interviewing him in advance of trial, was a matter for the accused rather than the government to decide.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

D. The circumstances of the instant case are striking in their similarity to the facts of Roviaro. The informant here is "the only witness in a position to amplify or contradict the testimony of government witnesses." 353 U.S. at 64, 77 S. Ct. at 630. Consequently, consistent with the dictates of Roviaro, the informant's identity should be revealed.

E. The Eleventh Circuit has held that a defendant is also entitled to disclosure of and access to a confidential informant where "the informant's probable testimony would bear a direct relationship on the defendant's asserted defense." United States v. McDonald, 935 F.2d 1212, 1217 (11 th Cir. 1991).

F. In United States v. Espanosa-Hernandez, 918 F.2d 911, 913-914 (11 th Cir. 1990), the court held that blocking defense access to an informant who was the central figure of the undercover operation would justify the granting of a new trial. In United States v. Ayala, 643 F.2d 244, 247 (5 th Cir. 1981), the Fifth Circuit reversed the defendant's conviction based on the district court's failure to grant a motion to compel disclosure of the identity of an informant. The Ayala court analyzed the Roviaro standard for disclosure, stating: "The informer's level of involvement with the criminal activity is an important consideration . . . . The more active the participation, the greater the need for identification." Id., 643 F.2d at 246.

G. Information regarding the prior utilization of the informant is material and favorable within the terms of Brady v. Maryland, where it reveals the informant's *modus operandi* in setting up criminal transactions and in inducing other persons to participate in criminal activity. Johnson v. Brewer, 521 F.2d 556 (8 th Cir. 1975). Experience has shown that where an informant utilizes undue persuasion in one case to induce an individual to participate in a criminal offense, he is likely to use the same

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

tactic in other cases. <u>United States v. McClure</u>, 546 F.2d 670, 673 (5 th Cir. 1977).  In

<u>McClure</u>, the conviction was reversed due to the trial court's exclusion of "Fed. R.

Evid. 404(b) evidence of a systematic campaign" by the informant to induce other

persons to engage in illegal activity. <u>Id</u>., 546 F.2d at 672.

H.  Evidence of the informant's offering the defendant an inducement to commit the

instant offense is evidence that directly substantiates an entrapment defense.  The

Supreme Court, in <u>Mathews v. United States</u>, 485 U.S. 58, 108 S. Ct. 883 (1988),

reaffirmed the traditional entrapment defense and held that the defendant may proceed

with such a defense exclusively or in the alternative.  Defendant thus requests

evidence, such as evidence of inducements, that would aid in the presentation of the

entrapment defense.  In <u>McClure</u>, the court stated: "[I]n the case before us it was the

defendant who sought to introduce evidence of the informant's scheme.  His right to

present a vigorous defense required the admission of the proffered testimony." <u>Id</u>.,

546 F.2d at 673.

I.  Such evidence is also discoverable, pursuant to <u>Giglio v. United States</u>, 405 U.S. 150,

92 S. Ct. 763 (1972), to aid in the impeachment of a witness.  The prior testimony of

an informant on themes material to his service as an informant should be disclosed

where the defense proposes to examine the informant as to those themes at trial.

<u>Johnson v. Brewer</u>, 521 F.2d at 563.  In <u>United States v. Cohen</u>, 888 F.2d 770,

776-777 (11 th Cir. 1989), the Eleventh Circuit recognized the importance of such

evidence, reversing a conviction where the trial court had excluded evidence offered

under Fed. R. Evid. 404(b) that the primary informant had previously concocted and

managed a fraudulent scheme.

J.  The defendant also seeks a full record of the financial benefits and monies paid to the

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

informant and his family as a result of his cooperation in this case as well as any other

case in which the informant has provided services.  Such detailed information and

records are needed to avoid disputes regarding the nature and extent of payments

made to the informant, and are discoverable pursuant to <u>Giglio v. United States,</u>

<u>supra</u>.

K.  Defendant further seeks information as to threats or promises made to an informant or

his family to motivate his cooperation.  Such <u>Giglio</u> material is discoverable to allow

defense counsel to establish the bias or hostility of the informant in creating the

circumstances of the instant case.  It is proper impeachment to question a cooperating

witness about the dropping of charges against, or other preferential treatment given to,

his or her family. <u>United States v. Nickerson</u>, 669 F.2d 1016 (5 th Cir. 1982).  The

threats/benefits evaluation is not limited to the informant alone. <u>United States v.</u>

<u>Partin</u>, 493 F.2d 750, 757 (5 th Cir. 1974).

