### ADDENDUM TO TRUST AGREEMENT

This agreement is an addendum to the Trust Management Agreement entered into by P.K. Trust & Holdings, as Grantor/Beneficiary and UTA BVI, LTD as Trustee, dated August 29, 1999. This addendum to that Agreement supercedes any and all prior Agreements or Memorandums of Understanding in any areas where it is inconsistent with the terms of those prior arrangements.

WHEREAS, the history of the funds as deposited into the Trust Estate has not proven to be as initially presented, by no fault of any parties to the Trust Agreement and

WHEREAS, because of this set of circumstances, Trustee has been unable to perform the type of investments initially anticipated;

NOW THEREFORE, the parties acknowledge the adequacy of the mutual consideration and agree to the following terms and conditions:

1. All principal deposited into the Trust Estate will be returned by Trustee as instructed by the Grantor/Beneficiary unless notification is received by Trustee that any third party has a claim of ownership of funds which is inconsistent with the representations made by Grantor/Beneficiary or any party having transferred funds directly into the Trust Estate. The funds in question will be held by Trustee until such time as the valid ownership of the funds is established to the satisfaction of Trustee or agreed upon by all involved parties. Trustee requires that all funds be fully documented under penalty of perjury as to their true origin prior to any distribution. Funds will be disbursed to the true owners per such documentation.

2. All costs from prematurely cashing treasury instruments and any other expenses incurred will be absorbed by Trustee and offset against any earnings. Any earnings from principal remaining after expenses and costs are paid will be retained by Trustee as Trustee fees. Because no earnings will be distributed to the Trust, there will be no taxable income to be reported or passed through from the grantor trust to the Grantor/Beneficiary.

This is agreed by the undersigned, effective if signed in counterpart, as of this 21 day of June, 2000.

Grantor/Beneficiary                Trustee
P.K. Trust and Holdings, Inc.      UTA BVI, LTD

_/s/ Paul E. Knight_              _/s/ Gail Eldridge_
By: Paul Knight                   By: Gail Eldridge, Director

PK 02428

Confidential Treatment
Requested By Kirkpatrick &
Lockhart LLP

---

### ARTICLE IV
### INCOME AND PRINCIPAL DISPOSITION

All of the Trust Estate shall be held and administered by the Trustee in accordance with the following terms and conditions:

A. **Accumulation of Income.** The Trustee shall accumulate all of the net income of this Trust to be held and distributed as hereinafter provided

B. **Distribution of Income and Principal Beneficiary.** The Trustee may distribute to or for the benefit of Beneficiaries, FIRST NATIONAL EQUITY, L.L.C., so much of the principal or income as the Beneficiaries instruct in writing and deliver to Trustee either original writing or via facsimile transmission, even to the point of exhausting same. Distributions shall first be of income and then principal. Income not expended at the end of a Calendar year will become principal. For tax purposes, the Trust will be on a Calendar year basis.

C. **Distribution Upon Death of Beneficiaries.** Upon the death of a Beneficiary before this Trust has been distributed absolutely to all the beneficiaries, the then remaining principal and any accumulated income of such Trust shall be distributed absolutely to their then living issue in equal shares, per stirpes or in accordance with Paragraph B. In the event there are no such issue then living, the then remaining principal and accumulated income shall remain in the Trust and divided equally among FIRST NATIONAL EQUITY, L.L.C. and Assigns the Grantor's remaining living issue, per stirpes. In the event all the Grantor's issue had died, without issue, then the principal and any accumulated income shall be distributed to the Grantor's heir-at-law according to the intestacy laws of the United States of America, New York, New York)

### ARTICLE V
### GENERAL PROVISIONS

The provisions of this Article shall apply to any and all Trustee established hereunder, unless herein provided otherwise.

