# EXHIBIT

# 4

# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena

### False Statements and Documents

Section 1001 of Title 18 of the United States Code provides as follows:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.

### Testimony

If your testimony is taken, you should be aware of the following:

1. *Record.* Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel.* You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony whenever during your testimony you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned to afford you the opportunity to arrange to do so.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability.* Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

> A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury.* Section 1621 of Title 18 of the United States Code provides as follows:

> Whoever . . . having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly .... willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true... is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years or both . . . .

SEC 1662 (7-98)

5. *Fifth Amendment and Voluntary Testimony.* Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

SEC 1662 (7-98)

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you or subject you to fine, penalty or forfeiture.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6. *Formal Order Availability.* If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

## Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

> Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director, Regional Director, or District Administrator with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

## Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self-addressed envelope.

### Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.* The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

### Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, if the subpoena was issued pursuant to the Securities Exchange Act of 1934, the Investment Company Act of 1940, and/or the Investment Advisers Act of 1940, and if you, without just cause, fail or refuse to attend and testify, or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena, you may be found guilty of a misdemeanor and fined not more than $1,000 or imprisoned for a term of not more than one year, or both.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

### Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

### Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To coordinate law enforcement activities between the SEC and other federal, state, local or foreign law enforcement agencies, securities self-regulatory organizations, and foreign securities authorities.

2. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

3. Where there is an indication of a violation or potential violation of law, whether civil, criminal or regulatory in nature, and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto, the relevant records in the system of records may be referred to the appropriate agency, whether federal, state, or local, a foreign governmental authority or foreign securities authority, or a securities self-regulatory organization charged with the responsibility of investigating or prosecuting such violation or charged with enforcing or implementing the statute or rule, regulation or order issued pursuant thereto.

4. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

5. To a federal, state, local or foreign governmental authority or foreign securities authority maintaining civil, criminal or other relevant enforcement information or other pertinent information, such as current licenses, if necessary to obtain information relevant to an agency decision concerning the hiring or retention of an employee, the issuance of a security clearance, the letting of a contract, or the issuance of a license, grant or other benefit.

6. To a federal, state, local or foreign governmental authority or foreign securities authority, in response to its request, in connection with the hiring or retention of an employee, the issuance of a security clearance, the reporting of an investigation of an employee, the letting of a contract, or the issuance of a license, grant or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

7. In connection with proceedings by the Commission pursuant to Rule 2(e) of its Rules of Practice, 17 CFR 201.2(e).

8. When considered appropriate, records in this system may be disclosed to a bar association, the American Institute of Certified Public Accountants, a state accountancy board or other federal, state, local or foreign licensing or oversight authority, foreign securities authority, or professional association or self-regulatory authority performing similar functions, for possible disciplinary or other action.

9. In connection with investigations or disciplinary proceedings by a state securities regulatory authority, a foreign securities authority, or by a self-regulatory organization involving one or more of its members.

10. As a data source for management information for production of summary descriptive statistics and analytical studies in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies, and to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act or to locate specific individuals for personnel research or other personnel management functions.

11. In connection with their regulatory and enforcement responsibilities mandated by the federal securities laws (as defined in Section 21(g) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(g)), or state or foreign laws regulating securities or other related matters, records may be disclosed to national securities associations that are registered with the Commission, the Municipal Securities Rulemaking Board, the Securities Investor Protection Corporation, the federal banking authorities, including but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation, state securities regulatory or law enforcement agencies or organizations, or regulatory law enforcement agencies of a foreign government, or foreign securities authority.

12. To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in Section 21(g) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(g)) or the Commission's Rules of Practice, 17 CFR 202.1 *et seq.*, or otherwise, where such trustee, receiver, master, special counsel or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice.

13. To any persons during the course of any inquiry or investigation conducted by the Commission's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

14. To any person with whom the Commission contracts to reproduce, by typing, photocopy or other means, any record within this system for use by the Commission and its staff in connection with their official duties or to any person who is utilized by the Commission to perform clerical or stenographic functions relating to the official business of the Commission.

15. Inclusion in reports published by the Commission pursuant to authority granted in the federal securities laws (as defined in Section 21(g) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(g)).

16. To members of advisory committees that are created by the Commission or by the Congress to render advice and recommendations to the Commission or to the Congress, to be used solely in connection with their official designated functions.

17. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 *et seq.*, and who assists in the investigation by the Commission of possible violations of federal securities laws (as defined in Section 21(g) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(g)), in the preparation or conduct of enforcement actions brought by the

Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

18. Disclosure may be made to a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

19. To respond to inquiries from Members of Congress, the press and the public which relate to specific matters that the Commission has investigated and to matters under the Commission's jurisdiction.

20. To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78u(a), as amended.

21. To respond to subpoenas in any litigation or other proceeding.

22. To a trustee in bankruptcy.

*Small Business Owners:* The SEC always welcomes comments on how it can better assist small businesses. If you have comments about the SEC's enforcement of the securities laws, please contact the Office of Chief Counsel in the SEC's Division of Enforcement at 202-942-4530 or the SEC's Small Business Ombudsman at 202-942-2950. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.