UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      -vs-

VIOLETTE GAIL ELDRIDGE                    NOTICE OF MOTION
a/k/a GAIL VIOLETTE ELDRIDGE            #05-CR-6116-CJS
MELVIN RAY LYTTLE,
PAUL E. KNIGHT, and JOHN
L. MONTANA, JR.,

                Defendants.
_____

PLEASE TAKE NOTICE, that upon the affidavit of Maurice J. Verrillo, Esq., attorney for Violette Gail Eldridge, hereinafter referred to as "Mrs. Eldridge", and upon all the prior papers and proceedings had herein, the defendant will move this Court before the Hon. Charles J. Siragusa, at the United States Courthouse for the Western District of New York located at 100 State Street, Rochester, New York on October 15, 2007 at 9:30 a.m. or as soon thereafter as counsel can be heard for an order severing the defendant, Mrs. Eldridge from the trial presently set before this Court on October 15, 2007, deferring and postponing the scheduling of a trial date for Mrs. Eldridge until such time as the Indictment filed in the United States District Court of the Southern District of Florida is tried, precluding the Government from cross-examining the Defendant or her attorney, Katherine Crase, related to the events alleged in the Indictment in Southern Florida, dismissing the conspiracy charges set forth in the Indictment with prejudice along with such other and further relief as may be just and proper.

Dated: October 1, 2007                  Yours etc.,

                                            /s/ Maurice Verrillo
                                            LAW OFFICES OF MAURICE J. VERRILLO, P.C.
                                            Attorney for the Defendant
                                            One E. Main Street, Suite 711
                                            Rochester, New York 14614
                                            (585) 232-2640

TO: Clerk, United States District Court      James Vacca, Esq.
     William Bowne, AUSA                   Christopher Ciaccio, Esq.
     Mark Hosken, Esq.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,
-vs-
VIOLETTE GAIL ELDRIDGE                  ATTORNEY AFFIDAVIT
a/k/a GAIL VIOLETTE ELDRIDGE            #05-CR-6116-CJS
MELVIN RAY LYTTLE,
PAUL E. KNIGHT, and
JOHN L. MONTANA, JR.,
                            <u>Defendants.</u>

MAURICE J. VERRILLO, ESQ., being duly sworn, deposes and says that:

1. I am an attorney admitted to practice law in the State of New York and Western District of New York. I am the appointed attorney for the defendant Mrs. Eldridge.

2. I execute this affidavit in support of the defendant's motion for the following relief:

   A. To adjourn the trial scheduled for October 15th 2007;

   B. To sever the trial of the defendant Mrs. Eldridge from the other co-defendants;

   C. For the adjournment of the trial of Mrs. Eldridge until after her trial has been concluded in the Southern District of Florida;

   D. For an order precluding the Government from raising the events alleged in the Indictment in the Southern District of Florida at the time of trial in this underlying case for the reasons set forth in this motion, upon Rules 403 and 404 of the Federal Rules of Evidence and upon its deliberate failure to disclose patently discoverable records in the Florida case which are relevant and material to the defense of this case.

   E. For an order precluding the Government from offering evidence on those items that it has withheld from the defense as alleged herein.

   F. To dismiss with prejudice all conspiracy claims involving Mrs. Eldridge.

3. To put this motion in the proper context, it is important to provide an overview of the Government's course of conduct towards Mrs. Eldridge surrounding only the facts at

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

issue in this case.

## SUMMARY OF GOVERNMENT PROCEEDING AGAINST MRS. ELDRIDGE

4. A thoughtful consideration of Mrs. Eldridge's motion should not take place without assessing the Government's pattern of behavior towards the defendant. This overview is by no means exhaustive of all of the wrongful actions taken by the Government against Mrs. Eldridge:

A. In March 2001, Mrs. Eldridge was compelled to testify related to the SEC investigation of defendant Lyttle.

On September 24, 2002, Mrs. Eldridge was compelled to testify related the the SEC investigation of Steven Thorne, a party unknown to Eldridge and involving activities unknown to Eldridge. Mr. Thorne was apparently was a party involved with defendant Lyttle.

B. A 2001 sting operation was conducted against James Ozmer, involving securities, therefore the sting was likely a cooperative effort between the SEC and the FBI. Mr. Ozmer was being targeted for his representation of the UTA, a company for which Mrs. Eldridge was serving as President. Mr. Ozmer is now the key witness for the government in this case.

