Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

MAR 17 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

VIOLET GAIL ELDRIDGE and
UTA-BVI, LTD.,

    Defendants,

and

THE UNITED TRIBES OF THE
AMERICAS, INC. and
EXECUTIVE BUREAU OF
RESEARCH AND RECOVERY, INC.,

    Relief Defendants.

CIVIL ACTION FILE NO.

1 05 CV 0735 -CC

## COMPLAINT

Plaintiff, the United States Securities and Exchange Commission ("Commission"), alleges as follows:

### Summary

1. This case involves the misappropriation of at least $2 million from managed brokerage accounts under the control of Defendants UTA-

FORMS RECEIVED
Consent To US Mag ____
Pretrial Instructions ____
Title VII-NTC ____

BVI, Ltd ("UTA-BVI") and Violet Gail Eldridge ("Eldridge") In 1999, UTA-BVI agreed to manage funds for First National Equity, LLC ("First National Equity") and P.K. Trust and Holding Inc ("P.K. Trust") Specifically, UTA-BVI, through Eldridge, agreed to invest the money received from First National Equity and P.K Trust in the best interests of those two entities Pursuant to their agreements, First National Equity and P K. Trust transferred approximately $24 million into accounts with a securities brokerage firm, held in the name of UTA-BVI and under the control of Eldridge However, instead of managing the funds for the benefit of First National Equity and P.K Trust, Eldridge and UTA-BVI misappropriated at least $2 million of the funds by paying personal expenses for Eldridge and by transferring funds to several bank accounts, including accounts Eldridge controlled in the names of the Relief Defendants, The United Tribes of the Americas, Inc ("United Tribes") and Executive Bureau of Research and Recovery, Inc ("Executive Bureau")

2 UTA-BVI, acting through Eldridge, violated its duty to its clients by misappropriating client funds, by transferring client funds for its and Eldridge's benefit, in violation of the agreements and without notice to or authorization from its clients, and by knowingly misrepresenting the uses it would make of client funds. Eldridge controlled UTA-BVI, directed its

activities, and aided and abetted its violations Moreover, Relief Defendants, the United Tribes and Executive Bureau, had no right to receive the funds transferred to them by UTA-BVI

3. Defendants, directly and indirectly, have engaged and, unless enjoined, will continue to engage in transactions, acts, practices and courses of business of the sort which constitute the violations of the federal securities laws set forth in this Complaint

## Jurisdiction and Venue

4. The Court has jurisdiction over this action pursuant to Sections 209(d), 209(e)(1) and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-9(d), 80b-9(e)(1) and 80b-14]. Venue is proper in this Court pursuant to Section 214 of the Advisers Act [15 U.S.C. §§ 80b-14]

5. The acts, practices, and courses of business constituting the violations alleged herein occurred within the jurisdiction of the United States District Court for the Northern District of Georgia and elsewhere.

6. Defendants are inhabitants of, and transact business in, the Northern District of Georgia

7 Defendants, directly and indirectly, have made, and are making, use of the means and instrumentalities of interstate commerce and of the

3

mails in connection with the transactions, acts, practices, and courses of business alleged herein in the Northern District of Georgia and elsewhere

### Defendants

8. <u>Violet Gail Eldridge</u>, age 61, is a resident of Woodstock, Georgia. Eldridge is an official of and controls UTA-BVI, The United Tribes, and Executive Bureau

9 <u>UTA-BVI, Ltd</u>., is a British Virgin Islands corporation formed in 1997 that is an inhabitant of, and transacts business in, the Northern District of Georgia. UTA-BVI was organized purportedly to facilitate the establishment of a central bank for Native American tribes.

### Relief Defendants

10. <u>The United Tribes of the Americas, Inc.</u>, is a not-for-profit Delaware corporation incorporated in 1995 that is an inhabitant of, and transacts business in, the Northern District of Georgia United Tribes was purportedly organized to facilitate the establishment of a central bank for Native American tribes

11. <u>Executive Bureau of Research and Recovery, Inc</u>., is a corporation that is an inhabitant of, and transacts business in, the Northern District of Georgia Executive Bureau purportedly performs legal research and paralegal work

4

## Background

12. In August and September of 1999, UTA-BVI, through Eldridge, entered into "Trust Management Agreements" with First National Equity and P.K. Trust. Under the terms of these agreements, the trustee, UTA-BVI, obtained $24 million from the beneficiaries, First National Equity and P.K Trust. The Trust Agreements provided that UTA-BVI, through Eldridge, was to manage the funds in the best interest of the trust.

