Case 9:07-Case 6:05-cr-0611-CJS Document 3 Document 121-7 Entered on FLSD Filed 10/02/07 Docket 08/30/2007 Page 1 of 14 Page 1 of 14

Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 07-80123-cr-Marra/Hopkins
18 U.S.C. § 371
18 U.S.C. § 1341
18 U.S.C. § 2

UNITED STATES OF AMERICA,

                Plaintiff,

v.

VIOLETTE GAIL ELDRIDGE,
KATHERINE CRASE and
PAUL D. KUHN,

                Defendants.

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.     Defendant KATHERINE CRASE was the President of Precision Explorations, Inc. (hereinafter "Precision Explorations"), and an attorney and certified public accountant based in Tampa, Florida.

2.     Defendant VIOLETTE GAIL ELDRIDGE was an associate of CRASE and claimed to be an investment manager and advisor for Precision Explorations.

3

3. Defendant PAUL D. KUHN was a sales manager for a pharmaceutical company and claimed to be on the Advisory Board of Precision Explorations.

4. Precision Explorations was a Florida corporation formed in 2003, which CRASE acquired in or about April of 2004. Its business address then became that of CRASE's residence. CRASE and ELDRIDGE prepared and caused to be prepared a Limited Offering Memorandum for Precision Explorations, which represented that Precision Explorations was seeking to raise $30,000,000 through the sale of 60 unsecured debentures at $500,000 each. According to the Limited Offering Memorandum, CRASE controlled the management of the corporation, and an Advisory Board for the corporation recommended investments.

5. An agent of the Federal Bureau of Investigation ("FBI"), acting in an undercover capacity, portrayed himself to the defendants as "John Firo," a corrupt manager of an investment fund located in Boca Raton, Florida. Another FBI agent, acting in an undercover capacity portrayed himself to the defendants as "Grant Colvin," a wealthy client of Firo who was seeking to invest a large sum of money without using a bank and in a manner that would enable him to avoid reporting income from the investment.

## COUNT 1
(Conspiracy To Commit Mail Fraud)

6. The allegations contained in paragraphs 1 through 5 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

**Exhibit F**

7.  From at least as early as in or about February 2004, through in or about July 2004, at Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**VIOLETTE GAIL ELDRIDGE,**
**KATHERINE CRASE**
and
**PAUL D. KUHN,**

did knowingly and intentionally combine, conspire, confederate and agree with each other and with others unknown to the Grand Jury, to commit a certain offense against the United States, namely, mail fraud, in violation of Title 18, United States Code, Section 1341.

**A.  Purpose and Object of the Conspiracy**

8.  It was a purpose and object of the conspiracy for the defendants to unjustly enrich themselves by fraudulently causing a purported investor to purchase the securities of Precision Explorations, specifically unsecured debentures, through materially false and fraudulent pretenses, representations and promises, and material omissions.

**B.  Manner and Means of the Conspiracy**

9.  The defendants carried out the conspiracy in the following manner and by using the following means, among others:

    a.  The defendants would and did represent that Precision Explorations was in the business of investing in real estate, government securities, hedge funds, banking projects, and other investments, when, in reality, the company had not conducted business of any kind;

    b.  The defendants would and did attempt to convince "Grant Colvin" to invest in Precision Explorations by making the following materially false and fraudulent

3

**Exhibit F**

representations and promises, among others: (i) Precision Explorations' unsecured debentures were a good investment; (ii) defendants CRASE and KUHN had worked together in past successful business investments; (iii) Colvin would not be the first investor in Precision Explorations' Limited Offering and money had already been raised from other investors; (iv) the Limited Offering was filling up fast so Colvin needed to act quickly; (v) defendants CRASE and KUHN were closely connected to a Florida State Representative and other politicians and, as a result, had access to lucrative investment opportunities before the general public did; and (vi) "John Firo" had no direct financial interest in Colvin's decision to invest with Precision Explorations;

        c.      The defendants would and did agree to pay a kickback to Firo in exchange for Firo advising Colvin to purchase Precision Explorations' debentures to the exclusion of other investments, and to attempt to conceal the kickback from Colvin; and

        d.      The defendants would and did attempt to conceal from Colvin defendant ELDRIDGE'S involvement with Precision Explorations due to a public lawsuit between ELDRIDGE and the Securities and Exchange Commission.

