UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

        -vs-

| | |
|---|---|
| VIOLETTE GAIL ELDRIDGE | REPLY AFFIDAVIT |
| a/k/a GAIL VIOLETTE ELDRIDGE | #05-CR-6116-CJS |
| MELVIN RAY LYTTLE, | |
| PAUL E. KNIGHT, and JOHN | |
| L. MONTANA, JR., | |

        Defendants.
_____

MAURICE J. VERRILLO, ESQ., being duly sworn, deposes and says that:

1. I am an attorney admitted to practice law in the State of New York and Western District of New York. I am the appointed attorney for the defendant Mrs. Eldridge.

2. I execute this affidavit in order to supplement our motion requesting relief filed on October 2, 2007. The defendant's motion, attachments, and documents incorporated by reference in said motion set forth the defendant's position relative to the issues raised in the Government's Response and will not be reargued herein.

3. Although the Government attempts to minimize Mrs. Eldridge's claims, the issues raised in her motion are serious and significantly affect her right to a fair trial and to confront her accusers under the Sixth Amendment and applicable case law., including Crawford v. Washington, 541 U.S. 36 (2004) and Bruton v. U.S., 391 U.S. 123 (1968).

4. The decision to Indict Mrs. Eldridge and her SEC attorney, Katherine Crase in Florida on the eve of trial was not made by Mrs. Eldridge.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

5. The decision to offer the statements of co-defendants , some of which had not been seen by your deponent until the documents associated with the 79 page Trial Exhibits were produced by the Government was not the choice of Mrs. Eldridge.

6. There still remain discovery issues that the Government Response fails to rectify.

7. The effect of these and other decisions made by the Government will substantially prejudice Mrs. Eldridge's right to confront her accusers and be provided with a fair trial.

8. The Government offers statements of the co-defendants, Knight, Lyttle, and Montana.

9. These statements are attached as Exhibits "K" to "R".

10. These statements are not subject to cross-examination or questioning by Mrs. Eldridge's attorney.

11. A sample of some of the entries in these statements clearly establishes that they are intended to offer prejudicial and allegedly incriminating statements concerning Mrs. Eldridge.

12. Mr. Lyttle's "Affidavit" set forth in Exhibit "M" alleges in part that:

> 'WORK ON DOING THIS BUSINESS HAS BEEN FILLED WITH MANY PEOPLE TRYING THEIR BEST TO LIE, CHEAT AND STEAL ANYTHING AND EVERYTHING THEY POSSIBLY COULD BY ANY MEANS POSSIBLE. THIS IS CERTAINLY INCLUDES THE UNITED TRIBES OF THE AMERICAS, GAIL ELDRIDGE AND MANY ASSOCIATES SHE INTRODUCED TO MYSELF AND PAUL KNIGHT."

13. Mr. Knight's " Summary" set forth in Exhibit "N" alleges in part that:

> " I showed that there was more funds from what I saw go in and what Ms. Eldridge has told me that Mr. Lyttle had sent in and what Mr. Lyttle had told me that he sent in"

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

-2-

14. These exhibits are attempting to exculpate the co-defendants at the expense of Mrs. Eldridge.

15. The weight and credibility of these statements cannot be attacked absent the co-defendants' testimony at trial, as to which they have a right not to testify.

16. These statements also result in further prejudice to Mrs. Eldridge in that if Ms. Crase is not able to testify at the trial, Mrs. Eldridge may be the only person able to defend herself from the statements made by the co-defendants in the Government's case.

17. Moreover , the Government's decision to offer co-defendant's statements results in Mrs. Eldridge having to defend the claims raised by the Government and also defend the claims of the co-defendants against her. These multiple trials taking place in the course of one trial is highly prejudicial and unfair to Mrs. Eldridge.

18. The decision whether or not to call Ms. Crase as a witness is for Mrs. Eldridge to make.  Ms. Crase is not only familiar with the accounting provided by Mrs. Eldridge, she is also a fact witness as to a number of events in dispute in this case. The mere granting of an adjournment to find a substitute accountant does not cure the prejudice arising from Ms. Crase's inability to testify due to the pending Florida Indictment.

19. It should be noted that Mrs. Eldridge is under court order in Florida to be ready for trial commencing on January 22, 2008 and continuing for a two week period. The Florida trial order is attached as Exhibit "S".

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

20. Mrs. Eldridge requests that a new trial date be set after the conclusion of her Florida trial.

WHEREFORE, the defendant Gail Eldridge respectfully requests that her October 2, 2007 motion be granted in its entirety.

Dated: October 12, 2007

/s/ Maurice J. Verrillo, Esq.
_____
Maurice J. Verrillo, Esq.
Attorney for the Defendant
Law Offices of Maurice J. Verrillo, P.C.
1 East Main Street, Suite 711
Rochester, NY 14614
(585) 232-2640

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**