IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

05-CR-6116CJS

v.

VIOLETTE GAIL ELDRIDGE, et. al

Defendants.

---

### GOVERNMENT'S MOTION TO UNSEAL AND FOR DISCLOSURE OF RULE 17(c) SUBPOENAS ISSUED UNDER SEAL ON BEHALF OF DEFENDANT VIOLETTE GAIL ELDRIDGE

Beginning is August 2007 and continuing until the present, defendant Eldridge has caused the Court to issue over 30 subpoenas under Rule 17(c) of the Federal Rules of Criminal Procedure ("Rule 17(c) subpoenas"), demanding the pretrial production of documents.  While this process should have concluded in January of 2008, it appears to be ongoing.[1]  All subpoenas issued by the Court on behalf of defendant Eldridge have been issued under seal thereby preventing the government from knowing the parties subpoenaed or the materials demanded. The Court, during the hearing held on January 10 and 11, 2008, indicated that it attempted to determine the relevance of the. material being demanded, but had to err on the side of caution due to the Court's limited factual knowledge, thereby allowing

---

[1] See Court Docket No. 175 filed February 20, 2008.

liberal demands.

It has now become apparent to government counsel that defendant Eldridge has misled the Court as to the relevance of the materials being demanded and their necessity. It also appears that some, if not all, of the requested subpoenas are being issued for the purpose of general discovery or, to delay the trial, as the materials and witnesses being subpoenaed are not relevant to the issues currently before the Court. The government requests that, in the interests of justice, the Court issue an order staying any production not already made in response to the Rule 17(c) subpoenas, unsealing the previously issued Rule 17(c) subpoenas and scheduling an evidentiary hearing to determine whether the Rule 17(c) subpoenas issued to date were proper.

## Outstanding Document Requests

Counsel for defendant Eldridge initially alleged that the government intentionally withheld documents from the defendant during discovery and therefore, defendant Eldridge was required to obtain the documents through the issuance of Rule 17(c) subpoenas. The government adamantly denies the withholding of any witness or entity produced material during discovery.[2] At

---

[2] See government's response to defendant Eldridge's motion (Docket No.122) filed on October 10, 2007 for a more detailed challenge to defendant Eldridge's allegation.

the Court's January hearing, the government learned for the first
time that individuals such as Michael Bach had been subpoenaed to
produce records.   Michael Bach was previously subpoenaed for his
records by the government and Bach's materials have been
available to defendant Eldridge over the past two years.

The government has also been contacted by two additional
subpoena recipients, Richard Sowden and Warren Gross[3], both of
whom indicated that they do not have relevant, beneficial or
exculpatory material for defendant Eldridge regarding the crimes
charged in the current indictment.   Rather, Sowden indicated that
he had detrimental direct evidence of  "other crimes" concerning
different investment activities promoted by defendant Eldridge
prior to the charged investment activity in this case.
Therefore, Richard Sowden is being added to the government's
witness list.

Harvey Fishbeim, Esq., has petitioned this Court to quash a
subpoena he received for records relating to a prior criminal
case for which he was defense counsel, United States v. Frank
Summa (now deceased), indicted in the Southern District of New
York on or about 2002.   Mr. Summa was neither a party to, or to
the best of government counsel's knowledge, involved in promoting

---

[3] E. Warren Gross has recently filed a response with the
Court (Docket No. 172) indicating that he has no responsive
documents to the Rule 17(c) subpoena he received rather than the
volume represented by Eldridge's defense counsel.

the fraudulent investment scheme charged in the Western District
of New York. As a consequence, the relevancy, as well as,
admissibility of his attorney's trial file is highly
questionable.


## No Legal Requirement That Rule 17(c) Subpoenas be Issued Under Seal

The text of Rule 17(c) of the Federal Rules of Criminal
Procedure does not address whether court ordered subpoenas issued
on behalf of the defense are to be issued under seal.  Rather,
how such subpoenas are issued under Rule 17(c) appears to be
within the total discretion of the Court.  In fact, Judge Telesca
of this Court has ruled that a similar *ex parte* application for a
Rule 17(c) subpoena should be denied.  See United States v.
Urlacher, 136 F.R.D. 550, 556 (W.D.N.Y. 1991)(Issuance of Rule
17(c) subpoenas upon *ex parte* applications denied - - issuance of
and compliance with subpoenas *duces tecum* should be conducted
upon notice, not in secret.)  Government counsel has been unable
to identify any Second Circuit precedent that requires Rule 17(c)
subpoenas to be issued *ex parte* and under seal on behalf of any
party.

In United States v. Nixon, the Supreme Court (citing Bowman
Dairy Co. v. United States, 341 U.S. 241(1951)) addressed the
fundamental characteristics of court issued Rule 17(c) subpoenas
indicating that: [they] were not intended to provide a means of

discovery for criminal cases.   418 U.S. 683, 698, 94 S.Ct. 3090,

3103 (1974).   The Supreme Court identified the proper test for

the issuance of Rule 17(c) subpoenas, which requires that the

moving party demonstrate: (1) that the documents are evidentiary

and relevant; (2) that they are not otherwise procurable

reasonably in advance of trial by the exercise of due diligence;

(3) that the party cannot properly prepare for trial without such

production and inspection in advance of trial and that the

failure to obtain such inspection may tend unreasonably to delay

the trial; and (4) that the application is made in good faith and

is not intended as a general 'fishing expedition.'   United States

v. Nixon, 418 U.S. at 699, 94 S.Ct. at 3103 (internal citations

omitted).

