UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    vs.                                             ANSWERING AFFIDAVIT
                                                                        #05-CR-6116 CJS

GAIL ELDRIDGE et al.

MAURICE J. VERRILLO, being duly sworn, deposes and says that:

1. I am an attorney admitted to practice law in the State of New York and the United States District Court for the Western District of New York.  I am the assigned counsel for the defendant Gail Eldridge.

2. I execute this affidavit in opposition to the Government's motion to vacate the prior agreement of the parties and prior order of this Court to grant Mrs. Eldridge's applications for subpoena duces tecums of various record holders and for such other and further relief as may be just and proper.

3. Your deponent has previously emailed the witness list and proposed jury questions of the defendant in accordance with the Trial Order to the Court's secretary Kelly Pruden to both counsel for the Government, and defense counsel and oppose any relief requested on this subject.

4. For the sake of clarity, your deponent will address each of these matters separately.

## MOTION TO VACATE PRIOR AGREEMENT REGARDING SUBPOENAS

5. The Government's motion omits a number of material facts that are relevant to this issue:

   A. Your deponent, in a good faith effort to resolve discovery matters, contacted Government Trial Attorney ,William Bowne, Esq., by phone, by mail, and in conferences to attempt to expedite the processing of requests for records of Mrs. Eldridge, which I will refer to generically as requests for third party records.  It was my belief that the Government's extensive contacts with these records providers

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

would be helpful to assist in the timely processing of these requests.

B. Mr. Bowne rebuffed every request that I made for assistance in processing these requests. His basic response was that his view of Rule 16 discovery did not require the Government's assistance and also that it was not "his job" to assist the defendant in procuring these records. Mr. Bowne initially directed that I pay for copies out of my own pocket despite the fact that I am appointed counsel for Mrs. Eldridge. That position was modified to the Government making some copies, then due to the volume of the requests, I was allowed to take the documents to have them copied.

C. A motion was filed on February 20, 2007 requesting the issuance of subpoena duces tecum in light of the refusal of the Government to assist the defendant in acquiring the needed records. A sample of the outstanding items referenced in the motion papers is attached as Exhibit "A".

D. The Court's transcript of the March 2007 proceeding as it relates to the subpoena issue in attached as Exhibit "B". Pertinent portions of the transcript are as follows:

   i. P. 44, line 14-16: Mr. Bowne: "I think it is sufficient to say if it exists, it is here; otherwise, you are putting the onus on the government to do the discovery for the defendant".

   ii. P. 44, lines 23-25; P. 45, lines 1-8: Mr. Verrillo. "I believe it is relevant information I have asked for. If it is not going to be produced by the government, it is going to be incorporated in the later motion on subpoena duces tecum. I am trying to make effective use of time, cost. If the government has it, say so. I am not trying to hold them to it. If it would expedite my acquiring these documents, which we believe is relevant to our defense, that's it. If they don't know about it, and it's not something they have produced, we will have to get a subpoena duces

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

tecum"

 iii. P. 47, lines 7-16: Court: "So what can he use a subpoena duces tecum for in this case?" Mr. Bowne: " I would think to gather evidence which he believes exists but which the government hasn't–

The Court: Does not possess.

Mr. Bowne: Does not possess.

Mr. Verrillo: I was focusing on third parties with subpoena issues"

E. The omnibus motion also attached exhibits, one of which was Mr. Bowne's response to one of the discovery letters sent by your deponent in this case. The July 25, 2006 Bowne letter, Exhibit "C" indicates in part that with respect to our request for assistance in the disclosure of matters related to third party records that: "Your most recent request in your letter of July 19, 2006 is outside the obligations of Rule 16 and therefore, the **government will not respond.**" (Emphasis added).

F. On or about May 1, 2007, counsel for the defendants engaged in a phone conference with Mr. Bowne and Mr. Resnick relative to the schedule of this case. At that time, your deponent addressed with all counsel the outstanding requests for records. It was agreed by all counsel that the proper method of requesting these records would be an ex parte application for subpoena duces tecum with the Court.

G. On May 10, 2007, the parties appeared before the Court regarding the scheduling of this case. The pendency of subpoena duces tecums was one of the grounds that the parties agreed would form a basis for exclusion under the Speedy Trial Act.

H. On October 15, 2007, the parties appeared before the Court regarding the scheduling of this case. The pendency of subpoena duces tecums was one of the grounds that the parties agreed would form a basis for exclusion under the Speedy Trial Act.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

I. On January 10, 2008, the parties appeared before the Court. The Court advised the parties that the subpoena duces tecums issued ex parte by the Court throughout 2007 were mishandled or misplaced by the United States Marshal and that new subpoenas would have to be issued. An ex parte hearing on the subpoenas was ordered by the Court for January 11, 2008. The Court approved the issuance of new subpoenas after a hearing in chambers with Mr. Garretson and me. The Government did not object to this arrangement.

J. On January 11, 2008, a further appearance was held before the Court. One of the grounds for the adjournment of the case was the pendency of subpoena duces tecums on behalf of the defendant Gail Eldridge. The Government again consented to the inclusion of the pendency of the subpoenas as a grounds for excluding time in the interest of justice under the Speedy Trial Act.

