information must be investigated.

## XVI.   DISCOVERY, DISCLOSURE & INSPECTION

A. The government has previously provided the undersigned with discovery of certain documents and materials. By letter dated July 19, 2006, your deponent requests particular discovery information. (Exhibit "M"). By cover of letter dated July 25, 2006, the Government objected to the requests generally and failed to particularize its objections except to note that the production of the documents at its office constitutes sufficient voluntary disclosure. (Exhibit "N"). By cover of letter dated October 23, 2006, your deponent had further discovery requests, including requests arising from the recent disclosure of materials related to Bevre Hart, an individual who claims to be acting on the Government's behalf in targeting Mrs. Eldridge, prior to the alleged conspiracy in this case. (Exhibit "O")

B. In addition to requesting production of said voluntary discovery, Mrs. Eldridge requests the resolution of the following matters pursuant to Rule 16:

C. July 19, 2006 Discovery Requests:

1. Items "1" and "3"- records of contacts between Mrs. Eldridge and Lyttle and Knight prior to August 28, 1999; Item "2" requests records of contacts between Mrs. Eldridge and Montana prior to December 2000. These requests are relevant and material to the defense of this case as it relates to the nature of the alleged relationship between the defendants.

2. Item "4"- records of any contacts between Mrs. Eldridge and clients of the co-defendants prior to funds being transferred from First National Equity ("FNE") or the P.K. Trust. The defendant contends that she had no contractual or other

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-3540

relationship between the clients of Lyttle or Knight and herself. Her contractual obligations arose from trust agreements with FNE and the P.K. Trust. The Government alleges that Mrs. Eldridge had contacts with investors. These records are relevant and material to the defense of this case.

3. Items #5, #22, #23- records of fees and costs charged by Marvin, DLJ, Banc of America Securities, and First Union related to UTA-BVI accounts; fees and charges by Marvin and DLJ in relation to the Pinnacle Insurance investment; fees and charges of the Government witness, Robinson, in his dealings with the UTA-BVI, including Bridgewater Investment. UTA-BVI and Mrs. Eldridge relied on the advice and expertise of various individuals, including Robinson and Marvin and their fees and costs associated with these services are relevant and material to the defense of this case.

4. Items #6, #9, #11- request for any contacts with clients of the co-defendants entities, FNE or the P.K. Trust by Mrs. Eldridge in which clients of the co-defendants were encouraged to keep funds with the co-defendants; records of any efforts by Mrs. Eldridge to direct the co-defendants to approach their respective clients to raise funds for false purposes; records of any requests by Mrs. Eldridge for a minimum investment of $1,000,000 from the clients of the co-defendants. See Paragraphs "3", "4", and "16" of Indictment. The requested documents are relevant and material to the defense of the Government's accusations against Mrs. Eldridge.

5. Item #10- requests documentation of Mrs. Eldridge offering to the public investment products referred to as "High Yield Investment Program. The Government claims in Paragraph "3" of the Indictment that: "The defendants

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-3440

offered to the public investments in fraudulent high yield investment programs through First National Equity and P.K Trust." As previously noted, Mrs. Eldridge is not alleged to own either entity and merely had a trust agreement with these entities.

6. Item #12- requests documentation of Mrs. Eldridge solicitation of funds from the co-defendants to be placed with UTA-BVI. See paragraph s 5(a);6(a) of Indictment. These requests are likewise relevant and material to the defense of this case.

7. Items #14,16,17- requests documentation as to the control of UTA BVI, First Chase Holdings LLC, and First Chase Holdings Inc. The Government claims that Mrs. Eldridge had "control" of these entities. See Paragraph 1(c) of Indictment.

8. Item #18 - requests documentation that Mrs. Eldridge participated in a wire transfer of $403,762.00 from the UTA-BVI stock brokerage account to an attorney trust account in Washington as alleged in paragraph "51" of the Indictment.

9. Item #19 and #20- requests documents related to the "Florida Sting" of Mrs. Eldridge, including any and all authorizations and instructions to conduct the sting, wiretap orders, search warrants, supporting affidavits and police reports related to that investigation. The defendant has not been charged with a crime related to the investigation and has only received some tapes relative to the matter. No police reports or supporting documentation have been provided. These records are relevant and material to the defense of this matter, as the Government intends to offer this evidence under Rule 404(b).

10. Item #21- requests financial records of the investors alleged to have been defrauded in this case, including any net worth statements or records establishing

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

their financial circumstances. This information is relevant and material to the facts and circumstances surrounding their decision to invest with the P.K. Trust or FNE.

