## Maurice Verrillo

| | |
|---|---|
| **From:** | Maurice Verrillo |
| **Sent:** | Tuesday, October 02, 2007 5:09 PM |
| **To:** | Kelly Pruden |
| **Cc:** | Mark Hosken; Christopher Ciaccio; scott garretson; William Bowne; Bradley Tyler; james vacca |
| **Subject:** | U.S. v. Eldridge et al. |
| **Attachments:** | eldridge.witness.list.revsd.wpd; eldr.prop.voir.dire.wpd |

On behalf of Mrs. Eldridge, I am filing the proposed jury questions and potential witness list.

Maurice Verrillo

3/3/2008

## Maurice Verrillo

| | |
|---|---|
| **From:** | Maurice Verrillo |
| **Sent:** | Tuesday, October 02, 2007 5:09 PM |
| **To:** | Kelly Pruden |
| **Cc:** | Mark Hosken; Christopher Ciaccio; scott garretson; William Bowne; Bradley Tyler; james vacca |
| **Subject:** | U.S. v. Eldridge et al. |
| **Attachments:** | eldridge.witness.list.revsd.wpd; eldr.prop.voir.dire.wpd |

On behalf of Mrs. Eldridge, I am filing the proposed jury questions and potential witness list.

Maurice Verrillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    vs.                                      DEFENDANT ELDRIDGE'S
                                                  POTENTIAL WITNESS LIST
VIOLETTE GAIL ELDRIDGE            RESPONSE
ET AL,                                        #05-CR-6116CJS
            Defendants.

The defendant, Gail Eldridge, through her attorney, Maurice J. Verrillo, in accordance with the Court's direction to file a potential list of witnesses for trial provides the following response. The potential witness list is dependent on the evidence presented by the Government at the time of trial. Mrs. Eldridge is unable to respond to this request with any certainty as we do not know what testimony the Government witnesses will provide at trial. Moreover, a large number of potential witnesses arise from the disclosure of SEC materials as a part of this criminal case, including references to high yield investment programs offered by third parties, which depending on the documents and proof offered at the time of trial, may necessitate some of these witnesses being called by the defendant. Accordingly, Mrs. Eldridge requests leave to amend, modify, or supplement her response after the Government's case in chief has been concluded and prior to the conclusion of all evidence presented by the defendants in their direct case. Mrs. Eldridge further incorporates by reference as potential witnesses any proposed witnesses of the co-defendants not mentioned herein. The following are the witnesses Mrs. Eldridge may call during the defendant's case:

1. Vic Perdomo, Whittier CA-Officer in United Tribes of the Americas, Inc. Introduced Dr. Jesse Mitchell to Chuck Sweeney.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

2. Dr. Jesse Mitchell-Newport Beach CA-purchased Chuck Sweeney's water purification system.

3. William Marvin-Garden City, NY- Securities representative and account manager for UTA-BVI. Introduced Marc Robinson to defendant. Introduced co-defendants Lyttle and Knight to defendant. Arranged the investment with the insurance companies and Paul Stanley.

4. Joan J. Stott-West Palm Beach, FL-mother of Christopher Quinn. Funds managed by Marvin.

5. Paul Stanley:-Atlanta ,GA- CEO of Insurance Companies and client of Marvin. Marvin arranged investments between UTA -BVI and his companies.

6. John Dodge, Esq.,Rogers Arkansas -Attorney that was set up by John Osa and Pat Lochrie in Arkansas. Mr. Dodge was acquitted after a jury trial..

7. Katherine Crase, Esq,Tampa FL.-CPA and Attorney for Eldridge during the applicable time period of this Indictment. Ms. Crase reviewed the financial transactions of Mrs. Eldridge and her entities and is familiar with the accountings prepared for the applicable time periods in support of the income tax filings and may respond to testimony offered by Special Agent Kassouf as it relates to the transactions at issue in this case.

8. Richard Grass-Rapid City SD-Native American who signed the original treaty to establish the United Tribal Alliance.

Dated: October 1, 2007

Yours etc.,

*Maurice Verrillo* (signature)

LAW OFFICES OF MAURICE J. VERRILLO, P.C.
Attorney for the Defendant Gail Eldridge
One E. Main Street, Suite 711
Rochester, New York 14614
(585) 232-2640

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-2-

## PROPOSED JURY QUESTIONS-DEFENDANT GAIL ELDRIDGE

1. Have you previously been called for jury duty?

2. What kind of case did you hear?

3. Have you ever been a party to a civil lawsuit?

4. What kind of case was it?

5. As the defendants sit here today, do you understand that they are presumed to be innocent of the charges?

6. Does any of the prospective jurors have a problem with the presumption of innocence?

7. Do you understand that the Government has the burden of proving the charges beyond a reasonable doubt?

8. If in your own mind you determine that you have a reasonable doubt concerning any one, some, or all of the charges, would you hesitate in finding that the defendant was not guilty?

9. Are you aware that each defendant has a constitutional right not to present evidence or to testify at this trial? Any would any of you hold it against any of the defendants if they chose not to testify?

10. Do you understand that each defendant is represented by their own attorney and that each attorney is advocating for the interests of their particular client which may be inconsistent with the interests of the other defendants?

11. Will you be able to judge each defendant based upon the evidence and the instructions that the Court provides to you?

12. The amounts of the claimed losses in this case will be substantial. Are you able to keep an open mind and judge this case fairly and in accordance with the law despite any sympathy that you may have for any of the investors in this case?

13. Some of the witnesses that may be called are law enforcement officers. Do you understand that the same standard of credibility that applies to a lay witness applies to law enforcement officers? Would you agree that a law enforcement officer should not have any more credibility just because of their position?