# LAW OFFICES OF MAURICE J. VERRILLO, P.C.
ATTORNEY AND COUNSELOR AT LAW

MAURICE J. VERRILLO, ESQ.

RICHARD L. BELLOWS, PARALEGAL
JILL A. SCHMIDT, PARALEGAL
SONYA E. VERRILLO, OFFICE MANAGER
Phone:   (585) 232-2640
Fax:       (585) 262-2610
Email:    mjvlaw@frontiernet.net

**MAIN OFFICE/MAILING ADDRESS**:
One East Main Street, Suite 711
Rochester, NY 14614
**SATELLITE OFFICE (BY APPT.)**
562 Perinton Hills Office Park
Fairport, NY 14450

Website:   www.verrillolaw.com

April 15, 2008

Hon. Charles J. Siragusa
1360 U.S. Courthouse
100 State Street
Rochester, New York 14614

Re: U.S. v. Gail Eldridge et al.

Dear Judge Siragusa:

This letter will provide the defendant, Gail Eldridge's response to the Government's letter dated April 7th.

Mrs. Eldridge has worked closely with her counsel in responding to the Government's objections. As a result of the attorneys March 27th conference, we have discussed these objections and have been considering some revisions to the proposed requests. The Government has shown no interest in compromising or reaching a dispositional plan to settle this subpoena dispute, including refusing to give some more time to respond to their voluminous objections, which could not be addressed in the short time frame provided. Accordingly, we are renewing our objections to the Government's motion to unseal the subpoenas and incorporate by reference our prior Answering Affidavit.

**POINT ONE-THE GOVERNMENT LACKS STANDING TO OBJECT TO THE EX PARTE SUBPOENAS UPON THIRD PARTIES BY AN INDIGENT DEFENDANT**

The defendant raises a jurisdictional objection based on the Government's lack of standing to quash third party subpoenas.

The defendant renews its opposition to the Government's motion to unseal and to quash subpoenas. Since the Government's letter was sent, we have conducted some further legal research in reference to the representations made by the Government as to the law on ex parte subpoenas. We learned for the first time yesterday that the Western District of New York has a case exactly on point related to ex parte applications by indigent defendants seeking subpoena duces tecums. **United States v. Ernest Florack**, 838 F. Supp. 77 (W.D. N.Y. 1993). This case was decided after the decision in **Urlacher** relied upon by the Government, who was also a party to the **Florack** case. The indigent defendant in **Florack** sought records from an entity in connection with a suppression hearing. The Magistrate denied the application based on the **Urlacher** decision. On appeal, Judge Larimer granted the defendant the right to proceed with his application ex parte. The Court thoroughly considered the statutory and constitutional concerns associated with an indigent defendant's application for the production of records. The Court noted that " Based on my interpretation of Rule 17, I conclude that an indigent defendant is also entitled to an ex parte procedure for obtaining a subpoena duces tecum to compel the production

of witnesses and documents for a hearing or trial", **Florack**, 838 F. Supp at 79. Judge Larimer further concluded that: "In order to shield defendants from **premature disclosure** of their evidence, the 1966 amendment was designed to permit all defendants, regardless of financial ability to subpoena witnesses without having to reveal their **trial strategy**. To refuse an ex parte procedure to an indigent defendant who seeks a subpoena duces tecum would create the "Hobson's choice" that Congress intended to eliminate in its 1966 amendments to Rule 17". (Emphasis added) Id. The Court further cited the defendant's protections under the Fifth Amendment necessitated an ex parte procedure. As the Court further noted: "Therefore, in order to be consistent with the Fifth Amendment, Rule 17 ( c ) must be read as authorizing an ex parte procedure for indigent defendants seeking to subpoena records".Id. This case is consistent with the defendant's rights, including to Due Process under the Fifth Amendment, to confront witnesses, and to compulsory process under the Sixth Amendment.

