LexisNexis  Total Research System

Sign Off | ? Help

Search \ Research Tasks \ Get a Document \ Shepard's® \ Alerts \ Transactional Advisor \ Counsel Selector \
Service: Get by LEXSEE®
Citation: 838 F. Supp. 77, 80

838 F. Supp. 77, *; 1993 U.S. Dist. LEXIS 16568, **

United States of America, Plaintiff, v. Ernest Joseph Florack and John Clayton Walls, Defendant.

Indictment No. 93-CR-84L

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK

838 F. Supp. 77; 1993 U.S. Dist. LEXIS 16568

November 18, 1993, Decided

### CASE SUMMARY

**PROCEDURAL POSTURE:** Defendants sought review of an order of the United States Magistrate for the United States District Court for the Western District of New York, pursuant to 28 U.S.C.S. § 636(b)(1)(A), and U.S. Dist. Ct. W.D.N.Y. R. 30(a), denying his ex parte request for a subpoena duces tecum under Fed. R. Crim. P. 17.

**OVERVIEW:** Defendants requested that the magistrate issue a subpoena duces tecum, ex parte, pursuant to Fed. R. Crim. P. 17(c), directing that an entity's custodian of records produce certain documents in connection with a suppression hearing. The magistrate denied the request on the ground that Fed. R. Crim. P. 17(c) did not permit a subpoena duces tecum to be issued ex parte. On appeal, the court reversed and vacated, holding that a subpoena duces tecum was just a type of subpoena that could be issued either under Fed. R. Crim. P. 17(a) if the applicant tendered the requisite fees or under Fed. R. Crim. P. 17(b) if the applicant was indigent. The court held that Fed. R. Crim. P. 17(c) should have been interpreted in accordance with the provisions of Fed. R. Crim. P. 17(a) and (b). The court also held that in order to be consistent with the Fifth Amendment, Fed. R. Crim. P. 17(c) had to be read as authorizing an ex parte procedure for indigent defendants seeking to subpoena records.

**OUTCOME:** The magistrate's order denying defendants' request for an ex parte issuance of a subpoena duces tecum was reversed and vacated. Defendants were ordered entitled to apply in an ex parte proceeding to determine whether a subpoena duces tecum should issue.

**CORE TERMS:** subpoena, ex parte, indigent, subpoena duces tecum, ex parte, subpoenaed, prior to trial, requisite, notice, produce documents, unable to pay, suppression hearing, able to pay, trial strategy, equal footing, production of documents, satisfactory, requesting, disability, disclose, pretrial, vacated, mileage, entity, attend, blank

### LEXISNEXIS® HEADNOTES                                                                    ☐ Hide

Civil Procedure > Parties > Intervention > General Overview
Criminal Law & Procedure > Discovery & Inspection > Subpoenas
Criminal Law & Procedure > Appeals > Standards of Review > Harmless & Invited Errors > General Overview

HN1 ✦ Fed. R. Crim. P. 17 governs the issuance of subpoenas in criminal proceedings. Fed. R. Crim. P. 17(a) covers the "normal" situation where the party has retained counsel and is able to pay the fees and mileage required to be tendered to the subpoenaed witness upon service of the subpoena pursuant to Fed. R. Crim. P. 17(d). Under such circumstances, no court intervention is required at all. The party simply obtains the subpoena from the clerk, who issues it in blank. The

requesting party fills in the blanks prior to service together with the requisite funds for the one-day witness fee and mileage. Fed. R. Crim. P. 17(a) requires that the subpoena state the court and title of the proceeding and command the person to attend and give testimony at the time and place specified therein. Under that procedure, leave of court is not required and no notice need be given to the government.  More Like This Headnote

Civil Procedure > Pretrial Matters > Subpoenas
Criminal Law & Procedure > Discovery & Inspection > Subpoenas
Criminal Law & Procedure > Trials > Defendant's Rights > Right to Compulsory Process

HN2⬥ In many situations a defendant requesting a subpoena is indigent and unable to pay the requisite fees. Under those circumstances, the defendant may obtain the subpoena and the fees and expenses will be paid by the government.  More Like This Headnote

Criminal Law & Procedure > Discovery & Inspection > Subpoenas
Criminal Law & Procedure > Trials > Examination of Witnesses > General Overview
Criminal Law & Procedure > Appeals > Standards of Review > Plain Error > General Overview