L.  Similarly, unconsummated promises of financial or other awards or benefits are

discoverable as to the informant.  Thus, where the informant harbors an expectation

of a future financial award for his services in obtaining a conviction, such evidence is

crucially important to the defense. <u>Williamson v. United States</u>, 311 F.2d 411 (5 th

Cir. 1962) (conviction reversed where informant witness's recovery of an award was

contingent on defendant's conviction).  Furthermore, that the full details of any

government inducements offered to a witness including his/her entire history of

compensation are discoverable and admissible at trial was reiterated by the Eleventh

Circuit in <u>United States v. Williams</u> , 954 F.2d 668, 671 (11 th Cir. 1992).  The court

held that the "jury has a right to know what may be motivating a witness" even if "the

amount [of money] paid an informant is felt by the government to be too prejudicial."

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

Id. at 672.  Defendant seeks disclosure of any promise, formal or informal, that would lead the informant to have an expectation of award in the instant case.

M.  An informant's history of criminal activity and other misconduct is relevant to consideration of his credibility, bias, motive and *modus operandi*.  The issue of who initiated the criminal activity and who misled whom is a primary focus of the defense.

N.  The informant's history and pattern of criminal activity and misconduct serve to illustrate the methods normally employed by the informant to achieve his goals.  Such evidence "might easily extend beyond that of mere impeachment." United States v. Espanola-Hernandez, 918 F.2d 911, 914 (11 th Cir. 1990).  In Espanola-Hernandez, the Eleventh Circuit reversed the district court's failure to grant full discovery as to an undercover agent's misconduct relating to the handling of informants. Cf. Haber v. Wainwright, 756 F.2d 1520 (11 th Cir. 1985) (prior criminal conduct relevant where witness may have been promised immunity).

O.  Along the same line, the courts have held discoverable, and highly relevant, information regarding prior or contemporaneous perjury or bizarre testimony of an informant, and other evidence of the unreliability of an informant witness. Mesarosh v. United States, 352 U.S. 1, 77 St. Ct. 1 (1956).  Where an informant witness's prior presentence investigation report is in the possession of the government, disclosure should be ordered. United States v. Trevino, 556 F.2d 1256, 1271 n.7 (5 th Cir. 1977).

P.  The discovery of assets obtained by the informant through criminal activity is sought as verification of the extent of the informant's prior criminal activity and his motive to protect such assets from forfeiture.  It is further submitted that this informant may have committed perjury in failing to report income from criminal activity in his prior income tax returns.  Such perjury is relevant to consideration of any evidence

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-19-

presented by the informant. <u>United States v. Shearer</u>, 794 F.2d 1545, 1551 (11 th Cir. 1986).

Q.   In <u>United States v. Deutsch</u>, 475 F.2d 55, 58 (5 th Cir. 1973), the court compelled disclosure of a postal employee's personnel file where evidence failed to negate indications that the employee, who had acted in the role of an informant, may have had disciplinary problems.  Similarly, in <u>United States v. Garrett</u>, 542 F.2d 23, 26 (6 th Cir. 1976), the court reversed the defendant's conviction where the district court foreclosed discovery and cross-examination as to an undercover agent's disciplinary records relating to his use of narcotics and failure to submit to urinalysis.  The court noted that such evidence was relevant because the undercover agent "might well have looked upon a successful prosecution of [the defendant] as a means of having his [own] suspension [from duty] lifted." <u>Id</u>.

R.   Information relating to a potential witness's credibility is discoverable and material to the defense. <u>See</u>, <u>United States v. Piccinonna</u>, 885 F.2d 1529 (11 th Cir. 1989). Particularly relevant is evidence that such an individual is undergoing psychiatric treatment (<u>see</u>, <u>United States v. Lindstrom</u>, 698 F.2d 1154 (11 th Cir. 1983)), is otherwise physically or emotionally impaired (<u>see</u>, <u>United States v. Partin</u>, 493 F.2d 750, 762 (5 th Cir. 1974)), or is addicted to or abuses drugs or alcohol. <u>See</u>, <u>United States v. Collins</u>, 472 F.2d 1017 (5 th Cir. 1972); <u>United States v. Fowler</u>, 465 F.2d 664 (D.C. Cir. 1972); <u>United States v. Romano</u>, 482 F.2d 1183 (5 th Cir. 1973).

## XIII. **JENCKS MATERIALS**

A.   Defendant files this Motion for Production of Jencks Material and moves this Court for an order requiring production of Jencks material, and in support thereof would

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

show the Court as follows:

1.  Defendant moves for production of all statements and reports in the possession of the United States which were made by government witnesses or prospective government witnesses and which relate to the subject matter about which those witnesses may testify, as per the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2, Federal Rules of Criminal Procedure.

2.  The term "statements" shall include:

    (a.)   any written statement made by said witness and signed or otherwise adopted or approved by him;

    (b.)   stenographic, mechanical, electronic or other recording, or transcriptions thereof, which are a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; and

    (c.)   a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

3.  The Defendant seeks production of said statements prior to trial for the purposes of judicial economy, to expedite discovery and the trial of this cause, and to avoid potential problems on the issue of whether all material has been tendered pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194 (1963) and its progeny. Although a District Court may not ordinarily compel disclosure of Jencks material prior to the conclusion of a witness's direct examination, early disclosure of Jencks material obviates trial interruptions and permits defense counsel to study the disclosures. <u>See</u> <u>United States v. Campagnuolo</u>, 592 F.2d 852, 858 n.3 (5th Cir. 1979).