A. **Payment to or for Incompetents or Minors.** The Trustee may make distributions for the benefit of any adult beneficiary hereunder directly to that beneficiary or to his or her legal guardian if he or she should be incompetent, or in direct payment of his or her expenses of the types that the Trustee is authorized hereby to meet. The Trustee may make payments for the benefit of any minor beneficiary to his or her natural guardian or to any other person having care or custody of such minor or indirect payment of his or her expenses of the types the Trustee is authorized to meet. The Trustee shall not be obligated to see to the application of funds so disbursed, and the receipt of the payee shall fully protect the Trustee if the Trustee exercises due care in selecting the person paid.

B. **Notice of Trustee of Status of Beneficiaries.** Until the Trustee shall receive written notice of any birth, marriage, death or other event upon which the right to distribution of the income or principal of any Trust may depend, the Trustee shall incur no liability for distributions made in good faith to persons whose interests may have been affected by that event.

2

UTA 00004

---

### TRUST MANAGEMENT AGREEMENT

THIS TRUST MANAGEMENT AGREEMENT is made this 29th day of August, 1999, by and between FIRST NATIONAL EQUITY, L.L.C., (hereinafter referred to as the "Grantors"), and UTA BVI, LTD (BTO), as Trustee, (hereinafter collectively referred to as the "Trustee").

WHEREAS the Grantor being resident and domiciled in the country stated as United States of America hereto wishes to establish Trust(s) in accordance with the provisions hereinafter contained and for that purpose has transferred or delivered to the Trustee or otherwise placed under its control the property referred to as "Trust Property" below.

NOW THIS DEED WITNESSETH as follows:

### ARTICLE I
### TRUST PROPERTY

The Grantors hereby transfers and delivers to the Trustee property and assets listed in Schedule "A" attached hereto, to have and to hold the same and any cash, securities, or other real and personal property which the Trustee may pursuant to any of the provisions hereof at any time hereafter, hold or acquire, all of such property being hereinafter referred to as the Trust Estate, for the uses and purposes and upon the terms and conditions herein set forth.

### ARTICLE II
### ADDITIONAL PROPERTY

The Grantors, or any other person, with the consent of the Trustee, may add other property to any Trust hereby created, by transferring such property to the Trustee hereunder by deed, assignment or other instruments of transfer or bequest or devise, and if so added, such property shall be covered by the provisions hereof, the same as if originally included hereunder.

### ARTICLE III
### IRREVOCABILITY

Any Trust hereby created shall be irrevocable, and the Grantors expressly waives all rights and powers whether alone or in conjunction with others, and regardless of when or from what source he may heretofore or hereafter have acquired such rights or powers, to alter, amend, revoke or terminate the Trust or any of the terms of this Trust Agreement in whole or in part. By this instrument, the Grantors relinquished absolutely all their possession of or right to the principal and income from the Trust Estate, except as otherwise specified in this Trust, and all their right and powers, whether alone or in conjunction with others, to designate the persons who shall possess or enjoy the Trust Estate or the income here from.

1

UTA 00003                75

---

C. **Restraint on Alienation.** No income or principal payable to or held for any beneficiary shall, while in the possession of the Trustee, be alienated, disposed of, or encumbered in any manner other than by Trustee action authorized hereby. Throughout the duration of each trust, no beneficiary thereof shall have the power voluntarily to sell, alienate, convey, assign, transfer, mortgage, pledge, or otherwise dispose of or encumber any principal or income there of or any interest whatsoever therein until physical distribution or payment is made to him or her, and no interest of any beneficiary in or claim to any Trust assets of benefits shall be subject to the claims of any of his or her or Grantor's creditors or to judgment, levy, execution, sequestration, garnishment, attachment, bankruptcy or other insolvency proceedings, or any other legal or equitable process. Nothing in this paragraph shall interfere with the exercise of any right or power reserved to the Grantors or expressly given herein to the Trustee or any beneficiary

D. **Reliance by Third Parties.** No grantee, purchaser, or other person dealing with the Trustee while the Trustee is purporting to act in such capacity under any power or authority granted the Trustee herein need inquire into the initial existence of facts upon which the purported power or authority depends or into the continued existence of the power, the expediency of the transaction, or the proper application of the proceeds or other consideration.