C. On or about March 2003, another sting operation herein referred to as the "Florida Sting" was launched, this time directly against Mrs. Eldridge, again as part of a cooperative effort between the SEC and the Department of Justice. The sting operation expanded to also target Mrs. Eldridge's counsel, Katherine Crase, upon Ms. Crase filing as the attorney representing Mrs. Eldridge in the below described SEC lawsuits. This information is based upon the reported conversation between AUSA

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-2-

Edward Nucci with defendant's Georgia attorney, Nick Lotito in May 2005.

D. In December 2003, the SEC filed a civil action against Mrs. Eldridge and co-defendants Lyttle, Knight and Montana in Indiana. This action was based upon the exact same fact pattern as this criminal case in New York and involved the same co-defendants. A copy of the Indiana complaint is attached as Exhibit "A"

E. In February 2004, the SEC failed to provide facts to substantiate a claimed conspiracy between Eldridge and co-defendants in the Indiana matter, ultimately resulting in the dismissal of Eldridge from the Indiana case. Despite the failure of the SEC to support its claims, the Indiana court permitted full discovery and the lapse of a year between the filing of the motion to dismiss and the granting of the motion. Had the government been able to uncover even a shred of evidence of a conspiracy during its comprehensive discovery, it could have amended its briefs and prevented the dismissal of Eldridge from the Indiana case. Copies of the litigation of the conspiracy issue are attached as Exhibit "B".

F. In March 2005, one month following the dismissal of Eldridge from the Indiana case for lack of conspiracy to support venue, the SEC commenced suit against Mrs. Eldridge in Georgia, with essentially the same claims as were set forth in the Indiana case, minus the other co-defendants and minus the allegations that Eldridge conspired with Lyttle, Knight and Montana. A copy of Georgia SEC Complaint is attached as Exhibit "C" The action by the government of filing the Georgia case represents the fourth civil lawsuit Mrs. Eldridge has been forced to defend herself on the exact same facts. Two other lawsuits were filed against Mrs. Eldridge, and information indicates that the government encouraged that these actions be filed against Mrs. Eldridge by

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-3-

private individuals. Both suits assumed a conspiracy between Eldridge and the co-defendants, and both were dismissed. Copies of the Frangie and Jacoby complaints and dismissals are attached as Exhibit "D1- Frangie and D2- Jacoby".

G. In May 2005, Mrs. Eldridge's Georgia attorney, Nick Lotito and SEC attorney Katherine Crase arrive in Rochester to visit with AUSA Bowne. Exculpatory evidence is provided at that time to the Government.

H. In August 2005, the Indictment against Mrs. Eldridge in New York was unsealed. Your deponent was advised by AUSA Bowne at that time that the Government was investigating Ms. Crase and advised of the possibility of invading the attorney-client privilege based on any contacts between Ms. Crase, who is still the attorney of record in Mrs. Eldridge's SEC matter and me, as her criminal attorney. After much time had passed, AUSA Bowne withdrew his objection to any contacts that your deponent might have with Ms. Crase in the course of representing Mrs. Eldridge, as was confirmed by letter.

I. In August 2007, the District Court in Atlanta granted Mrs. Eldridge stay of the SEC proceedings due to the Government's withholding of evidence and the pendency of the criminal trial in New York. A copy of the motion, briefs and order is attached as Exhibit "E ".

J. The day after the SEC case was stayed, the Florida Indictment based upon the joint FBI/SEC Florida Sting was filed against Mrs. Eldridge and Ms. Crase. The Florida case is being prosecuted from the same Washington, DC office as the New York case with different lead attorneys.

K. Mrs. Eldridge and Ms. Crase expect acquittal in the Florida case. First, because all

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

attempts by the government to obtain their participation in questionable activity failed, and additionally because the same FBI agents involved in the Florida Sting conducted a similar sting operation in Arkansas against attorney John Dodge and three other individuals.   The resulting charges were dismissed..

L. In addition to instigating the two private party cases, the two SEC cases, the Florida indictment, and this New York case, the IRS has decided to not accept Mrs. Eldridge tax filings for the years at issue in this case because she marked through "under penalty of perjury" above her signature.  Upon information and belief, Mrs. Eldridge has been advised that the United States Attorney's Office in Washington, D.C. is involved and is directing the IRS to pursue claims, create returns for her which result in overdue taxes, assert liens, assess bank accounts and assess other penalties against her, thereby necessitating her filing in the Tax Court, seeking judicial review.

## **NEW YORK PROCEDURAL HISTORY**

5. On March 23, 2007, the Court ruled on the defendant's Notice of Omnibus Motions dated February 20, 2007.  The defendant incorporates by reference the affidavits and exhibits referenced in said motion.