13. The funds contributed to the trust had been raised by three individuals, John L. Montana Jr ("Montana"), Melvin R. Lyttle ("Lyttle"), and Paul E Knight ("Knight"). Montana, Lyttle and Knight obtained the funds by selling to investors interests in a venture which purported to invest money in the trading of various instruments including medium term notes (hereinafter referred to as the "Trading Program ") Montana, Lyttle and Knight raised funds for the Trading Program through entities that they controlled: Lyttle's First National Equity, Knight's P.K Trust, and Montana's Worldwide T&P, Inc.

14. Montana, Lyttle and Knight told investors that they could earn significant returns, risk-free, in the Trading Program. In reality, the Trading Program did not exist. Instead, Montana, Lyttle and Knight caused investor funds in the amount of $24 million to be transferred to UTA-BVI brokerage

5

accounts controlled by Eldridge Montana, Lyttle and Knight, along with their respective companies, are all defendants in an action the Commission has filed in the United States District Court for the Southern District of Indiana, Indianapolis Division, case number 03-CV-1513-SEB-VSS

## UTA-BVI, through Eldridge, Misappropriated at Least $7 million from Managed Accounts under Their Control

15. In 1999, UTA-BVI, through Eldridge, opened several brokerage accounts with the New York office of a securities brokerage firm. In account opening forms completed by Eldridge on behalf of UTA-BVI, the stated trading objective in the accounts was "short-term trading" with risk exposure listed as "speculation." UTA-BVI, through Eldridge, also authorized the brokerage firm to trade on margin in the accounts.

16. Lyttle and Montana transferred approximately $16 million in investor funds into the UTA-BVI brokerage accounts throughout 1999

17. Additionally, at Paul Knight's direction, from October 1999 through April 2000 eight investors transferred into UTA-BVI's brokerage accounts approximately $8 million that they invested with P.K Trust

18  Eldridge, the president of UTA-BVI, executed the aforementioned "Trust Management Agreements" with First National Equity and P.K Trust.

6

19. Under the "Trust Management Agreements," UTA-BVI was charged with managing the trust assets for the benefit of First National Equity and P.K Trust, the beneficiaries  The agreements provided that UTA-BVI would be compensated for its management services

20  UTA-BVI, through Eldridge, deposited the $24 million received from First National Equity and P K. Trust into the various UTA-BVI brokerage accounts controlled by Eldridge.  UTA-BVI, acting through Eldridge, gave discretionary trading authority over its accounts to a broker who used the funds to engage in speculative, highly leveraged, short term trading of domestic stocks.

21. From 1999 through 2000, UTA-BVI, acting through Eldridge, diverted at least $2 million of the trust funds for Eldridge's own benefit. Among other things, Eldridge transferred at least $739,000 to bank accounts she controlled in the names of the Relief Defendants, United Tribes and Executive Bureau; she misappropriated at least $150,000.00 to pay rent and deposits for two New York luxury apartments; she misappropriated at least $45,000 to pay for limousine services, she misappropriated at least $25,000 to pay credit cards bills, she misappropriated at least $16,000 to pay for furniture; and she misappropriated at least $6,000 through ATM withdrawals.

22  UTA-BVI, acting through Eldridge, effected the misappropriation by directing wires of funds from, and by drawing checks on, the UTA-BVI brokerage accounts.