**C.    Overt Acts**

      10.      In furtherance of the conspiracy and to achieve the object and purpose thereof, at least one of the co-conspirators committed or caused to be committed in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

        a.      In or about April 2004, CRASE acquired Precision Explorations from another individual;

4

      b.     In or about April 2004, CRASE and ELDRIDGE prepared and caused to be prepared a Limited Offering Memorandum for Precision Explorations;

      c.     On or about April 13, 2004, at a meeting in Tampa, Florida, CRASE and KUHN rehearsed for Firo what they were going to say to Colvin at a meeting the next day to induce Colvin to invest in Precision Explorations;

      d.     On or about the morning of April 14, 2004, at a meeting in Tampa, Florida, CRASE and ELDRIDGE discussed with Firo the manner in which Colvin would transmit his cash investment to CRASE, and the method by which Firo would receive his kickback payment;

      e.     On or about the afternoon of April 14, 2004, CRASE and KUHN met with Firo and Colvin at the office of a Florida State Representative in Tampa, Florida to induce Colvin to invest in Precision Explorations, and presented Colvin with the Precision Explorations Limited Offering Memorandum;

      f.     Between in or about April and July 2004, CRASE sent e-mails to Firo in Boca Raton, Florida, including e-mails containing documents Firo and Colvin were requested to execute and return to CRASE, each such e-mail constituting a separate overt act; and

      g.     The individual mailings described in Counts 2 through 7 of this Indictment are incorporated by reference and realleged as overt acts done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 371.

Case 9:07-Case 9:05-cr-06115-CJS Document 9 Document 121-7 Filed on FLSD 10/02/07 Docket 08/30/07 Page 6 of 14 Page 6 of 14

Exhibit F

## COUNTS 2-7
(Mail Fraud)

11. The allegations contained in paragraphs 1 through 5 of the General Allegations section, and paragraphs 8 and 9 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

12. From at least as early as in or about February 2004, through in or about July 2004, at Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**VIOLETTE GAIL ELDRIDGE,
KATHERINE CRASE
and
PAUL D. KUHN,**

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and material omissions.

13. On or about the dates specified in each count below, in the Southern District of Florida, and elsewhere, the defendants, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did knowingly cause to be sent, delivered and moved by the United States Postal Service and private commercial interstate carriers, according to the direction thereon, the below-described items:

| COUNT | APPROX. DATE | DESCRIPTION OF MAILING |
|---|---|---|
| 2 | April 26, 2004 | A Precision Explorations subscription agreement sent by FedEx from "Grant Colvin" in Sunrise, FL to defendant CRASE in Tampa, FL. |
| 3 | May 3, 2004 | An independent consulting agreement sent by U.S. Postal Service Express Mail from "John Firo" in Boca Raton, FL to defendant CRASE in Tampa, FL. |
| 4 | May 11, 2004 | A signed waiver form sent by FedEx from "Grant Colvin" in Sunrise, FL to defendant CRASE in Tampa, FL. |

6

**Exhibit F**

| 5 | May 17, 2004 | An unexecuted independent financial advisor agreement sent by FedEx from defendant CRASE in Tampa, FL to "John Firo" in Boca Raton, FL. |
| 6 | May 24, 2004 | An executed independent financial advisor agreement sent by UPS Ground from "John Firo" in Ft. Lauderdale, FL to defendant CRASE in Tampa, FL. |
| 7 | June 2, 2004 | A letter regarding close out of a private placement offering and consideration of a new offering by Precision Explorations sent by FedEx from defendant CRASE in Tampa, FL to "Grant Colvin" in Sunrise, FL. |

All in violation of Title 18, United States Code, Sections 1341 and 2.