     To secure pretrial document production, the party seeking

information under Rule 17(c) must show that the requested

information is relevant, admissible and specific.   United States

v. Nixon,  418 U.S. at 699 - 700, 94 S.Ct. at 3090.   It is the

government's contention that an offer of proof in support of the

Rule 17(c) subpoenas by defendant Eldridge would fall woefully

short of meeting the requirements identified *supra*.   Rather,

challenges to the proof offered by defendant Eldridge would

demonstrate to the Court that: the issued subpoenas have been

misused as a  discovery device; that the materials demanded were

not precisely identified as required; and, that the demanded

materials were neither evidentiary or relevant to the matter before the Court.

Finally, an evidentiary hearing would inform the Court as to whether there has been a misuse of judicial process by defendant Eldridge based upon misleading representations provided by her defense counsel in support of the Rule 17(c) subpoenas.  Upon such a finding, the Court, as an appropriate sanction, should vacate and quash the Rule 17(c) subpoenas issued on behalf of defendant Eldridge, which do not comply with the specific requirements of that rule.

## No Unfair Prejudice to Defendant Eldridge

On January 16, 2008, all defendants including defendant Eldridge were required to provide the government with their witness and exhibit lists pursuant to the Court's most recent scheduling order[4].  Defendant Eldridge has failed to provide such information to government counsel, the Court or the remaining parties, despite defense counsel's representations to the contrary.  Had the defendant abided by the Court's pretrial order, at this time the government would already know the witnesses to be introduced by defendant Eldridge as well as the exhibits to be offered.  Therefore, the unsealing of the outstanding Rule 17(c) subpoenas would merely supply the

---

[4] See Court Docket No. 125 filed October 18, 2007.

government with the universe of possible witness and exhibit
information that could be offered by defendant Eldridge.  As
indicated by the Court during its January hearing, when the
responsive material is received by the Court, it will become
available to all parties including the government for
examination.  Therefore, the identification of the material
demanded through the issued Rule 17(c) subpoenas merely
represents a timing difference as to when the government will
become aware of the scope and nature of the material requested.

Providing the government with the identity of entities
subpoenaed as well as the scope of the material demanded will
allow the government to timely challenge the relevance of the
material requested and to determine whether the information
demanded is already available to the defendant in discovery.

Eldridge's defense counsel has only provided an *ex parte*
explanation to the Court explaining how the outstanding records
are material to his client's defense.  However, as the Court
recognizes, it does not possess the factual basis upon which to
knowingly and objectively scrutinize the representations made by
defendant Eldridge as to need, relevancy and admissibility.

The responses to the Rule 17(c) subpoenas noted herein,
document a lack of responsive material, and demonstrate that the
subpoenas are actually being utilized by defendant Eldridge as a
discovery device rather than to secure specific identifiable

evidence for presentation in court as required under Rule 17(c).

Unsealing the Rule 17(c) subpoenas will allow government counsel,

which possesses a greater factual understanding of the case being

prosecuted, to challenge the relevancy, admissibility and need

for such evidence, which can then assist the Court in deciding

whether to quash the outstanding subpoenas and permit the

issuance of additional subpoenas.


**Conclusion**

It is respectfully submitted that the sampling of responses

to outstanding Rule 17(c) subpoenas issued at the defendant

Eldridge's request noted herein demonstrates that the Rule 17(c)

trial subpoena process has been and is being violated by this

defendant.

Government counsel therefore requests that the Court: order

that all the outstanding Rule 17(c) subpoenas, requested by the

defendant Eldridge, be unsealed; schedule an evidentiary hearing

to permit government counsel to challenge the propriety of the

outstanding Rule 17(c) subpoenas issued on behalf of the

defendant Eldridge; and stay compliance with any of the pending

Rule 17(c) subpoenas until the evidentiary hearing has been

conducted.

Unsealing the outstanding Rule 17(c) subpoenas would not

unfairly prejudice defendant Eldridge and would allow the Court,

as a neutral party, to address the continued need to enforce,

modify, vacate and/or quash such subpoenas after having received

the advantage of adversary argument by the parties.

Finally, having the Court objectively determine  the

continued need for compliance with outstanding Rule 17(c)

subpoenas will assist the Court in affirmatively setting a firm

trial date in allowing its objective determination of the need

for the material demanded and the duration of time necessary for

any review.

DATED:    Rochester, New York, February 25, 2008.

                              TERRANCE P. FLYNN
                              United States Attorney
                              Western District of New York


                     BY:   s/ WILLIAM H. BOWNE, III
                           Trial Attorney
                           Dept. of Justice,
                           Criminal Division,
                           Fraud Section
                           Tel: 585-263-6760
                           Fax: 585-263-6420
                           William.Bowne2@usdoj.gov


                           s/ BRADLEY E. TYLER
                           Assistant U.S. Attorney
                           United States Attorney's Office
                           100 State Street, Suite 620
                           Rochester, New York 14614
                           Tel: 585-263-6760
                           Fax: 585-263-6420
                           Bradley.E.Tyler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    v.                                              05-CR-6116CJS


VIOLETTE GAIL ELDRIDGE, et. al

        Defendants.

---

### CERTIFICATE OF SERVICE


    I hereby certify that on February 25, 2008, I electronically

filed the foregoing with the Clerk of the District Court using

its CM/ECF system, which would then electronically notify the

following CM/ECF participant(s) on this case:


        Christopher S. Ciaccio, Esq,

        Scott A. Garretson, Esq.

        Mark D. Hosken, Esq.

        James P. Vacca, Esq.

        Maurice J. Verrillo, Esq.


                        s/ KIM PETTIT