K. At no time during the May 10, 2007, October 15, 2007, January 10, 2008, or January 11, 2008 court appearances did the Government object to the Court's directives relative to the ex parte issuance of the subpoena duces tecums.

## ARGUMENTS

6. The defendant objects to and opposes the Government's motion to unseal the subpoenas for the following reasons:

   A. The Government agreed on May 1, 2007 that the defendant's ex parte application for subpoena duces tecums was the appropriate means to acquire the outstanding records requests.

   B. The Government failed to object to the procedures instituted by the Court relative to the subpoena duces tecums. A review of the May 10, 2007, October 15, 2007, January 10, 2008, and January 11, 2008 transcripts of proceedings would certainly

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

reflect the absence of any objection on the record by the Government. Any law student studying criminal or civil procedure would know that a party needs to state an objection prior to a ruling, procedure, or determination being made by a court. The failure to object by the Government for over a ten month period since May 2007 speaks volumes as to what the parties intended relative to this issue.

C. The defendant Eldridge relied upon the Government's consent to the process followed by the Court in having applications for ex parte subpoenas submitted to the Court. Those applications contain confidential, privileged materials that would prejudice the defendant if now unsealed by the Court. Those representations were made based on your deponent's meetings and communications with the defendant.

D. The Government is estopped from now claiming after ten months that it wants to vacate the sealing of these documents which was an essential part of this process.

E. As noted below, the process now proposed by the Government would be overly burdensome to the efficient use of the Court time and would needlessly delay what is essential to the scheduling of this matter-the return of the requested documents to the Court. Once those records are received, a reasonable schedule can be drafted for review of documents, along with any time table to address any objections to the admission of records at trial.

7. Although the Government claims that it wants an expeditious resolution of the subpoenas, its failure to cooperate with your deponent and provide its assistance in gathering the requested items has resulted in delays in getting responses from these providers. Your deponent believes that a number of these requests would have been addressed a long time ago had the Government taken a different approach to this disclosure.

8. The Government claims that the defendant seeks irrelevant material yet it claims it does

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-5-

not know the nature or basis for these requests. These claims are made despite the letters sent by your deponent requesting assistance, and despite the details referenced in the defendant's omnibus motion seeking disclosure and the issuance of subpoena duces tecum related to outstanding discovery. Its affidavit is based on speculation and surmise. Like the disclosure of records, the Government has a very narrow and rigid interpretation of what is relevant limited to its theory of the case.

9. The requested disclosure is relevant and material to this case, after considering the following matters:

   A. The Government provided over twenty boxes of "voluntary discovery";

   B. The Government is offering over 2,397 pages of trial exhibits;

   C. The Government is offering over 1000 pages of defendants testimony before the SEC and potentially other documents may be raised at trial;

   D. Upon information and belief, the co-defendants will be raising inconsistent defenses;

   E. The Government seeks to offer expert witness testimony;

   F. The defendant's civil attorney, Katherine Crase, had personal knowledge as a fact witness, attorney, and CPA for Mrs. Eldridge. As a result of the Government's decision to target Ms. Crase and on the eve of trial, charge her with a crime, the information available from this material witness will not be available at trial.

   G. The Government has opened the door as to all matters offered at trial, including all reasonable inferences associated with these disputed facts.

10. The Court on January 11, 2008 made a determination that the requested subpoena duces tecum were relevant and material to this case. A March 5, 2008 status date was set to review the status of the subpoenas, because Mr. Bowne wanted to see how the responses were progressing.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

11. The Government's motion provides absolutely no explanation why, on the eve of the deadline for disclosure of subpoenaed records, that the Court should not hold them to the procedure for addressing the subpoena duces tecum previously agreed to by all parties. No grounds to vacate the prior arrangement have been proffered; Moreover, the Government is bound by the prior court determination of relevancy and materiality under the doctrine of the law of the case.

12. It is the defendant's position that the Court has acted appropriately and fairly in the handling of these subpoenas. The Government now wishes to second guess the Court's reasoned judgment in approving of the processing of these ex parte subpoena duces tecums.

13. The Government's attempt to reopen these matters will result in needless delay in the completion of responses relative to the subpoenas. Moreover, if a hearing is to be held on each of the eighteen subpoenas, then the defendant will need time to subpoena witnesses, and will request that the Court inspect the over twenty boxes of voluntary disclosure, the trial exhibits, the voluminous defendants' SEC transcripts, and other relevant material prior to reopening this issue .

14. The Government questions the necessity for Richard Sowden to produce the requested records yet asserts he will be added to the witness list for the Government. Moreover, the Government's contact with Mr. Sowden resulted in a change of tune as to his possession of relevant information as Mr. Sowden contacted me on or about February 6, 2008 and asserted it would take at least sixty days for him to produce the requested material. The Government's position on Mr. Sowden is illogical.

15. The Government claims it has acted properly relative to this case. We would make the following matters known to the Court as to the Government's assertion:

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

A. The Government had the choice to cooperate with your deponent relative to the records they now complain about. They chose not to.