D. October 23, 2006 Discovery Requests

1. Item #1- relates to the Bevre Hart affidavits. (Exhibits "K" and "L"). These affidavits were tendered by the Government as a part of their discovery response. The defendant requests a copy of all documentation referenced to support Bevre Hart's affidavits.

2. Item #2- requests a copy of the directive that the U.S. Government issued directing him to investigate Mrs. Eldridge. Bevre Hart claims that there was a Presidential Directive in 1995 relative to Mrs. Eldridge and "I was assigned to Mrs. Eldridge by the IC in 1997". This government action would have occurred prior to the alleged conspiracy and is relevant and material as to the defense in this case.

3. Item #4- related to all records involving the HDL/BCT and Bridgewater Investment Projects which the Government's witness, Robinson was involved in with Marvin of DLJ. Both Marvin and Robinson advised the defendant and were involved in these investment projects prior to the alleged conspiracy of 1999. These projects and the actions of Marvin and Robinson in relationship thereto are relevant and material to the defense of Mrs. Eldridge's actions in this case.

4. Item #5- requests records of Robinson's Indictment, Plea Agreement and supporting records. Although your deponent has received a copy of the felony Information and Plea agreement, the reports, records, and documentations in support of the charge has not been provided.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-5440

5. Item #7- requests a copy of interviews and reports of investors relied upon by Agent Jeffery P. Kassouf in his expert witness report. (Exhibit "P"). Mr. Kassouf's report indicates that "During this investigation multiple interviews were conducted of victims, unindicted co-conspirators, and various associates of the defendants". These reports are relevant and material to this case, and to the findings of Agent Kassouf.

6. Item #8- requests a copy of all Federal Reserve advisories, bulletins, and any other official publications addressing the Medium Term Note markets. Mr. Zawistowski is offered as an expert witness on this subject and cites an article in support of his position.

7. The final request relates to a computerized signature, which upon information and belief, was used by Robinson and others. This computer file is referenced as "VGESIGN 1,2,3". The defendant requests access to the computer and the computer file for inspection and copying.

8. Each of these requests are relevant and material to the defense of this case. Based on the extremely broad scope of this prosecution, each of these requests are necessary for the preparation of a defense.

E. Remaining Discovery Requests

1. Statements:

(a.) Any written, recorded, oral or observed statement of any defendant, or attributed to any defendant (and of all uncharged co-defendants or co-conspirators), including notes, summaries or memoranda concerning such statements;

(b.) Any transcript of testimony relating to this criminal action, given by any

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2040

        defendant, or any agent or employee of any defendant (or by any uncharged co-defendant or co-conspirator) before any grand jury; and

   (c.)   Any hearsay evidence intended by the prosecutor to be introduced at trial.

F.  Evidence to Establish Conspiracy:

Each and every statement of a co-conspirator which will be relied upon at trial by the Government to demonstrate the requisite existence of the conspiracy charged in Count One of the indictment [in connection with an offer of otherwise hearsay testimony under Federal Rule of Evidence 801 (d) (2) (E)]. See Bourjaily v. United States, 483 U.S. 171, 107 S. Ct. 2775 (1987).

G.  Identification:

1.  Any visual or audio identification procedures utilized in this case, specifying the procedure, the participants and the circumstances; any visual or audible representation of a person or voice used for identification purposes.

2.  Results of the use of any television or video cameras commonly called a "Concealed Pole Camera" which are placed on utility poles to covertly observe a certain public area that were not previously provided.

H.  Law Enforcement Documents:

1.  All FBI and/or police investigative reports, complaints, evidence logs, interdepartmental memos, or other documents maintained by any national, state or local police or law enforcement agency relevant to any of the actions or conduct referred to in the indictment or considered by the Grand Jury in bringing the within indictment, or which are intended for use at trial or to be relied upon at trial in the presentation of the case or obtained for use in the examination of any defendant or witness. This request includes criminal history information related

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

to any defendant and any potential witness, and any documents concerning any alleged offenses underlying the indictment;

2. All investigative reports or documents prepared by the United States government or any agencies or persons operating on its behalf relating to the conduct charged in the present indictment or considered by the Grand Jury in bringing the indictment or which are intended for use at trial or to be relied upon at trial in the presentation of the case or obtained for use in the examination of any defendant or witness. This request includes criminal history information related to any defendant and any potential witness, and any documents concerning any alleged offenses underlying the indictment; and

3. Any documents concerning the present indictment or the investigation leading to the indictment, prepared or maintained by any state correctional facility or local jail or the State Department of Correctional Services or other similar administrative agency having jurisdiction over places where any of the defendants or alleged conspirators referred to in the indictment have been confined.