In light of the **Florack** Decision, the defendant would request that the Government's motion be dismissed based on lack of standing. It is the Government's burden to prove that it has standing to object to third party subpoenas. See **U.S. v. Reyes,** 162 F.R.D. 468 (S.D.N.Y. 1995). The Court in **Reyes** granted the Government's application for ex parte pre-trial subpoenas. Judge Scheinlein noted that: "If ex parte applications were prohibited, the adverse party would be able to challenge subpoenas issued to third parties without any claim of privilege or proprietary interest in the requested material." **Reyes**, 162 F.R.D. at 470,471. Judge Scheinlein did not grant a full hearing to determine whether a subpoena duces tecum should be granted ruling that "If a full adversary hearing was required to obtain a subpoena duces tecum, a party would be forced to reveal information to the opposing side, a result which will occur even if the Court declined to issue the subpoena. In this vein, the Court is mindful that it is often **defendants** who seek a subpoena duces tecum on an ex parte basis in order to avoid disclosing their trial strategy to the Government." (Emphasis added); Id. A subsequent case further addressed this issue. **U.S. v. Tomison,** 969 F. Supp. 587 (E.D. Cal. 1997). The Court denied the Government's motion to quash subpoenas based on a lack of standing. **Tomison,** 969 F.Supp. at 595. The Court ruled that: "Even if Rule 17( c) did not permit defendants to apply for the subpoenas duces tecum ex-parte, the government has not demonstrated standing to move to quash them. Since standing goes to the jurisdiction of the court, the government, as the party attempting to invoke the court's jurisdiction, has the burden of demonstrating that it has standing ." Id. citing **KVOS, Inc. v. Associated Press** 299 U.S. 269,278; Also See **U.S. v. Herbert Daniels**, 95 F.Supp.2d 1160 (Kansas Dist.Ct. 2000)(Court holding Government lacked standing to seek quashing of ex parte subpoena of records)

The Government has failed to establish that it has a legal interest in the records of Banc of America, Paul Stanley, or any other third party record holder. The original ex parte process initiated in this case is consistent with the rationale set forth in Judge Larimer's previous ruling in Florack and should be followed here. The Court has previously conducted an ex parte hearing on the relevance of the requested materials and that determination should not be set aside.

We request that the Court first rule on our standing objection . If the Court grants our application, then the extensive and burdensome hearings associated with the disputed matters involving the Government's motion can be avoided..

**POINT TWO-THE SUBPOENAS SEEK RELEVANT EVIDENCE BASED ON THE GOVERNMENT'S POTENTIAL CASE.**

In the alternative, if our application to dismiss the motion based on lack of standing is denied, then we would generally respond to the Government's motion as follows:

A.  The Government is applying a double standard in its analysis of relevant material. We would contend that the Government's witness list, expert witnesses, voluminous records, and use of defendants statements contain irrelevant, immaterial, burdensome, and overly broad materials yet the Government takes a very narrow approach as to what constitutes relevant material. The Government refuses to consider for example, the reasonable inferences to be drawn from the evidence it intends to present. Moreover, it is not the defendant's fault that she has superior knowledge of the witnesses and potential evidence in this case.

B.  The Government intends to offer two expert witnesses, Leonard Zawistowski, Jr. and case Agent Kassouf. Their reports, without attachments are enclosed.

C.  The Government claims that the defendant's request for high yield investment information is inappropriate yet intends to offer two expert witnesses who will be addressing this issue. Agent Kassouf represents that he has specialized information, among other things on "Prime Bank Fraud", "Money Laundering", and "High Yield Investment Fraud". P1. The report alleges concealing of assets, improper uses of cash, improper investment of funds, purports to give an accounting of the defendant's transactions, allegations of disguising transactions with multiple entities, and other far reaching allegations, including issues relative to her income tax filings. His conclusions allege that the defendants uses fraudulent pretenses and made various financial transfers through a "High Yield Investments Program criminal scheme' P.12. Agent Kassouf has also personally interviewed a number of the investors in this particular case, raising issues relative to his dual role as investigator and expert. Mr. Zawistowski purports to be an expert relative to such matters as "financial fraud", "terrorist financing", "money laundering" and has a result of his investigation of other cases, "... garnished extensive experience regarding High Yield Investment Program (HIP) type frauds and bogus financial instrument frauds". See paragraphs "1" and "3". In paragraph "11" of his report, Mr. Zawistowski represents that the actions of the defendants constituted a "trading program" and that such program constituted a "fraudulent HIP". Both witnesses have
dual roles as investigators and expert witnesses.