HN3⬥ Fed. R. Crim. P. 17(b) provides an ex parte procedure for indigent defendants. Upon an ex parte application, the court may issue a subpoena upon a satisfactory showing that: (1) the defendant is financially unable to pay the fees of the witness, and (2) that the presence of the witness is necessary to an adequate defense. The government is not notified of the proceeding and therefore defendant is not forced to disclose potential defense witnesses or their expected testimony. This, of course, also puts a defendant on an equal footing with the government because the government is never required to obtain court approval for its subpoenas and it never gives defendants notice as to those witnesses that it intends to subpoena.  More Like This Headnote | *Shepardize:* Restrict By Headnote

Criminal Law & Procedure > Discovery & Inspection > Subpoenas
Criminal Law & Procedure > Trials > Defendant's Rights > Right to Compulsory Process
Criminal Law & Procedure > Trials > Examination of Witnesses > General Overview

HN4⬥ Fed. R. Crim. P. 17(c) provides that a subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein when the witness appears to testify.  More Like This Headnote

Criminal Law & Procedure > Discovery & Inspection > Subpoenas
Criminal Law & Procedure > Appeals > Standards of Review > Harmless & Invited Errors > General Overview
Criminal Law & Procedure > Appeals > Standards of Review > Plain Error > General Overview

HN5⬥ A subpoena duces tecum is just a type of subpoena that can be issued either under Fed. R. Crim. P. 17(a) if the applicant tenders the requisite fees or, under Fed. R. Crim. P. 17(b) if the applicant is indigent.  More Like This Headnote | *Shepardize:* Restrict By Headnote

Criminal Law & Procedure > Discovery & Inspection > Subpoenas
Criminal Law & Procedure > Trials > Defendant's Rights > Right to Compulsory Process
Criminal Law & Procedure > Appeals > Standards of Review > Harmless & Invited Errors > General Overview

HN6⬥ Fed. R. Crim. P. 17(c) should be interpreted in accordance with the provisions of Fed. R. Crim. P. 17(a) and (b).  More Like This Headnote

Criminal Law & Procedure > Discovery & Inspection > Subpoenas
Criminal Law & Procedure > Trials > Judicial Discretion
Criminal Law & Procedure > Appeals > Standards of Review > Plain Error > General Overview

HN7⬥ Fed. R. Crim. P. 17(a) describes the process for obtaining all types of subpoenas by those who are able to pay for them. Fed. R. Crim. P. 17(b) describes the process for obtaining all subpoenas by those unable to pay the requisite fees. Fed. R. Crim. P. 17(c) describes special matters concerning a subpoena duces tecum, for example, it provides a means to quash the subpoena and it authorizes the issuing court discretion to direct that the subpoenaed documents be produced in advance of trial and made available to both sides for inspection. It is true that Fed. R. Crim. P. 17(c) does not specifically discuss a process for obtaining such subpoenas by an

ex parte application. It is also true that the section does not describe any process for obtaining the subpoena. Nothing in Fed. R. Crim. P. 17(c) suggests that the initial application should be any different from the application for a subpoena which does not happen to require that the subpoenaed witness produce documents. More Like This Headnote | Shepardize: Restrict By Headnote

Criminal Law & Procedure > Discovery & Inspection > Subpoenas
Criminal Law & Procedure > Trials > Examination of Witnesses > General Overview
Criminal Law & Procedure > Appeals > Standards of Review > Plain Error > General Overview

HN8 A criminal defendant's right to subpoena and present witnesses and evidence rests not only on Fed. R. Crim. P. 17(b), but also on the Fifth Amendment right not to be subjected to disabilities by the criminal justice system because of financial status. More Like This Headnote | Shepardize: Restrict By Headnote

Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Compulsory Process
Criminal Law & Procedure > Discovery & Inspection > Subpoenas
Criminal Law & Procedure > Appeals > Standards of Review > Plain Error > General Overview

HN9 To conclude that Fed. R. Crim. P. 17(a) and 17(c) permit an individual of financial means to subpoena both witnesses and documents without notice to the government, while Fed. R. Crim. P. 17(b) and 17(c) only allow an indigent defendant to subpoena witnesses, would result in a disability based on financial status in violation of the Fifth Amendment. In order to be consistent with the Fifth Amendment, Fed. R. Crim. P. 17(c) must be read as authorizing an ex parte procedure for indigent defendants seeking to subpoena records. More Like This Headnote | Shepardize: Restrict By Headnote

**COUNSEL:** [**1] For Plaintiff: United States Attorneys Office.

For Defendant: Lawrence J. Andolina, Esq., Harris, Beach & Wilcox, Rochester, NY. Johnathan Feldman, Esq., Federal Public Defender, Rochester, NY.