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

4. The Jencks Act, 18 U.S.C. § 3500, which provides that no statement made by a government witness shall be discoverable until after the witness testifies, would appear to preclude any pretrial disclosure of <u>Brady</u> material.  <u>Brady</u>, however may "override" the Jencks Act in highly prejudicial circumstances. <u>See</u> <u>United States v. Starusko</u>, 729 F.2d 256, 263 (3d Cir. 1984) ("...compliance with the statutory requirements of Jencks Act does not necessarily satisfy the due process concerns of <u>Brady</u>," <u>citing</u> <u>Campagnuolo</u>, 592 F.2d at 858-60); <u>but</u> <u>see</u> <u>United States v. Hart</u>, 760 F.Supp. 653 (E.D. Mich. 1991).  The rule enunciated in <u>Brady</u> is a constitutionally compelled rule, and Justice Stevens' advice is worth heeding: "Because we are dealing with an inevitably imprecise standard and because the significance of an item of evidence can seldom be predicted accurately until the entire record is complete, the prudent prosecutor will resolve doubtful questions in favor of disclosure." <u>United States v. Agurs</u>, 427 U.S. 97, 108, 96 S.Ct. 2392, 2399 (1976).

5. The defendant requests immediate disclosure of Jencks material, or in the alternative, that the court direct the Government make the necessary disclosure at least sixty days prior to trial.

LAW OFFICE OF

MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET

SUITE 711

ROCHESTER, NY 14614

TEL: (585) 232-2640

## XIV.   RULES 403, 404, 607, 608 & 609

A. The defendant requests immediate disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to F.R.E. 404(b).  The defendant also requests disclosure of all evidence of prior bad acts that the government intends to use for impeachment of the defendant, should she testify at trial, pursuant to F.R.E. 608(b) and 609(a).

B. The Government has sent your deponent notice of its intention to seek the admission

of certain Rule 404(b) evidence.  A copy of the Notice of Appearance for Richard A.

Resnick AUSA and William H Bowne, Esq., dated September 6, 2005 as (Exhibit

"H").  A copy of the August 17, 2006 and October 3, 2006 letters from AUSA Bowne

are attached as (Exhibits "I" and "J"), respectively.

C. The Bevre Hart affidavits are also attached as (Exhibit "K" and "L").

D. Mrs. Eldridge objects to the admission of the proposed evidence and requests a

testimonial hearing well in advance of the trial of this matter to determine issues of

relevance, admissibility and prejudice to the defendant under applicable provisions of

the Federal Rules of Criminal Procedure, including Rule 403.


## XV.    BRADY MATERIAL

The defendant requests immediate production and disclosure of all materials potentially

favorable to her, including but not limited to the following:

A. Evidence which is exculpatory in nature, including but not limited to information,

documents, materials or any other evidence which is even arguably potentially

favorable to the defendant;

B. Evidence which may be used to impeach the credibility of government witnesses,

including but not limited to:

1.  Plea agreements, promises of immunity, leniency, financial assistance or other

forms of assistance to any witness (see United States v. Biaggi, 675 F.Supp. 790,

812 (S.D.N.Y. 1987); United States v. Taylor, 707 F.Supp. 696, 703 (S.D.N.Y.

1989));

2.  .......prior criminal record(s) or other acts of misconduct of any witness (see

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

<u>United States v. Marshak</u>, 364F. Supp. 1005, 1007 (S.D.N.Y. 1973); <u>United States v. DiLorenzo</u>, 1995 W.L. 169003, (S.D.N.Y.));

3.   Evidence tending to show that any government witness has previously committed perjury;

4.   Prior inconsistent statements of any government witness (<u>see</u> <u>United States v. Peters</u>, 732 F.2d 1004 (1st Cir. 1984));

5.   Confidential files of any government informant(s), insofar as said files contain impeachment material;

6.   "Rap" sheets of any government witness, including the criminal records of informant(s);

7.   Prior testimony of any government witness which contains inconsistent statements or evidence of a witness's prior bad acts;

8.   Materials relating to the character of any government witness, including all law enforcement memoranda, reports, documents, etc., critical of the witness or her credibility (<u>see</u> <u>United States v. Brumel-Alvarez</u>, 976 F.2d 1235 (9th Cir. 1992); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331 (9th Cir. 1993));

9.   Evidence that any government witness has a history of drug or alcohol abuse (<u>see</u> <u>Taylor</u>, <u>supra</u>, at 703);

10.   Evidence that any government witness has a history of psychiatric treatment;

11.   Federal, state or local presentence reports done in connection with any governmental witness (<u>see</u> <u>United States v. Moore</u>, 949 F.2d 68, 72 (2d Cir. 1991));