E. **Rule Against Perpetuities.** Each Trust created hereunder shall in any event terminate twenty-one (21) years after the death of the last survivor of such of the beneficiaries of such Trust as were living upon the date of the creation of that Trust and thereupon the property held in that Trust shall be distributed, discharged of Trust, to the beneficiary or beneficiaries thereof.

F. **Situs of Trust.** This Trust Agreement has been accepted by the Trustee in the United States of America, New York, New York, and it shall be construed and regulated and all rights under it shall be governed by the laws of the State of New York.

G. **Frequency of Distribution of Income.** Unless otherwise specifically indicated under the terms of this Trust, any distribution of income required to be made under any Trust created herein shall be made at times fixed by the Trustee, or as directed by FIRST NATIONAL EQUITY, L.L.C.

### ARTICLE VI
### POWERS OF TRUSTEE

In administering all Trusts established hereunder, the Trustee shall have the express powers enumerated herein, together with all other powers conferred by law upon Trustees generally, and may exercise that at any time and from time to time in any valid manner with or without Court Order, limited as follows: Any action by the Trustee shall require unanimous affirmative vote of all co-trustees to be binding and effective. Other powers of the Trustee include:

A. **Retain Trust Estate.** To retain, without liability for loss or depreciation resulting from such retention, the original assets and all other property hereafter transferred, devised or bequeathed to the Trustee, for such time as the Trustee shall deem advisable such property may not be of the character prescribed by law or by the terms of this instrument for the investment of Trust assets although it represents a large percentage of all the Trust Estate; said original property may accordingly be held as a permanent investment.

3

Exhibit C                        UTA 00005

B. **Hold Uninvested Cash and Unproductive Property.** For any periods deemed advisable, to hold cash, uninvested, even though the total amount so held is disproportionate under trust investment law or would not be permitted without this provision, and to retain or acquire and hold unproductive realty or personal property.

C. **Invest and Acquire.** To invest and reinvest Trust assets in any type of property or security without regard to the proportion that investments of the type may bear to the entire Trust Estate, without limitation to the classes of trust investments authorized by law, and without regard to the possibility that the investments may be in new issues or in new or foreign enterprises. The property acquired may be realty or personal property and may include vehicles, boats, life insurance, bonds, debentures, leaseholds, options, easements, mortgages, notes, mutual funds, investment trusts, common trust funds, voting trust certificates, and any class of stock or rights to subscribe for stock, regardless of whether the yield rate is high or low or whether or not the new asset produces any income at all. It is intended that the Trustee shall have the authority to act in any manner deemed in the best interest of the Trust involved, regarding it as a whole, even though certain investments considered alone might not otherwise be proper.

D. **Exercise Options and Conversion Privileges.** To exercise any options, rights, and conversion privileges pertaining to any securities held by the Trustee as Trust assets.

E. **Receive Additional Property.** To receive additional property from any source, including the Executors of Grantor's estate and the Trustee or beneficiary of any other Trust, by whomsoever created, and to hold and administer this property as part of the Trust Estate.

F. **Sell and Lease.** To sell, convey, grant options to purchase, lease, assign, transfer, exchange, or otherwise dispose of any Trust asset on any terms deemed advisable, to execute and deliver deeds, titles to vehicles or boats, leases, bills of sale, assignments, open bank accounts, and other instruments of whatever character, and to take or cause to be taken all action deemed necessary or proper in connection therewith.

G. **Insure.** To carry any insurance deemed advisable with any insurer against any hazards, including public liability, and to use insurance proceeds to repair or replace the asset insured.

H. **Lend.** On any terms deemed advisable, to lend Trust funds to any borrower, including the Executors of Grantor's estate and the Trustee or beneficiary of any Trust, by whosoever created, and to change the terms of these loans. This authorization includes the power to extend them beyond maturity with or without proof of the existence or value of any security therefore, to facilitate payment thereof, to change the interest rate thereof, and to consent to the modification of any guarantee relating thereto.