6. A transcript of the arguments and Court's Decision has been filed with the Court and is also incorporated herein by reference.

7. On that date, the Court denied the defendant's motion for severance, and denied the defendant's motion to dismiss the conspiracy charges based upon res judicata and collateral estoppel.

## **MOTION ARGUMENTS**

8. Since this Court's decision was rendered, there have been a significant change of

circumstances based upon events, together or standing alone, which justify the Court's reconsideration of these matters and for the granting of the requested relief.

9. On or about August 17, 2007, an Indictment was filed in the Southern District of Florida against Mrs. Eldridge, her current SEC attorney, Katherine Crase, and another individual based on alleged acts of mail fraud taking place during 2004. Please note that the Indictment in the Western District of New York was unsealed in August 2005. A copy of said Indictment is attached as Exhibit "F".

10. This new indictment raises a number of serious complications and impediments to Mrs. Eldridge's ability to confront her accusers, to exercise her Sixth Amendment rights, to be able to present a defense, and otherwise to receive a fair trial in the case pending before this Court:

    A. The defendant Mrs. Eldridge is placed in the precarious position of choosing whether to testify in the New York case , testify in the Florida case, or to decline testifying in the New York case due to the risk that her testimony at trial here will be prejudicial to her Florida case. The New York Court of Appeals has addressed this issue of the effect of a new collateral charge in the questioning of a defendant in a pending trial. People v. Betts, 70 N.Y.2d 289 (1987). The Court of Appeals ruled that it was error for the lower court to permit a defendant to be questioned about an unrelated pending criminal charge at the time of trial, because the lower court wrongfully concluded that the defendant waived his Fifth Amendment rights as to that collateral matter by testifying at trial. It is the defendant's intention to assert the 5th Amendment privilege as to any matters raised relative to the Indictment in South Florida, if she were to choose to testify at trial. Her choice whether or not to testify in her defense, has been

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-6-

fundamentally and severely impacted by the Government's deliberate and strategically timed decision to file the Florida indictment less than two months prior to the scheduled trial in this underlying case.

B. The Government's expressed intention to offer 404(b) evidence based on the allegations set forth in the Florida Indictment is highly prejudicial to the defendant and may be determinative in the defendant's decision whether to testify in the pending case or not. The prejudice associated with forcing the defendant and her SEC attorney to invoke the 5th Amendment privilege in front of the jury is highly prejudicial and fundamentally unfair.

Specifically, the defendant's decision whether or not to testify is also significantly impacted by the unavailability of Ms. Crase, due to the very recent indictment filed against her and her attorney. Areas of testimony that could have been covered by Ms. Crase will now not be covered due to her refusal to testify.

C. The Indictment in South Florida involves events substantially after the time period alleged in the New York case (i.e. 2004 vs 1999 to 2001) and should be precluded in any event under a Rule 403 and 404 analysis of this case.

D. The Government is well aware that Ms. Crase is an important fact witness in this matter. Ms. Crase is not only an attorney but a CPA who had personal knowledge of certain matters alleged in the New York case.. The Government's intention to raise the events associated with the Indictment as 404(b) material has resulted in Ms. Crase refusing to testify at the New York trial. The affidavit of her attorney, Stephen Romines is attached as Exhibit "G". Her unavailability, unwillingness, or refusal to testify based on the recent filing of the Florida charges is highly prejudicial to the

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

defendant and is highly prejudicial to the defendant's anticipated trial strategy.

E. AUSA Bowne was well aware of the Government's investigation associated with the "Florida Sting" and advised your deponent of the same as early as the date of our first court appearance in August 2005. It is beyond belief that an investigation of events which were orchestrated as a part of a Government sting operation, controlled by the same Washington D. C. attorneys involved in the prosecution of this case would take three years before returning an Indictment, which was filed on the eve of the commencement of the New York trial.

11. There are other factors which necessitate that the co-defendant Eldridge be severed from the trial of the remaining defendants:

A. By cover of letter dated September 13, 2007, the Government intends to offer the complete and unedited transcripts of the defendant and co-defendants' testimony before the SEC. The allowance of testimony from these co-defendants who may not testify at the trial denies the defendant the opportunity to confront witnesses as protected under the Sixth Amendment and relevant cases including Crawford and Bruton v. United States, 391 U.S. 123 (1968). There appears to be significant conflicting testimony between Mrs. Eldridge and the co-defendants as to various events alleged in the New York indictment which is highly prejudicial to her. This prejudice combined with the Government's deliberate decision to Indict Mrs. Eldridge in Southern Florida shortly before the eve of trial, and the other objectionable matter set forth in this motion significantly increases the prejudice that she will fact in the New York trial.