23  Eldridge knowingly provided substantial assistance to UTA-BVI's fraudulent diversion of funds by, among other things, executing the "Trust Management Agreements" with First National Equity and P.K Trust, controlling the UTA-BVI brokerage accounts into which the trust funds were deposited, and effecting the transfer of trust funds for her personal benefit

## COUNT I
### Violations of Sections 206(1) and 206(2) of the Advisers Act
### [15 U.S.C. § 80b-6(1) and § 80b-6(2)]

### [Against Defendant UTA-BVI]

24  Paragraphs 1 through 23 are realleged and incorporated by reference herein

25  At all times alleged in this Complaint, Defendant UTA-BVI, directly and indirectly, engaged for compensation, in the business of advising clients as to the advisability of investing in, purchasing or selling securities.  As a result, Defendant acted as an investment adviser within the meaning of Section 202(a)(11) of the Advisers Act  [15 U S C. §§ 80b-2(a)(11)]

8

26  At all times alleged in this Complaint, Defendant UTA-BVI, while acting as an investment adviser, by use of the mails, and the means and instrumentality of interstate commerce, directly or indirectly, knowingly, willfully or recklessly (i) employed devices, schemes or artifices to defraud its clients or prospective clients; and (ii) engaged in transactions, practices and courses of business which have operated as a fraud or deceit upon its clients or prospective clients, all as more fully described in Paragraphs 1 through 23 above

27. By reason of the foregoing, Defendant UTA-BVI, has violated, and unless enjoined, will continue to violate Sections 206(1) and 206(2) of the Advisers Act  [15 U.S.C §§ 80b-6(1) and 80b-6(2)].

## COUNT II
### Aiding and Abetting Violations of Sections 206(1) and 206(2) of the Advisers Act
### [15 U.S.C. § 80b-6(1) and § 80b-6(2)]

### [Against Defendant Eldridge]

28  Paragraphs 1 through 23 are realleged and incorporated by reference herein

29  Defendant UTA-BVI violated Sections 206(1) and (2) of the Advisers Act as alleged in Count I and as described in Paragraphs 1 through 23 above

30  Defendant Eldridge knowingly provided substantial assistance to UTA-BVI in the activities alleged in Paragraphs 1 through 23 above and thereby aided and abetted UTA-BVI's violations of Sections 206(1) and 206(2) of the Advisers Act. [15 U.S.C §§ 80b-6(1) and 80b-6(2)]

## COUNT III
## Relief Defendants

30  Paragraphs 1 through 23 are realleged and incorporated by reference herein.

31  The Relief Defendants received at least $739,000 of ill-gotten gains in connection with the misappropriation of funds in the managed accounts under the control of Eldridge and UTA-BVI

32  The money received by the Relief Defendants constituted ill-gotten gains

33. The Relief Defendants have no legitimate claim to the ill-gotten funds they were paid.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that the Court

### I.

Issue findings of fact and conclusions of law that the Defendants committed the alleged violations

## II.

Issue an Order of Permanent Injunction, in a form consistent with Fed. R. Civ. P. 65(d), permanently restraining and enjoining UTA-BVI and its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the order by personal service or otherwise, and each of them, from violations of Sections 206(1) and 206(2) of the Advisers Act.

## III.

Issue an Order of Permanent Injunction, in a form consistent with Fed. R. Civ. P. 65(d), permanently restraining and enjoining Eldridge and her officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the order by personal service or otherwise, and each of them, from aiding and abetting violations of Sections 206(1) and 206(2) of the Exchange Act.

## IV.

Order Defendants UTA-BVI and Eldridge and Relief Defendants United Tribes and Executive Bureau to disgorge all ill-gotten gains that they have

received as a result of the acts complained of herein, with prejudgment interest thereon.

## V.

Order Defendants UTA-BVI and Eldridge to pay civil money penalties under Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e)

## VI.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court

DATED March 16, 2005

Respectfully submitted,

*[signature]*

John E. Birkenheier
Georgia Bar No. 058158
birkenheierj@sec.gov
Jason A. Yonan
yonanj@sec.gov
Attorneys for Plaintiff

**Exhibit C**

                    U.S. SECURITIES AND
                    EXCHANGE COMMISSION
                    175 West Jackson Boulevard
                    Chicago, Illinois 60604
                    Tel: (312) 886-3947 (Birkenheier)
                          (312) 886-3812 (Yonan)
                    Facsimile: (312) 353-7398

Local Counsel:

*/s/ William P. Hicks*

William P. Hicks
Georgia Bar No. 351649
U.S. Securities and Exchange Commission
3475 Lenox Road, N.E., Suite 1000
Atlanta, GA 30328
Telephone: (404) 842-7675