A TRUE BILL

_____
FOREPERSON

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
EDWARD C. NUCCI
ASSISTANT UNITED STATES ATTORNEY

_____
JOSEPH A. CAPONE
TRIAL ATTORNEY, FRAUD SECTION
U.S. Department of Justice, Criminal Division

7

**Exhibit F**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 07-80123-CR-Marra/Hopkins

vs.

VIOLETTE GAIL ELDRIDGE,
KATHERINE CRASE, and
PAUL D. KUHN,
_____ Defendants/

### CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s)    Yes ___   No ___
Number of New Defendants   ___
Total number of counts   ___

**Court Division:** (Select One)

___ Miami    ___ Key West
___ FTL    _X_ WPB    ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)      (Check only one)

   I    0 to 5 days    _X_    Petty    ___
   II    6 to 10 days    ___    Minor    ___
   III    11 to 20 days    ___    Misdem.    ___
   IV    21 to 60 days    ___    Felony    _X_
   V    61 days and over    ___

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the __N/A__    District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No
   If yes, was it pending in the Central Region? ___ Yes ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003 ? ___ Yes _X_ No

_____
EDWARD C. NUCCI
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 0794406

Penalty Sheet(s) attached            REV.1/14/04

Case 9:07-cr-80116-CJS Document 3 Entered on FLSD Docket 08/30/2007 Page 9 of 14
Case 9:05-cr-06116-CJS Document 121-7 Filed 10/02/07 Page 9 of 14

Exhibit F

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>VIOLETTE GAIL ELDRIDGE</u>

Case No: __07-80123-CR- Marra/Hopkins__

Count #: 1

      18 USC § 371

* **Max. Penalty:** 0-5 years' imprisonment; $250,000.00 Fine

Counts #: 2 - 7:

      18 USC § 1341

*Max. Penalty: 0-20 years' imprisonment; $250,000.00 Fine

Count #:

*Max. Penalty:

Count #: 0

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Exhibit F

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: <u>KATHERINE CRASE</u>**

Case No: <u>07- 80123 - CR - Marra/Hopkins</u>

Count #: 1

<u>18 USC § 371</u>

**\* Max. Penalty**: 0-5 years' imprisonment; $250,000.00 Fine

Counts #: 2 - 7:

<u>18 USC § 1341</u>

**\*Max. Penalty:** 0-20 years' imprisonment; $250,000.00 Fine

Count #:

**\*Max. Penalty:**

Count #: 0

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Exhibit F

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: PAUL D. KUHN**

Case No: _07-80123-CR-Marra/Hopkins_

Count #: 1

_____18 USC § 371_____

**\* Max. Penalty**: 0-5 years' imprisonment; $250,000.00 Fine

Counts #: 2 - 7:

_____18 USC § 1341_____

**\*Max. Penalty:** 0-20 years' imprisonment; $250,000.00 Fine

Count #:

**\*Max. Penalty:**

Count #: 0

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**Exhibit F**

KATHERINE CRASE

---

DEFENDANT

$100,000 Corporate Surety Bond is recommended as to defendant.

_____
EDWARD C. NUCCI
ASSISTANT UNITED STATES ATTORNEY

Case 9:07-cr-80126-KAM Document 3 Entered on FLSD Docket 08/30/07 Page 13 of 14
Case 6:05-cr-06116-CJS Document 121-7 Filed 10/02/07 Page 13 of 14
**Exhibit F**

VIOLETTE GAIL ELDRIDGE

DEFENDANT

$100,000 Corporate Surety Bond is recommended as to defendant.

EDWARD C. NUCCI
ASSISTANT UNITED STATES ATTORNEY

**Exhibit F**

PAUL D. KUHN
―――――――――――――――――――――――――――――――――――――――――――――

DEFENDANT

$100,000 Corporate Surety Bond is recommended as to defendant.

―――――――――――――――――――――――
EDWARD C. NUCCI
ASSISTANT UNITED STATES ATTORNEY