B. The Government claims that it has acted in good faith relative to discovery yet represented to the Court that videotape evidence against Mrs. Eldridge was nonexistent on January 10th and later that day called to say that the videotape and tape recordings relative to Mr. Ozmer had been found.

C. On or about January 14, 2008, Mr. Bowne and Mr. Tyler wrote a letter to your deponent relative to these discovered items and referred to me as "Numb Nuts". The attorneys later apologized claiming the reference was unintentional. See Exhibits "D", "E", "F" and "G".

D. The Government claims it was just coincidence that Mrs. Eldridge's SEC attorney was indicted for events alleged to have occurred in 2004 shortly before the commencement of trial in this case in October 2007. This claim is made despite the fact that Mr. Bowne is in the same office in Washington, D.C. as the attorney assigned to the Florida case.

E. Your deponent has visited the FBI office on a number of occasions in other matters and was never required to sign in when present. FBI agent Kassouf advised me that I was required to sign in to the FBI office due to office policy. Apparently, it is rare that attorneys or other non FBI employees visit their office due to the substantial lapse of time in the signature of persons visiting their office on the sign in sheet. Please note that this concern is not a reflection on Agent Kassouf personally as he has been very helpful in providing access to the SEC boxes.

F. Mrs. Eldridge continues to raise concerns as to the Government's actions in the companion SEC Case in Georgia, where claims of the withholding of evidence has

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-8-

been raised by Mrs. Eldridge, which has been stayed pending the resolution of this matter and concerns as to the handling of the Florida criminal case.

16. The Government demands a firm trial date yet the new procedure that the Government seeks will delay not expedite the conclusion of this case.  The vacating and modification of subpoenas until a later date will also frustrate the efficient use of the Court's time and result in the U.S. Marshal Service having to reserve subpoenas that the Government attempts to modify.

17. The defendant requested that these subpoenaed records be addressed in a timely fashion sufficiently prior to trial in order to minimize the inconvenience associated with the service of subpoenas on the eve of trial.  Simply put, these subpoenas for records over a number of years in duration cannot be answered like a simple request for some hospital records or employment records made on the eve of trial, typically faced in a civil or criminal trial setting.

18. The Government claims this is a simple case yet it took longer than the five year statutory period to procure its various ex parte requests for records and was involved in various sting operations against the defendant.

19. We are also in a quandary as to how it can be claimed that the Government is prejudiced by the procedure implemented by the Court.  The subpoenaed party is to respond to the subpoenas.  Records are presented or motions to quash or compel are raised and a date for decision is set.  Those records that the defendant wishes to utilize will be offered at trial.  The Government is still free to object to the documents admissibility at the time of trial.

20. The Government also fails to note that the defendant was compelled to find an independent accounting expert as a result of the recent charges filed against her CPA and attorney, Katherine Crase.  The CPA firm needs time to finish reviewing the records,

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

which will include some of the subpoenaed records and records held by the Government. The pending tax season is a necessary factor in determining a reasonable time for the conclusion of their evaluation.

21. We want to make it clear that the defendant consents to a reasonable schedule for the conclusion of outstanding subpoenas, time to review the records, time for a report from the expert, and for a reasonable date for trial, as previously noted. It is impossible to assess with absolute certainty how long this process will take until the records are received. The amount of extent of possible additional witness or expert witness testimony cannot be assessed until such time as the records are produced and reviewed.

22. Your deponent has had a number of conversations and meetings with Mrs. Eldridge in order to formulate her applications. Based upon the information provided and based upon a standard for review considering all of the factors referenced in paragraph "9" of this affidavit, your deponent continues to believe that the applications for subpoena duces tecums are appropriate. The defendant has been persistent and adamant in her view that the requested records are relevant, material, and essential to her defense. In light of the defendant's superior knowledge and the severity of the penalty should she be convicted after trial, I cannot as a matter of conscience deny Mrs. Eldridge her right to confront the claims of the Government and to seek due process of law.

23. The proposed schedule will take less time than a litigated hearing process which we believe will result in the same outcome but just prolong the production of records. Certainly, the mini trial that will result from the Government's recent change of position is totally inconsistent with its demand for an immediate scheduling of a trial in this case. Moreover, the time that is expended now in getting the response for the subpoenas will help minimize the inconvenience associated with outstanding subpoenas pending during

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-10-

the course of this trial.

## WITNESS LIST

24. The witness list was provided to the parties and the Court by email to Kelly Pruden as directed in the Trial Order.  Another copy is attached as Exhibit "H".  The expert witness resumes are also attached as Exhibits " I ", "J" and " K".

25. The defendant is in the process of considering further supplementation of the response. This supplementation has been delayed due to the ongoing subpoena matters and the concerns raised by the staff and Mrs. Eldridge after we received the January 14th "Numb Nuts" letter from the Government's attorneys.

**WHEREFORE**, your deponent respectfully requests that the Government's motion be denied in its entirety.

Dated: March 4, 2008

/s/ Maurice Verrillo
MAURICE J. VERRILLO, ESQ.
Attorney for the Defendant Gail Eldridge
One East Main Street, Suite 711
Rochester, New York 14614
(585) 232-2640

**LAW OFFICES OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE  711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**