I. Summaries and Logs of Conversations:

All monitoring logs, or summaries, or other documents concerning intercepted conversations or observed conversations that were not previously provided.

J. Third Party Documents:

1. Any documents obtained from any banks, financial institutions, or the like relating in any way to the indictment or the investigation which lead up to the indictment;

2. Any documents obtained from any utility companies, home services providers or the like, relating in any way to the indictment or the investigation which lead up to the indictment;

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

   3. Any documents obtained from any common carriers, whether for packages, information, data, or persons, including telephone records, or the like, relating in any way to the indictment or the investigation which lead up to the indictment; and

   4. Any documents obtained from any vendors, law firms, or any other third parties relating in any way to the indictment or the investigation which lead up to the indictment.

K. Other documents:

   Any other documents in the possession, custody or control, or with which by the exercise of due diligence could come within the control, of the prosecution that were prepared in connection with this case or are intended to be used in the trial of the defendants.

L. All correspondence, records of meetings, and/or interactions between Antoine Hanna Frangie and the Securities and Exchange Commission, FBI, or any federal government agency, or Bevre Hart or Joseph D'Erasmo in any way involving Mrs. Eldridge.

M. Tapes, Photographs:

   1. Copies of all video or audio tapes made in connection with the investigation by any agency that were not previously provided;

   2. A precise description of the form and location of the original recordings, and the process by which the current copy was created;

   3. Any photographs made in connection with the case;

   4. Any charts, graphs, maps or drawings related to the investigation and prosecution of this case; and

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-3840

5. Reports of instances when audio or visual equipment failed to properly work due to conditions beyond the control of the operator(s).

N. Transcripts:

Verbatim transcripts of all conversations relevant to the case that were not previously provided.

O. Physical evidence:

All physical evidence collected or seized in connection with the case, including copies of all property capable of being photocopied or reproduced. This request includes any seized correspondence. The source and date and time of recovery, as well as the authority under which the property was obtained, must also be disclosed.

P. Favorable Information:

1. All material evidence or information, whether admissible at trial or not, whether regarding facts or occurrences or the absence of facts or occurrences, known to the prosecutor or which could become known upon diligent inquiry to those under the prosecutor's direction or control, which is in any way favorable to any defendant, whether by detracting from the prosecution's case or the credibility of the prosecution's witnesses, or supportive of the positions urged, or likely to be urged, by any defendant at any stage of the proceedings; and

2. Without limiting the prosecutor's duty to disclose favorable material, the defense suggests that the following, if extant, should be disclosed:

    (a.) Any record of previous arrests or convictions, or any other evidence, or information demonstrating participation in dangerous, vicious, immoral or criminal behavior on the part of any persons intended to be called as witnesses by the prosecutor.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-5540

(b.) Any statements known to be false or erroneous or conflicting, made to a public servant engaged in law enforcement activity, or a grand jury or court, by persons intended to be called as witnesses. Any statements, records or information indicating that any prospective witness has given contradictory or deceitful information in the course of the investigation of this case.

3. Any information indicating that any prospective witness has given information inconsistent or materially different from information received from other more reliable sources.

4. Names and addresses and statements of any persons interviewed by or on behalf of the government or who are known to have been witnesses to the events underlying the indictment whom the government does not intend to call as witnesses.

5. The existence of any government agents or information or cooperating individuals in this case, and any representation, offer, agreement or understanding regarding any past, present, or future benefit to such persons as a result of or in relation to their cooperation with the prosecutor.

6. Any information to the effect that the instant prosecution is based on or derived from evidence acquired as a result of governmental action violative of Constitutional standards. This request expressly encompasses any information which might affect the Court's decision on a suppression issue in a fashion favorable to any defendant.

7. Any information or documentation reflecting misidentification or non-identification (by person, voice, photograph or otherwise) of either defendant

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

as a participant in any of the alleged offenses.

8. Any information or documentation which indicates that defendant did not actually possess the alleged controlled substances or other items.

9. Any other records or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution's evidence or which arguably could lead to such records or information.

Q. Impeaching information:

1. The defense also requests information which could be utilized for the impeachment of prosecution witnesses, including, specifically, the disclosure of any of the following within the possession, custody or control of the prosecution or which, with due diligence could become known to the prosecution:

    (a.) Any records or information revealing prior convictions or juvenile adjudications attributed to each witness to be called by the government, including but not limited to relevant "rap sheets." Any records, including police personnel records, or information revealing prior misconduct or bad, vicious or immoral acts on the part of any witness.