D.  The Government claims that the request for records of witnesses prior to August 1999 is overbroad, yet the Government's witness list includes witnesses who had contacts with Mrs. Eldridge prior to August 1999, including Marc Robinson, Jim Ozmer, Richard Sowden, and Warren Goss.

E.  The Government claims the defendant's request for financial records are irrelevant to this case yet intends to call Agent Kassouf, in part, to establish an accounting of funds.

    F.   The Government wishes to deny the defendant the opportunity to show the context of contacts with persons outside of the conspiracy yet has no hesitancy in raising individuals prior to or after August 1999 to establish the defendant's intentions. This would include the evidence associated with the 2004 Florida Sting. Agent Osa's credibility will also be at issue in this case.

There are a number of relevant and material issues to be sought in the subpoenas. Each of the charged offenses of mail fraud, wire fraud, and money laundering, have elements of knowledge and an intent to defraud. See **U.S. vs. Rossomando,** 144 F.3d 197, 201 (2nd Cir. 1998)(requiring an intent to harm victims);**U.S. v. D'Amato,** 39 F.3d 1249,1257 (2nd Cir. 1994) (holding that "Essential to a scheme to defraud in fraudulent intent") The requested records relate to issues of knowledge and intent of the defendant. The Government claims evil intentions on the part of Mrs. Eldridge which is in dispute. The prior records of contacts with Government witnesses is certainly relevant to Mrs. Eldridge awareness of matters in dispute and the reasonableness of any beliefs she may have in light of her prior knowledge of contacts with witnesses. The Government claims evidence of prior events is irrelevant yet seeks to offer witnesses who will testify of events prior to and after August 1999 alleging that it establishes Mrs. Eldridge knowledge of high yield trading programs. Particular "high yield investment programs"are expressly set forth in the Government's SEC records and the Federal Reserve, as an example, is requested to answer whether or not these specific transactions took place. The defendant has retained an expert witness who needs the accounting and other financial records sought by subpoena. The defendant has the right to contest all of the allegations raised by the Government.

The Government's decision to offer expert witnesses opens the door to areas of inquiry beyond what is normally available with fact witnesses. Nothing in this letter should minimize the defendant's concerns about the use of both witnesses as experts in light of the Second Circuit holding in **U.S. v. Dukagjini**, 326 F.3d 45 (2nd Cir. 2000) and related cases. The defendant has concerns as to the scope of these witnesses testimony and whether it is appropriate for these witnesses to testify on the broad range of topics set forth in their reports. This circuit has recognized however, that an expert may consider otherwise inadmissible material in rendering an opinion "if of a type reasonably relief upon by experts in the particular field". **U.S. v.Dukagjini,** 326 F.3d at 58. It is apparent from Mr. Zawistowski's report that his investigation of various alleged HYIP frauds is going to form a substantial basis of his opinion, which would constitute hearsay. The defendant has the right of confrontation and to pursue inquiry into information available through the subpoenaed parties in order to contest and refute the assumptions and bases for the expert opinion selected by the Government. Contrary to the Government's claim on page Three of its letter, the defendant should not be compelled to testify because she was deprived of the right of compulsory process , the right to gather evidence ,and to acquire potential witnesses in support of her defense..

The defendant's request for subpoena duces tecums is material and necessary to her defense. The purpose of the request is consistent with the goal of Rule 17 which is to expedite trial preparation by acquiring records prior to trial without needless delay. **U.S. v. Murray,** 297 F.2d 812 (2nd Cir. 1962). The Government's motion if permitted to proceed will result in substantial delays in this case. Significant time will be incurred going through boxes, organizing exhibits to establish particular requests, and may even necessitate the appearance of the record holders themselves to establish the nature of the records at issue. The defendant continues to feel that immediate production of the requested documents will expedite the acquisition of records necessary for her

defense and assist in preparation for trial.

The defendant requests that the Government's motion be dismissed on standing grounds.  In the alternative, the defendant requests further proceedings to resolve the disputed requests for records.

Very truly yours,

*/s/ Maurice Verrillo*

Maurice J. Verrillo
Encs.

pc:
    Bradley Tyler, Esq. w/Florack case
    William Bowne, Esq. "              "
    James Vacca, Esq.     "              "
    Scott Garretson, Esq. "              "
    Mark Hosken, Esq.      "              "
    Christopher Ciaccio, Esq. "         "