**JUDGES:** LARIMER

**OPINION BY:** DAVID G. LARIMER

**OPINION**

[*77] DECISION AND ORDER

On July 14, 1993, United States Magistrate Judge Kenneth R. Fisher entered a Decision and Order denying defendants' ex parte request for a subpoena duces tecum under Fed.R.Crim.P. 17. Defendants have appealed that Decision and Order pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 30(a).

*Background*

Ernest Florack and John Walls requested that Magistrate Judge Fisher issue a subpoena duces tecum, ex parte, pursuant to Fed.R.Crim.P. 17(c), directing that an entity's [1] custodian of records produce certain documents to the Clerk of the Court for the Western District of New York. Both Florack and Walls are indigent and are represented [*78] by the Federal Public Defenders Office and assigned counsel. The materials were to be subpoenaed in connection with a suppression hearing.

**FOOTNOTES**

[1] The identity of the subpoenaed entity has not been disclosed during the public proceedings.

[**2] Magistrate Judge Fisher denied the request on the ground that Rule 17(c) does not permit a

subpoena duces tecum to be issued ex parte. Defendants contend that Rule 17 allows an indigent defendant to obtain subpoenas of all types in an ex parte proceeding, that is, without being required to notify the Government of its request.

The Government requests that I affirm Magistrate Judge Fisher's decision on the ground that an ex parte proceeding is not available to an indigent defendant seeking a subpoena duces tecum. For the reasons that follow, Magistrate Judge Fisher's order is reversed and vacated and defendants may renew their application, ex parte, for the requested subpoena.

*Discussion*

<sup>HN1</sup>Fed.R.Crim.P. 17 governs the issuance of subpoenas in criminal proceedings. Rule 17(a) covers the "normal" situation where the party has retained counsel and is able to pay the fees and mileage required to be tendered to the subpoenaed witness upon service of the subpoena pursuant to Rule 17(d). Under such circumstances, no court intervention is required at all. The party simply obtains the subpoena from the Clerk, who issues it in blank. The requesting party fills in the blanks prior to service [**3] together with the requisite funds for the one-day witness fee and mileage. Rule 17(a) requires that the subpoena state the court and title of the proceeding and command the person "to attend and give testimony at the time and place specified therein."

Obviously, under the above procedure, leave of court is not required and no notice need be given to the Government.

<sup>HN2</sup>In many situations, however, a defendant requesting a subpoena is indigent and unable to pay the requisite fees. Under those circumstances, it has long been recognized that the defendant may obtain the subpoena and the fees and expenses will be paid by the Government. In 1966, Rule 17(b) was amended to change the requirement that indigent defendants must seek leave of court, on notice to the Government, of a request for subpoenas.

Prior to 1966, an indigent defendant was required to submit an affidavit, which was available to the Government, setting forth the names and addresses of the witnesses sought to be subpoenaed, the substance of their testimony, and an explanation as to why their testimony was material to the defense.

This former procedure was widely criticized by courts and commentators alike. As Judge J. Skelly [**4] Wright noted in, *Smith v. United States*, 114 U.S. App. D.C. 140, 312 F.2d 867, 871 (D.C. Cir. 1962) (concurring in part and dissenting in part), "Rule 17(b) apparently presents an indigent with Hobson's choice: either make no defense or disclose his whole case to the Government before his trial."

The 1966 amendment attempted to rectify this discriminatory treatment of indigent defendants. An ex parte procedure was established so that an indigent defendant could approach the court and request subpoenas, without the knowledge of the Government, so that he was not required to reveal his trial strategy, or identify his witnesses. The system was designed to place all defendants, regardless of economic status, on an equal footing. See 8 J. Moore, *Moore's Federal Practice* P 17.01[6] at 17-5 (2d ed. 1986) (citing *Report of the Attorney General's Committee on Poverty and the Administration of Criminal Justice* (1963) p. 27).