12.   The parole, probation and/or supervised release status of any government witness;

13.   Any promises to a government witness regarding tax or administrative liability, or

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

help in forfeiture proceedings;

14. Money or any other award, including living expenses, medical expenses or transportation expenses, provided to any government witness;

15. Involvement/participation in any witness protection program;

16. Threats or other information provided to any informant(s) or witness(es) regarding the implications of a failure to testify;

17. Reports of threats made against grand jury witnesses;

18. Tax returns of any government witness which indicate that the witness has failed to comply with tax laws (see United States v. Lloyd, 992 F.2d 346 (D.C. Cir. 1993); United States v. Covello, 410 F.2d 536 (2d Cir. 1969));

19. Reports of polygraph tests, including oral as well as written reports of examiners, and all charts examined in connection therewith (see United States v. Greichunous, 572 F.Supp 220 (N.D. Ill. 1983); Bartholomew v. Wood, 34 F.3d 870 (9th Cir. 1994));

20. Evidence that a government witness was the target of any criminal or civil investigation; and

21. "El Rukn"-type benefits, such as free telephone service, contact and conjugal visits, alcohol, clothing, declination of prosecution for drug use, etc.;

22. Cash payments of any kind, receipts of payments to informants or grand jury witnesses, records of payments for temporary housing of informants;

23. "Negative" exculpatory statements, such as statements by informed witnesses that fail to inculpate defendant (see United States v. Furlett, 1991 WL 255512 (N.D. Ill. 1991));

24. All material which tends to impeach any government witness (see United States v.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

Bagley, 473 U.S. 667, 105 S.Ct. 3375 (1995); Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763 (1972)).

C.   The prosecutor has a constitutional obligation to affirmatively gather all Brady material, including impeachment material, from all involved investigating agencies, including the Department of Justice, Department of Defense, Homeland Security, FBI, SEC, FTC, ATF, CIA, IRS, NSA, NSI, Secret Service, Department of Treasury, and all government agencies having contact with Mrs. Eldridge.

> [T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.
>
> Kyles v. Whitley, 514 U.S. 419, 437, 115 S. Ct. 1555, 1567 (1995).

This "duty to learn" includes gathering, and then providing to the defense, all material in the possession of the various law enforcement agencies, which can be used by the defense to discredit, impeach and cross-examines the government's witnesses. See also United States v. Perdomo. 929 F.2d 967 (3d Cir. 1991) (prosecutor must search records for information about witnesses' criminal backgrounds).

D.   Upon information and belief, many, if not all, of the government's witnesses were interviewed by law enforcement agents in connection with this investigation and indictment.  Notes are regularly taken during such de-briefings. Such notes contain fertile grounds for impeachment.  The defendant requires and hereby demands any and all such notes.  If the notes have been reduced to some type of writing or report, as is usual, the defendant requires and demands same.  This information must be provided to the defendant immediately if it is to be of any use to her at trial, since the

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

information must be investigated.

XVI.    **DISCOVERY, DISCLOSURE & INSPECTION**

A. The government has previously provided the undersigned with discovery of certain documents and materials. By letter dated July 19, 2006, your deponent requests particular discovery information. (Exhibit "M").  By cover of letter dated July 25, 2006, the Government objected to the requests generally and failed to particularize its objections except to note that the production of the documents at its office constitutes sufficient voluntary disclosure. (Exhibit "N").  By cover of letter dated October 23, 2006, your deponent had further discovery requests, including requests arising from the recent disclosure of materials related to Bevre Hart, an individual who claims to be acting on the Government's behalf in targeting Mrs. Eldridge, prior to the alleged conspiracy in this case. (Exhibit "O")

B. In addition to requesting production of said voluntary discovery, Mrs. Eldridge requests the resolution of the following matters pursuant to Rule 16:

C. July 19, 2006 Discovery Requests:

1. Items "1" and "3"- records of contacts between Mrs. Eldridge and Lyttle and Knight prior to August 28, 1999; Item "2" requests records of contacts between Mrs. Eldridge and Montana prior to December 2000.  These requests are relevant and material to the defense of this case as it relates to the nature of the alleged relationship between the defendants.

2. Item "4"- records of any contacts between Mrs. Eldridge and clients of the co-defendants prior to funds being transferred from First National Equity ("FNE") or the P.K. Trust.  The defendant contends that she had no contractual or other

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

relationship between the clients of Lyttle or Knight and herself.  Her contractual obligations arose from trust agreements with FNE and the P.K. Trust.  The Goverment alleges that Mrs. Eldridge had contacts with investors.  These records are relevant and material to the defense of this case.

3.   Items #5, #22, #23- records of fees and costs charged by Marvin, DLJ, Banc of America Securities, and First Union related to UTA-BVI accounts; fees and charges by Marvin and DLJ in relation to the Pinnacle Insurance investment; fees and charges of the Government witness, Robinson, in his dealings with the UTA-BVI, including Bridgewater Investment.  UTA-BVI and Mrs. Eldridge relied on the advice and expertise of various individuals, including Robinson and Marvin and their fees and costs associated with these services are relevant and material to the defense of this case.