I. **Borrow.** To borrow whatever money the Trustee deems desirable for any Trust on any terms from any lender, including the Trustee and the Executors of Grantor's estate, and the Trustee or beneficiary of any other Trust, by whomsoever created, and to mortgage, pledge or otherwise encumber as security any assets of the borrowing Trust.

J. **Term of Duration of Obligation.** Incident to exercise of any power, to initiate or change the terms

4

UTA 00006

---

of collection or of payment of any debt, security, or other obligation of or due to the Trust Estate, upon any terms and for any period, including a period beyond the duration or the termination of any or all Trusts.

K. **Compromise or Abandonment of Claims.** Upon whatever terms the Trustee deems advisable, to compromise, adjust, arbitrate, sue on, defend or otherwise deal with any claims, including tax claims, against or in favor of any Trust; abandon any asset the Trustee deems of no value to warrant keeping or protecting; to refrain from paying taxes, assessments, or rents, and from repairing or maintaining any asset; and to permit any asset to be lost by tax sale or other proceeding.

L. **Distribution in Cash or in Kind.** To distribute any shares in cash or in kind, or partly in each, and the Trustee's valuations of assets upon making distribution shall, if made in good faith, be final and binding on all beneficiaries.

M. **Use of Nominee.** To hold any or all of the Trust assets, real or personal, in the Trustee's own name, or in the name of any corporation, partnership, or other person as the Trustee's nominee for holding the assets, with or without disclosing the fiduciary relationship.

N. **Bid In or Take Over Without Foreclosure.** To foreclose any mortgage, to bid in the mortgaged property at the foreclosure sale or acquire it from the mortgagor without foreclosure, and to retain it or dispose of it upon any terms deemed advisable.

O. **Pay Off Encumbrances.** To pay off any encumbrances on any Trust asset and to invest additional amounts to preserve it or to increase its productivity.

P. **Vote Stock.** To vote stock for any purpose in person or by proxy, to enter into a voting trust, and to participate in corporate activities related to any Trust hereunder in any capacity permitted by law, including service as officer or director.

Q. **Participate in Reorganization.** To unite with other owners of property similar to any held in Trust in carrying out any plan for the consolidation, merger, dissolution, liquidation, foreclosure, lease, sale, incorporation, re-incorporation, reorganization or readjustment of the capital or financial structure of any association or corporation in which any Trust has a financial interest; to serve as a member of any protective committee; to deposit trust securities in accordance with any plan agreed upon; to pay any assessments, expenses, or other sums deemed expedient for the protection of furtherance of the interests of the beneficiaries hereunder; and to receive and retain as Trust investments any new securities issued pursuant to the plan, even though these securities would not constitute authorized Trust investments without this provision.

R. **Purchase Property From Estate.** To purchase property, real or personal, from the Grantor's or a beneficiary's estate upon such terms and condition as to price and terms of payment as the Trustee and the respective executors shall agree upon, to hold the property so purchased in Trust although it may not qualify as an authorized trust investment except for this provision, and to dispose of such property as and when the Trustee shall deem advisable.

5

UTA 00007

---

S. **Employment of Assistants and Agents.** To any extent reasonably necessary, to employ attorneys-at-law, accountants, tax specialists, brokers, investment counselors, realtors, managers for business, farms, ranches, groves and forests, technical consultants, attorney-in-fact, agents, and any other proper administration of the Trust Estate.

T. **Establishment and Maintenance of Reserves.** Out of the rents, profits, or other gross income received, to set aside and maintain reserves to the extent deemed advisable to meet present or future expenses, including taxes, assessments, insurance premiums, debt, amortization, repairs, improvements, depreciation, obsolescent, general maintenance, and reasonable compensation for services, including services of professional and other employees authorized hereby, as well as to provide for effects of fluctuations in gross income and to equal or apportion payments for the benefit of beneficiaries entitled to receive income.