B. The Indictment before this Court has twenty seven pages of allegations against the

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

defendants, the vast majority of which involve individuals other than Mrs. Eldridge. There are only twenty five paragraphs containing any allegations about Mrs. Eldridge, while the allegations which do not involve Mrs. Eldridge but involve the co-defendants total ninety seven paragraphs. Those paragraphs mainly involve the return of funds to individuals by Mrs. Eldridge.

C. The vast majority of the Indictment sets forth alleged transactions between the co-defendants and their investor clients as to which Mrs. Eldridge was not a party. Mrs.Eldridge had a trust relationship, as an officer of UTA BVI, Ltd, with P.K. Trust and First National Equity, as designated beneficiaries of their respective trust agreements. Although the Government alleges over twenty six investors, none of these investors had a contractual relationship with Mrs. Eldridge. Mrs. Eldridge was not a party to any of the contractual agreements between the co-defendant's companies and their individual investors, at issue in this case.

D. The offerings of the claims of investors totally unrelated to any actions of Mrs. Eldridge along with the joinder of co-defendants with inconsistent defenses and potentially incriminating deposition statements, not subject to cross-examination by Mrs. Eldridge, along with the overly broad nature of the New York indictment compounded by the recent Indictment of the defendant and her SEC attorney in Florida are highly prejudicial to Mrs. Eldridge.

E. Mrs. Eldridge's predicament is further compounded by the decision of the Judge Hopkins who has set as a condition of her release in Georgia that she perform 40 hours per week of community service. A copy of the Special Condition of Bond is attached as Exhibit "H". This unusual condition prior to the trial of the Florida case

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

-9-

makes its extremely difficult for Mrs. Eldridge to assist her attorneys in her defense in this complex New York case.

F. The failure of the Government to respond to relevant demands relative to the 404(b) evidence associated with the Indictment in Florida is highly prejudicial to Mrs. Eldridge. As noted in the Notice of Omnibus Motion, your deponent has demanded the Government provide full and complete disclosure relative to the Florida Sting. On March 23, 2007, AUSA Bowne represented in open court that all matters had been addressed yet the Florida indictment expressly refers to email and written documentation not provided by the Government. These obvious pieces of discoverable material were wrongfully denied the defendant, who upon information and belief, was not a party to these email transmissions. There also remain tape recordings which are viewed by the defense as exculpatory which have yet to be provided.

G. A similar sting was conducted by Agent "Firo", the government's paid witness, Patrick Lochrie and others in Arkansas. . A copy of the civil complaint and federal indictment that was dismissed are attached as Exhibits "I"Civil and "J" Federal.

H. The Government has failed to provide disclosure as to statements, testimony, and other reports relative to the statements of Marc Robinson, who is a government witness. Documentation relative to the prior conviction in the Southern District of New York which preceded this latest charge has yet to have been disclosed by the Government.

I. The failure of the Government to provide responses to Mrs. Eldridge's various discovery demands set forth as exhibits in the Omnibus Motion necessitated that she

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

seek ex parte subpoena duces tecums. Upon information and belief, all but one of those subpoenas remain outstanding.

12. The substantial prejudice to Mrs. Eldridge associated with the events set forth in this affidavit cannot be cured prior to the scheduled trial of October 15th.

13. The record before the Court establishes a history of unwarranted sting operations, the withholding of material andrelevant evidence, and the creation of potential double jeopardy due to the recent filing of an Indictment in Southern Florida which had been pending for approximately three years.

14. Adjournment of the trial, severance of Mrs. Eldridge from the other defendants, and the preclusion of evidence arising from the Florida Sting is the only just and fair resolution of the complications arising from the Government's course of conduct against Mrs. Eldridge.  The defendant is also entitled to a hearing as to why the Government continues to withhold evidence necessary to the defense of this case.

**WHEREFORE**, the defendant respectfully requests that her motion to be severed from the trial of the remaining defendants be granted, that the scheduling of her trial in New York be stayed pending the trial of the collateral matter in the Southern District of Florida, that the Government be precluded from raising the matters associated with the Indictment in the Southern District of Florida and as to matters not disclosed to Mrs. Eldridge in this underlying case, along with such other and further relief as may be just and proper.

Dated: October 1, 2007           Yours etc.,

/s/ Maurice Verrillo
LAW OFFICES OF MAURICE J. VERRILLO, P.C.
Attorney for the Defendant
One E. Main Street, Suite 711
Rochester, New York 14614
(585) 232-2640

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**