    (b.) Any consideration or promise of consideration or expectation of consideration which obtains with respect to any witness intended to be called by the prosecution, including, but not limited to leniency, favorable treatment, assistance with respect to any pending legal proceeding, claim for reward or fees, including witness fees or special provisions for protection, food, clothing, shelter, transportation, or other benefits, or anything else which arguably could reveal an interest, motive, or bias of

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

the witness in favor of the prosecution or against the defense or act as an inducement to testify or to color testimony.

(c.) Any threats, express or implied, direct or indirect, or other coercive measures directed against any witness, such as threats of criminal prosecution or investigation or potential prosecution, any probationary, parole, deferred prosecution or custodial status of the witness or any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the prosecution or over which the prosecution has a real, apparent, or perceived influence.

(d.) Any information as to any prospective prosecution witness having a history of mental or emotional disturbance.

(e.) The existence and identification of each occasion on which any witness has testified before any court, grand jury, or other tribunal or body in relation to the defendant, the investigation, or the facts of this case.

(f.) The existence and identification of each occasion on which each witness who was or is an informer, accomplice and/or co-conspirator has testified before any court, grand jury, or other tribunal or body.

(g.) Whether any witness has commenced or contemplates commencement of a civil action against the accused; and

(h.) Any instances where potential witnesses were the subject of searches or were arrested, then released and not charged with any crime(s).

(i.) The same information requested in paragraphs "(a)" through "(h)" above is also requested with respect to each non-witness declarant whose statements may be offered in evidence.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

R. Alleged Prior Misconduct:

Any alleged criminal or immoral conduct on the part of any defendant intended to be used against any defendant on the government's direct or rebuttal case, or in the examination of any defendant who might testify at trial.

S. Expert Testimony:

Pursuant to F.R.Cr.P. 16(a)(1)(E), a written summary of expert testimony that the government intends to use in its direct case; said expert's qualifications; and, the basis of the expert's opinion, whether or not the expert files a report.

XVII. **BILL OF PARTICULARS RULE 7(F)**

A. Pursuant to Rule 7 (f); the 6th Amendment to the United States Constitution; U.S. v. Bortnovsky, 820 F.2d 572 (2nd Cir. 1987); U.S. v. Santoro, 647 F. Supp. 153 (E.D.N.Y. 1986) and U.S. v. Ramirez, 602 F. Supp. 783 (S.D.N.Y. 1985) the defendant requests the following

1. As to each count of the Indictment, state the location at which each of the specific acts alleged in the Indictment occurred.

2. As to each count of the Indictment, state the location within the Western District of New York where specific act(s) alleged in the Indictment occurred.

3. State the place, including street address, where the conspiracy was initially formed, and the place or places, including street addresses, where each defendant and each co-conspirator presently known to the Government joined in this alleged conspiracy.

4. State the date or dates and the time or times when Mrs. Eldridge joined or entered into the alleged conspiracy.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

19. State when Mrs. Eldridge participated in offering to the public investments with FNE or P.K. Trust.

20. The principles governing requests for a bill of particulars are well settled. A bill is appropriate to permit a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky 820 F.2d 572, 574 (2nd Cir. 1987)

21. This motion is made on the grounds that the above-information is available to the Government, is necessary to enable Mrs. Eldridge to adequately prepare for trial, and to avoid surprise at trial associated with the voluminous records relied upon by the Government, and upon the failure of the Government to respond to outstanding discovery requests and to particularize its claims.

## XVIII. ISSUANCE OF SUBPOENA/SUBPOENA DUCES TECUM

A. The Government has refused to respond to the defendant's outstanding discovery demands as noted in Part XV, entitled Discovery and Inspection.

B. Due to the defendant's indigency, the defendant requests leave of the court to have subpoenas/subpoena duces tecums issued to address the outstanding discovery requests which are not responded to by the Government and for the Government to pay all costs of service of subpoenas, including marshal and witness fees.

C. These outstanding records include the outstanding records of compensation, commissions and the like charged by Robinson, Marvin, DLJ, Bank of America and First Union. The records of commissions and compensation involving UTA

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

transactions with Pinnacle Insurance, Bridgewater Investments, First Chase Holdings, Inc. and HDL/BCT investments are also relevant and material to the defense of this case.

D. The defendant also requests leave to take the deposition of any witness for the defense who is not able to appear at the time of trial.

## XIX.  FURTHER RELIEF

In addition to the relief requested above, the defendant respectfully requests such other and further relief as the Court deems just and proper.

Dated: February 20, 2007
      Rochester, New York

Respectfully submitted,

/s/ Maurice Verrillo

MAURICE J. VERRILLO, ESQ.
Attorney for Violet Gail Eldridge, Defendant
1 East Main Street, Suite 711
Rochester, New York 14614
(585) 232-2640

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640