<sup>HN3</sup>Rule 17(b) now provides an ex parte procedure for indigent defendants. Upon an ex parte application, the court may issue a "subpoena" upon a satisfactory showing that: (1) the defendant is financially unable to pay the fees of the witness, and (2) that [**5] the presence of the witness is necessary to an adequate defense. The Government is not notified of the proceeding and therefore defendant is not forced to disclose potential defense witnesses or their expected testimony. This, of course, also puts a defendant on an equal footing with the Government because the Government is never required to obtain court approval for its subpoenas and it never gives defendants notice as to those witnesses that it intends to subpoena.

[*79] The dispute here involves an interpretation of Rule 17(c). <sup>HN4</sup>That section provides that a subpoena "may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein" when the witness appears to testify. Simply stated, defendants contend that this section must be read in conjunction with Rule 17(b) so that an indigent defendant may apply to a judge, ex parte, for either a subpoena *or* a subpoena duces tecum. Defendants contend that

there is no logical reason to distinguish between the two subpoenas. I agree.

I believe that <sup>HN5</sup>✦a subpoena duces tecum is just a type of subpoena that can be issued either under Rule 17(a) if the applicant tenders the requisite fees [**6] or, under Rule 17(b) if the applicant is indigent.

The language of Rule 17(c) suggests this result. In pertinent part, the first sentence of that section reads as follows: "A subpoena may *also* command the person to whom it is directed to produce the books, papers, documents . . . ." (emphasis added). The word "also" suggests that the subpoena described above, that is in Rule 17(a) and Rule 17(b), in addition to requiring the person to attend, may *also* require that person to produce books, records, and documents. Therefore, <sup>HN6</sup>✦Rule 17(c) should be interpreted in accordance with the provisions of Rule 17(a) and (b). See *United States v. Bowman Dairy Co.*, 185 F.2d 159, 164 (7th Cir. 1950) (Major, C.J., concurring), *judgment vacated on other grounds*, 341 U.S. 214 (1951).

<sup>HN7</sup>✦Rule 17(a) describes the process for obtaining all types of subpoenas by those who are able to pay for them. Rule 17(b) describes the process for obtaining all subpoenas by those unable to pay the requisite fees. Rule 17(c) describes special matters concerning a subpoena duces tecum, for example, it provides a means to quash the subpoena and it authorizes [**7] the issuing court discretion to direct that the subpoenaed documents be produced in advance of trial and made available to both sides for inspection. It is, or course, true that Rule 17(c) does not specifically discuss a process for obtaining such subpoenas by an ex parte application. It is also truer however, that the section does not describe *any* process for obtaining the subpoena. Nothing in Rule 17(c) suggests that the initial application should be any different from the application for a subpoena which does not happen to require that the subpoenaed witness produce documents.

Based on my interpretation of Rule 17, I conclude that an indigent defendant is also entitled to an ex parte procedure for obtaining a subpoena duces tecum to compel the production of witnesses and documents for a hearing or trial. Whether a defendant seeks to subpoena a witness or a witness with documents should not effect the process that Congress created. In order to shield defendants from premature disclosure of their evidence, the 1966 amendment was designed to permit all defendants, regardless of financial ability, to subpoena witnesses without having to reveal their trial strategy. To refuse an [**8] ex parte procedure to an indigent defendant who seeks a subpoena duces tecum would create the "Hobson's choice" that Congress intended to eliminate in its 1966 amendment to Rule 17.

I also believe that the Fifth Amendment requires such a result. <sup>HN8</sup>✦A criminal defendant's right to subpoena and present witnesses and evidence rests not only on Rule 17(b), but also on "the Fifth Amendment right not to be subjected to disabilities by the criminal justice system because of financial status . . . ." *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990); *see also United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980); *United States v. Barker*, 553 F.2d 1013, 1019 (6th Cir. 1977). Therefore <sup>HN9</sup>✦to conclude that Rules 17(a) and 17(c) permit an individual of financial means to subpoena both witnesses and documents without notice to the Government, while Rules 17(b) and 17(c) only allow an indigent defendant to subpoena witnesses, would result in a disability based on financial status in violation of the Fifth Amendment. Therefore, in order to be consistent with the Fifth Amendment, Rule 17(c) must be read [**9] as authorizing an ex parte procedure for indigent defendants seeking to subpoena records.