4.   Items #6, #9, #11- request for any contacts with clients of the co-defendants entities, FNE or the P.K. Trust by Mrs. Eldridge in which clients of the co-defendants were encouraged to keep funds with the co-defendants; records of any efforts by Mrs. Eldridge to direct the co-defendants to approach their respective clients to raise funds for false purposes; records of any requests by Mrs. Eldridge for a minimum investment of $1,000,000 from the clients of the co-defendants.  See Paragraphs "3", "4", and "16" of Indictment.  The requested documents are relevant and material to the defense of the Government's accusations against Mrs. Eldridge.

5.   Item #10-  requests documentation of Mrs. Eldridge offering to the public investment products referred to as "High Yield Investment Program.  The Government claims in Paragraph "3" of the Indictment that: "The defendants

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

_____

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

offered to the public investments in fraudulent high yield investment programs

through First National Equity and P.K Trust." As previously noted, Mrs. Eldridge

is not alleged to own either entity and merely had a trust agreement with these

entities.

6.   Item #12- requests documentation of Mrs. Eldridge solicitation of funds from the

co-defendants to be placed with UTA-BVI. See paragraph s 5(a);6(a) of

Indictment.  These requests are likewise relevant and material to the defense of

this case.

7.   Items #14,16,17-  requests documentation as to the control of UTA BVI, First

Chase Holdings LLC, and First Chase Holdings Inc.  The Government claims that

Mrs. Eldridge had "control" of these entities. See Paragraph 1(c) of Indictment.

8.   Item #18 - requests documentation that Mrs. Eldridge participated in a wire

transfer of $403,762.00 from the UTA-BVI stock brokerage account to an attorney

trust account in Washington as alleged in paragraph "51" of the Indictment.

9.   Item #19 and #20- requests documents related to the "Florida Sting" of Mrs.

Eldridge, including any and all authorizations and instructions to conduct the

sting, wiretap orders, search warrants, supporting affidavits and police reports

related to that investigation.  The defendant has not been charged with a crime

related to the investigation and has only received some tapes relative to the matter.

No police reports or supporting documentation have been provided.  These

records are relevant and material to the defense of this matter, as the Government

intends to offer this evidence under Rule 404(b).

10.  Item #21- requests financial records of the investors alleged to have been

defrauded in this case, including any net worth statements or records establishing

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

their financial circumstances.  This information is relevant and material to the facts and circumstances surrounding their decision to invest with the P.K. Trust or FNE.

D. October 23, 2006 Discovery Requests

1. Item #1-  relates to the Bevre Hart affidavits. (Exhibits "K" and "L").  These affidavits were tendered by the Government as a part of their discovery response.  The defendant requests a copy of all documentation referenced to support Bevre Hart's affidavits.

2. Item #2-  requests a copy of the directive that the U.S. Government issued directing him to investigate Mrs. Eldridge.  Bevre Hart claims that there was a Presidential Directive in 1995 relative to Mrs. Eldridge and "I was assigned to Mrs. Eldridge by the IC in 1997".  This government action would have occurred prior to the alleged conspiracy and is relevant and material as to the defense in this case.

3. Item #4-  related to all records involving the HDL/BCT and Bridgewater Investment Projects which the Government's witness, Robinson was involved in with Marvin of DLJ.  Both Marvin and Robinson advised the defendant and were involved in these investment projects prior to the alleged conspiracy of 1999.  These projects and the actions of Marvin and Robinson in relationship thereto are relevant and material to the defense of Mrs. Eldridge's actions in this case.

4. Item #5- requests records of Robinson's Indictment, Plea Agreement and supporting records.  Although your deponent has received a copy of the felony Information and Plea agreement, the reports, records, and documentations in support of the charge has not been provided.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

5. Item #7- requests a copy of interviews and reports of investors relied upon by Agent Jeffery P. Kassouf in his expert witness report. (Exhibit "P "). Mr. Kassouf's report indicates that "During this investigation multiple interviews were conducted of victims, unindicted co-conspirators, and various associates of the defendants". These reports are relevant and material to this case, and to the findings of Agent Kassouf.

6. Item #8- requests a copy of all Federal Reserve advisories, bulletins, and any other official publications addressing the Medium Term Note markets. Mr. Zawistowski is offered as an expert witness on this subject and cites an article in support of his position.

7. The final request relates to a computerized signature, which upon information and belief, was used by Robinson and others. This computer file is referenced as "VGESIGN 1,2,3". The defendant requests access to the computer and the computer file for inspection and copying.

8. Each of these requests are relevant and material to the defense of this case. Based on the extremely broad scope of this prosecution, each of these requests are necessary for the preparation of a defense.