U. **Manage Realty.** To deal with realty in any manner lawful to an owner thereof. This authority includes the right to manage, protect, and improve it, to raze, alter and repair improvements, to sell or contract to sell it in whole or in part to partition it, to grant options to purchase it, to donate it, to convey it, to acquire it, release it, to grant easements or other rights relating to it, to dedicate parks and thoroughfares, to subdivide it, to vacate any subdivision or any part thereof and to renew, extend, contract for, and grant options in connection with leases. Leases, contracts to sell, mortgages and any contract entered into by the Trustee can be made in any terms and for any period, including a period beyond the duration or termination of any or all Trusts.

V. **Carrying Several Trusts as One Estate.** To the extent that division of the Trust Estate is directed hereby, to administer the Trust Estate physically undivided until actual division thereof becomes necessary to make distributions; to hold, manage, invest and account for whole or fractional Trust shares as a single estate, making the division thereof by appropriate entries in the books of account only, and to allocate to each whole or fractional Trust share its proportionate part of all receipts and expended; provided, however, this carrying of several Trusts as a single estate shall not defer the vesting in possession of any whole or fractional share of a Trust for the beneficiaries thereof at the times specified herein.

W. **Carry on Business.** With respect to any business that may be or become a part of the Trust Estate whether organized as a sole proprietorship, partnership or corporation, upon such terms, for such time, and in such manner as the Trustee deems advisable:

1. To hold, retain and continue to operate such business solely at the risk of the Trust Estate and without liability on the Trustee's part for any losses resulting therefrom;

2. To incorporate, dissolve, liquidate, or sell such business at such time and upon such terms as the Trustee deems advisable;

3. To borrow money for business purposes and to mortgage, pledge or otherwise encumber the assets of the Trust Estate to secure the loan;

6

UTA 00008

---

4. To exercise with respect to the retention, continuation, and disposition of such business all the rights and powers of which the Grantors would have been capable, including all powers as may now or hereafter be conferred upon the Trustee by law or as may be necessary to enable the Trustee to administer the Trust Estate in accordance with the provision of this Agreement, subject to any limitations thereof that may be provided for herein.

X. **Allocation to Principal and Income.** All receipts of money or property paid or delivered to the Trustee and all expenses shall be allocated to principal and income in accordance with the laws of the State of New York.

### ARTICLE VII
### PROVISIONS RELATIVE TO INSURANCE POLICIES

### ARTICLE VIII
### TRUSTEE

A. **Waiver of Bond.** No individual Trustee or successor Trustee appointed hereunder shall be required to furnish any bonds or other security in any jurisdiction for the faithful performance of their duties as such, the same being expressly waived hereby.

B. **Appointment of Trustee.** The Grantors appoint as Trustee of the Trusts created hereunder: UTA, BVI, Ltd. (BTO). Should a vacancy occur, the remaining Trustees will appoint successor Trustees.

C. **Successor Trustee.** Each successor Trustee, including any successor to the corporate Trustee by consolidation, merger, transfer of trust business or otherwise, shall have, exercise and enjoy all of the rights, privileges and power, both discretionary and ministerial, as are herein given to the original Trustee and shall incur all of the duties and obligations imposed upon the said original Trustee.

D. **Compensation to Trustee.** The Trustee shall be entitled to compensation for services rendered hereunder as follows: See Exhibits Attached, of Trust Property per year, plus a 0.50 % participation in profits generated from Trust Property.

IN WITNESS WHEREOF, the foregoing Trust Agreement, is executed on the date first written.

Signed, Sealed and Delivered in the Presence of :

Mrs. Gail Eldridge, Director                     Mr. Melvin R. Lyttle, Chief Executive Officer
TRUSTEE ; UTA, BVI, LTD (BTO) ;                  GRANTOR ; FIRST NATIONAL EQUITY, LTD.

STATE OF NEW YORK
COUNTY OF MANHATTAN

EXHIBIT C2

7

UTA 00009