While there is not an abundance of case law addressing this point, there is authority [*80] to support the conclusion that an ex parte procedure is proper for determining whether an indigent defendant may obtain a subpoena duces tecum. In *United States v. Edwards*, 142 F.R.D. 177 (M.D.Fla. 1992), defendant moved ex parte for a subpoena duces tecum and the court granted the request. *Id.* at 179. The court held that:

> Rule 17(b) provides that the Court may order a subpoena issued upon a satisfactory showing that the presence of the witness is necessary to an adequate defense. Rule 17(b), Fed.R.Crim.P. The subpoena may also command the person to whom it is directed to produce documents or tangible objects. Rule 17(c), Fed.R.Crim.P.

*Id.* at 178.

Magistrate Judge Fisher's denial of the ex parte application for a subpoena duces tecum was based on his

decision in *United States v. Urlacher,* 136 F.R.D. 550 (W.D.N.Y. 1991). In *Urlacher,* Magistrate Judge Fisher also declined to provide **[\*\*10]** an ex parte proceeding concerning a request for a subpoena duces tecum in that case. The facts in *Urlacher,* however, were significantly different than the facts in this case, and, therefore, I do not believe *Urlacher* stands for the general proposition that indigent defendants may not subpoena witnesses and request them to produce documents in an ex parte proceeding.

In *Urlacher,* the defendant was not indigent, and the subpoena was not designed to secure trial testimony of a witness, but was sought to obtain the pretrial production of documents. Magistrate Judge Fisher also emphasized that since the defendant *requested* that both sides inspect the documents prior to trial an ex parte procedure was unnecessary. *Id.* at 556. The Court admitted that "a different situation would be presented" if the subpoena requested production of documents at trial. *Id.* That is a critical difference. In this case, I understand that the documents were requested in connection with a suppression hearing. Therefore, the issue presented in *Urlacher* and the decision in that case does not control here.

The *Urlacher* Court also noted that the ex parte procedure **[\*\*11]** was pointless since defendant asked, that the various documents be produced prior to trial *"'so that such documentation may be inspected by the parties and their attorneys prior to trial.'" Id.* (quoting Adolina affirmation P 4, at 2). *See also United States v. Hart,* 826 F. Supp. 380, 381 (D.Colo. 1993) (relying on same provision in denying an ex parte procedure). However, the fact that the court "may" order that the materials be produced prior to trial, Fed.R.Crim.P. 17(c), does not mean that an ex parte application procedure is superfluous. A court's discretion to make such an order should not foreclose the existence of an ex parte procedure because the court may decline to order pretrial production.

There are other reported cases which have refused to issue the requested subpoena duces tecum but those decisions were not based on the fact that the application was made ex parte. The denials were based on reasons unrelated to the ex parte nature of the application and the failure of the courts to address the ex parte procedure would seem to constitute at least tacit approval of the process. *See United States v. Karen Bags, Inc.,* 600 F. Supp. 667, 671 (E.D.N.Y. 1985) **[\*\*12]** (labelled defendant's ex parte application for a subpoena duces tecum as made pursuant to Rule 17(b) but denied it based on media broadcaster's First Amendment right to protect confidential unpublished material); *United States v. Schembari,* 484 F.2d 931 (4th Cir. 1973) (defendant moved pursuant to Rule 17(b) and apparently ex parte for a subpoena duces tecum but was refused because requested information did not name parties); *United States v. Brezinski,* 1988 WL 1405 (N.D.Ill. January 4, 1988) (ex parte application for subpoena duces tecum denied because defendant failed to name each witness).

*Conclusion*

The Magistrate Judge's Order of July 14, 1993 is reversed and defendants are entitled to apply in an ex parte proceeding to determine whether a subpoena duces tecum should issue pursuant to Rule 17(b) and (c).

IT IS SO ORDERED.

DAVID G. LARIMER

UNITED STATES DISTRICT JUDGE

Dated: Rochester, New York

November 18, 1993

Service: **Get by LEXSEE®**
Citation: **838 F. Supp. 77, 80**
View: Full
Date/Time: Monday, April 14, 2008 - 10:04 AM EDT

\* Signal Legend:
● - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs

- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Transactional Advisor | Counsel Selector
Sign Off | Help

**LexisNexis®** About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.