E. Remaining Discovery Requests

1. Statements:

(a.) Any written, recorded, oral or observed statement of any defendant, or attributed to any defendant (and of all uncharged co-defendants or co-conspirators), including notes, summaries or memoranda concerning such statements;

(b.) Any transcript of testimony relating to this criminal action, given by any

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

defendant, or any agent or employee of any defendant (or by any

uncharged co-defendant or co-conspirator) before any grand jury; and

(c.)    Any hearsay evidence intended by the prosecutor to be introduced at trial.

F.  Evidence to Establish Conspiracy:

Each and every statement of a co-conspirator which will be relied upon at trial by the

Government to demonstrate the requisite existence of the conspiracy charged in Count

One of the indictment [in connection with an offer of otherwise hearsay testimony

under Federal Rule of Evidence 801 (d) (2) (E)].  See Bourjaily v. United States, 483

U.S. 171, 107 S. Ct. 2775 (1987).

G.  Identification:

1.  Any visual or audio identification procedures utilized in this case, specifying the

procedure, the participants and the circumstances; any visual or audible

representation of a person or voice used for identification purposes.

2.  Results of the use of any television or video cameras commonly called a

"Concealed Pole Camera" which are placed on utility poles to covertly observe a

certain public area that were not previously provided.

H.  Law Enforcement Documents:

1.  All FBI and/or police investigative reports, complaints, evidence logs,

interdepartmental memos, or other documents maintained by any national, state or

local police or law enforcement agency relevant to any of the actions or conduct

referred to in the indictment or considered by the Grand Jury in bringing the

within indictment, or which are intended for use at trial or to be relied upon at trial

in the presentation of the case or obtained for use in the examination of any

defendant or witness.  This request includes criminal history information related

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

to any defendant and any potential witness, and any documents concerning any alleged offenses underlying the indictment;

2.   All investigative reports or documents prepared by the United States government or any agencies or persons operating on its behalf relating to the conduct charged in the present indictment or considered by the Grand Jury in bringing the indictment or which are intended for use at trial or to be relied upon at trial in the presentation of the case or obtained for use in the examination of any defendant or witness.  This request includes criminal history information related to any defendant and any potential witness, and any documents concerning any alleged offenses underlying the indictment; and

3.   Any documents concerning the present indictment or the investigation leading to the indictment, prepared or maintained by any state correctional facility or local jail or the State Department of Correctional Services or other similar administrative agency having jurisdiction over places where any of the defendants or alleged conspirators referred to in the indictment have been confined.

I.   Summaries and Logs of Conversations:

All monitoring logs, or summaries, or other documents concerning intercepted conversations or observed conversations that were not previously provided.

J.   Third Party Documents:

1.   Any documents obtained from any banks, financial institutions, or the like relating in any way to the indictment or the investigation which lead up to the indictment;

2.   Any documents obtained from any utility companies, home services providers or the like, relating in any way to the indictment or the investigation which lead up to the indictment;

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

3.  Any documents obtained from any common carriers, whether for packages, information, data, or persons, including telephone records, or the like, relating in any way to the indictment or the investigation which lead up to the indictment; and

4.  Any documents obtained from any vendors, law firms, or any other third parties relating in any way to the indictment or the investigation which lead up to the indictment.

K.  Other documents:

Any other documents in the possession, custody or control, or with which by the exercise of due diligence could come within the control, of the prosecution that were prepared in connection with this case or are intended to be used in the trial of the defendants.

L.  All correspondence, records of meetings, and/or interactions between Antoine Hanna Frangie and the Securities and Exchange Commission, FBI, or any federal government agency , or Bevre Hart or Joseph D'Erasmo in any way involving Mrs. Eldridge.

M.  Tapes, Photographs:

1.  Copies of all video or audio tapes made in connection with the investigation by any agency that were not previously provided;

2.  A precise description of the form and location of the original recordings, and the process by which the current copy was created;

3.  Any photographs made in connection with the case;

4.  Any charts, graphs, maps or drawings related to the investigation and prosecution of this case; and

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

    5. Reports of instances when audio or visual equipment failed to properly work due to conditions beyond the control of the operator(s).

N. Transcripts:

Verbatim transcripts of all conversations relevant to the case that were not previously provided.

O.  Physical evidence:

All physical evidence collected or seized in connection with the case, including copies of all property capable of being photocopied or reproduced.  This request includes any seized correspondence.  The source and date and time of recovery, as well as the authority under which the property was obtained, must also be disclosed.

P. Favorable Information:

    1. All material evidence or information, whether admissible at trial or not, whether regarding facts or occurrences or the absence of facts or occurrences, known to the prosecutor or which could become known upon diligent inquiry to those under the prosecutor's direction or control, which is in any way favorable to any defendant, whether by detracting from the prosecution's case or the credibility of the prosecution's witnesses, or supportive of the positions urged, or likely to be urged, by any defendant at any stage of the proceedings; and

    2. Without limiting the prosecutor's duty to disclose favorable material, the defense suggests that the following, if extant, should be disclosed:

    (a.)    Any record of previous arrests or convictions, or any other evidence, or information demonstrating participation in dangerous, vicious, immoral or criminal behavior on the part of any persons intended to be called as witnesses by the prosecutor.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

(b.)    Any statements known to be false or erroneous or conflicting, made to a

public servant engaged in law enforcement activity, or a grand jury or

court, by persons intended to be called as witnesses.  Any statements,

records or information indicating that any prospective witness has given

contradictory or deceitful information in the course of the investigation of

this case.

3.    Any information indicating that any prospective witness has given information

inconsistent or materially different from information received from other more

reliable sources.

4.    Names and addresses and statements of any persons interviewed by or on behalf

of the government or who are known to have been witnesses to the events

underlying the indictment whom the government does not intend to call as

witnesses.

5.    The existence of any government agents or information or cooperating individuals

in this case, and any representation, offer, agreement or understanding regarding

any past, present, or future benefit to such persons as a result of or in relation to

their cooperation with the prosecutor.

6.    Any information to the effect that the instant prosecution is based on or derived

from evidence acquired as a result of governmental action violative of

Constitutional standards.  This request expressly encompasses any information

which might affect the Court's decision on a suppression issue in a fashion

favorable to any defendant.

7.    Any information or documentation reflecting misidentification or

non-identification (by person, voice, photograph or otherwise) of either defendant

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

as a participant in any of the alleged offenses.

8. Any information or documentation which indicates that defendant did not actually possess the alleged controlled substances or other items.

9. Any other records or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution's evidence or which arguably could lead to such records or information.

Q. Impeaching information:

1. The defense also requests information which could be utilized for the impeachment of prosecution witnesses, including, specifically, the disclosure of any of the following within the possession, custody or control of the prosecution or which, with due diligence could become known to the prosecution:

(a.) Any records or information revealing prior convictions or juvenile adjudications attributed to each witness to be called by the government, including but not limited to relevant "rap sheets." Any records, including police personnel records, or information revealing prior misconduct or bad, vicious or immoral acts on the part of any witness.

(b.) Any consideration or promise of consideration or expectation of consideration which obtains with respect to any witness intended to be called by the prosecution, including, but not limited to leniency, favorable treatment, assistance with respect to any pending legal proceeding, claim for reward or fees, including witness fees or special provisions for protection, food, clothing, shelter, transportation, or other benefits, or anything else which arguably could reveal an interest, motive, or bias of

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

the witness in favor of the prosecution or against the defense or act as an inducement to testify or to color testimony.

(c.)   Any threats, express or implied, direct or indirect, or other coercive measures directed against any witness, such as threats of criminal prosecution or investigation or potential prosecution, any probationary, parole, deferred prosecution or custodial status of the witness or any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the prosecution or over which the prosecution has a real, apparent, or perceived influence.

(d.)   Any information as to any prospective prosecution witness having a history of mental or emotional disturbance.

(e.)   The existence and identification of each occasion on which any witness has testified before any court, grand jury, or other tribunal or body in relation to the defendant, the investigation, or the facts of this case.

(f.)   The existence and identification of each occasion on which each witness who was or is an informer, accomplice and/or co-conspirator has testified before any court, grand jury, or other tribunal or body.

(g.)   Whether any witness has commenced or contemplates commencement of a civil action against the accused; and

(h.)   Any instances where potential witnesses were the subject of searches or were arrested, then released and not charged with any crime(s).

(i.)   The same information requested in paragraphs "(a)" through "(h)" above is also requested with respect to each non-witness declarant whose statements may be offered in evidence.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

R.  Alleged Prior Misconduct:

Any alleged criminal or immoral conduct on the part of any defendant intended to be used against any defendant on the government's direct or rebuttal case, or in the examination of any defendant who might testify at trial.

S.  Expert Testimony:

Pursuant to F.R.Cr.P. 16(a)(1)(E), a written summary of expert testimony that the government intends to use in its direct case; said expert's qualifications; and, the basis of the expert's opinion, whether or not the expert files a report.

XVII.  **BILL OF PARTICULARS RULE 7(F)**

A.  Pursuant to Rule 7 (f); the 6th Amendment to the United States Constitution; U.S. v. Bortnovsky, 820 F.2d 572 (2nd Cir. 1987); U.S. v. Santoro, 647 F. Supp. 153 (E.D.N.Y. 1986) and U.S. v. Ramirez, 602 F. Supp. 783 (S.D.N.Y. 1985) the defendant requests the following

1.  As to each count of the Indictment, state the location at which each of the specific acts alleged in the Indictment occurred.

2.  As to each count of the Indictment, state the location within the Western District of New York where specific act(s) alleged in the Indictment occurred.

3.  State the place, including street address, where the conspiracy was initially formed, and the place or places, including street addresses, where each defendant and each co-conspirator presently known to the Government joined in this alleged conspiracy.

4.  State the date or dates and the time or times when Mrs. Eldridge joined or entered into the alleged conspiracy.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

5.  State the period or periods of time during which each defendant and each co-conspirator presently known to the Government remained in the alleged conspiracy.

6.  State the circumstances under which and the words or conduct by means of which, each defendant and each co-conspirator presently known to the Government entered into the alleged conspiracy.

7.  State the objectives of the alleged conspiracy.

8.  State which of the objectives of the alleged conspiracy that Mrs. Eldridge is alleged to have conspired to achieve and what Mrs. Eldridge agreed to do in furtherance of the conspiracy.

9.  State specifically the words and conduct of Mrs. Eldridge that the Government claims constitutes overt acts of Mrs. Eldridge in furtherance of the alleged conspiracy.

10. With respect to each defendant and co-conspirator presently known to the Government, set forth any additional overt acts committed in furtherance of the alleged conspiracy that which could have been, but were not included in the Indictment and concerning which the Government intends to present evidence at the trial, and with respect to each such overt act, state:

   (a.)  Which defendant committed the act(s);

   (b.)  Which defendants were present at the time of the commission of each act.

   (c.)  What objective of the conspiracy the act was committed in furtherance thereof.

11. State the name(s) and addresses of all co-conspirators whose names are presently known to the Government but are not named in the Indictment..." Under the

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

reasoning in U.S. vs. Davidoff, 845 F2d 1151 (2nd Cir. 1988), and U.S. vs. Bortnovsky, 820 F2d 572 (2nd Cir. 1987), the preparation of an adequate defense mandates disclosure of the nature of the charged conspiracy.  Vague, amorphous references to persons "known and unknown" are impossible to defend against.

12. State the names and addresses of all other persons who in any way participated in the alleged conspiracy or in any of the overt acts committed in furtherance thereof, and all other persons present at the time or times any of the defendants or co-conspirators joined or entered the alleged conspiracy or committed any of the overt acts in furtherance thereof.

13. State whether any individual, defendant, or co-conspirator was acting on behalf of the United States Government at any time prior to or during the period of the alleged conspiracy and if so, identify the name of each individual.

14. State whether any defendant or coconspirator has furnished information to law enforcement authorities with respect to the alleged conspiracy or any over acts committed in furtherance thereof, and if so, the name of each individual providing such information.

15. State the dates of any contacts or communications between Mrs. Eldridge and Lyttle or Knight prior to August 28, 1999.

16. State the dates of any contacts or communications between Mrs. Eldridge and Montana prior to December 2000.

17. State the date(s) when Mrs. Eldridge allegedly decided with the co-defendants to obtain money and property under false pretenses.

18. State the date(s) when Mrs. Eldridge directed any of the co-defendants to approach their respective clients to use their funds for false pretenses.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

19. State when Mrs. Eldridge participated in offering to the public investments with FNE or P.K. Trust.

20. The principles governing requests for a bill of particulars are well settled.  A bill is appropriate to permit a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense."  United States v. Bortnovsky 820 F.2d 572, 574 (2nd Cir. 1987)

21. This motion is made on the grounds that the above-information is available to the Government, is necessary to enable Mrs. Eldridge to adequately prepare for trial, and to avoid surprise at trial associated with the voluminous records relied upon by the Government, and upon the failure of the Government to respond to outstanding discovery requests and to particularize its claims.

XVIII.  **ISSUANCE OF SUBPOENA/SUBPOENA DUCES TECUM**

A.  The Government has refused to respond to the defendant's outstanding discovery demands as noted in Part XV, entitled Discovery and Inspection.

B.  Due to the defendant's indigency, the defendant requests leave of the court to have subpoenas/subpoena duces tecums issued to address the outstanding discovery requests which are not responded to by the Government and for the Government to pay all costs of service of subpoenas, including marshal and witness fees.

C.  These outstanding records include the outstanding records of compensation, commissions and the like charged by Robinson, Marvin, DLJ, Bank of America and First Union.  The records of commissions and compensation involving UTA

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

transactions with Pinnacle Insurance, Bridgewater Investments, First Chase Holdings, Inc. and HDL/BCT investments are also relevant and material to the defense of this case.

D.   The defendant also requests leave to take the deposition of any witness for the defense who is not able to appear at the time of trial.


XIX.   **FURTHER RELIEF**

In addition to the relief requested above, the defendant respectfully requests such other and further relief as the Court deems just and proper.

Dated: February 20,2007
      Rochester, New York       Respectfully submitted,

                                  /s/ Maurice Verrillo

                                  MAURICE J. VERRILLO, ESQ.
                                  Attorney for Violet Gail Eldridge, Defendant
                                  1 East Main Street, Suite 711
                                  Rochester, New York 14614
                                    (585) 232-2640

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.


ONE EAST MAIN STREET
SUITE  711
ROCHESTER, NY 14614

TEL: (585) 232-2640