UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA

   -vs.-                  ATTORNEY'S AFFIDAVIT
                           05-CR-6116-CJS

VIOLETTE GAIL ELDRIDGE
 a/k/a GAIL VIOLETTE ELDRIDGE,
 MELVIN RAY LYTTLE,
 PAUL E. KNIGHT,
and JOHN L. MONTANA, JR.
           <u>Defendants.</u>

MAURICE J. VERRILLO, being duly sworn, deposes and says that:

1. I am an attorney admitted to practice law in the State of New York and the United States District Court for the Western District of New York. I am the assigned counsel for the defendant Violet Gail Eldridge ("Mrs. Eldridge).

2. This affidavit is offered in support of Mrs. Eldridge motion pursuant to Rule 12 (b)(3)(B) of the Federal Rules of Criminal Procedure to dismiss Counts X to XIII of the Indictment alleging the crime of money laundering along with such other and further relief as may be just and proper. The defendant further joins in any other motions brought by the other co-defendants related to this matter.

3. The Indictment is attached as Exhibit "A". In pertinent parts, it alleges that:

    A. That the defendants solicited funds in excess of thirty million dollars. See Paragraph. 5.0

    B. That the defendants "caused victim investors to sustain a loss in excess of $10 million. See Paragraph 5(c).

    C. That the defendant Mrs. Eldridge "received and disbursed funds from investors".

    D. That as to funds received, the defendants made payments to "original investors" from new investor funds (i.e. alleged Ponzi scheme) and further in Paragraph 80 (c) "using

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

criminally derived proceeds to pay operating expenses for the Offices maintained by the United Tribes of the Americas..."

E. The underlying specified illegal activity is alleged to have constituted mail and wire fraud. See Paragraph. 122; Counts II to VI (Mail Fraud); Counts VII to IX (Wire Fraud).

F. Nowhere in the Indictment does it allege that the alleged receipt of the underlying funds resulted in a profit.

4. The Court is aware that the United States Supreme Court recently decided a case concerning the essential elements necessary to establish a money laundering charge. **United States v. Santos**, 553 U.S. _____ June 2, 2008 Decision.

5. In **Santos**,. the defendant was charged with illegal lottery activities as his underlying offense. The Government chose to also charge him with money laundering. The Government alleged that the defendant paid expenses and salaries to runners, collectors, and winners. No allegation that there were profits from the use of these funds was ever made.

6. Justice Scalia interpreted the word "proceeds" under the money laundering statute.

7. The plurality disagreed with the notion espoused by the Government that the mere receipt of funds constituted criminal proceeds under the statute. "If we accepted the Government's invitation to speculate about Congressional purposes, we would also have to confront and explain the strange consequence of the "receipts" interpretation, which respondents have described as a "merger" problem." Decision, p.8.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

8. The Government must establish that the charged offense involved "... proceeds of specified unlawful activity" (the proceeds element) and a knowledge element that the defendant knew that the property involved those unlawful proceeds. Decision, p.3.

9. Like **Santos,** the penalty for money laundering in this case is substantially greater than limiting this case to the underlying charges of mail and wire fraud. The Court noted that the so called "merger problem" is not limited to the facts of **Santos.** As noted by Justice Scalia: "In any event, as noted, supra, at 8, the merger problem affects more than just sentencing; it affects charging decision and plea bargaining as well." Decision, p. 10.

10. Under the well established rule of lenity, any ambiguity in interpreting a criminal statute necessitates that the statute be construed in a light most favorable to the defendant. Decision, p. 6.

11. As to the definition of "proceeds" under the money laundering statute, Justice Scalia determined that :

"The money-laundering charges brought against Santos were based on his payments to the lottery winners and his employees , and the money-laundering charge brought against Diaz was based on his receipt of his payments as an employee. Neither type of transaction can fairly be characterized as involving the lottery's profits." Decision, pp.16-17.

12. The Indictment in this case is factually defective and legally insufficient:

A. The Indictment does not establish a nexus between Mrs. Eldridge and the individual investors. Mrs. Eldridge had a contractual relationship with PK Trust and First

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

National Equity and not with individual investors. The Trust Management Agreements are attached as Exhibit "B" and "C". Mrs. Eldridge was the Trustee under the terms of those agreements. Mrs. Eldridge was not a party to the individual agreements between the co-defendants and their respective clients which allegedly took place before and then after late August 1999 when Mrs. Eldridge met Paul Knight and Melvin Lyttle. Most funds were transmitted from individual investors to PK Trust and First National Equity prior to August 29, 1999 based on the terms of their respective agreements. Mrs. Eldridge was not a signatory to any of these pre-August 1999 or post August 1999 investor agreements.

B. The Indictment does not allege that Mrs. Eldridge received any profits from the funds at issue. The Indictment is replete with references to the refund of funds to individual investors once Mrs. Eldridge learned that P.K. Trust and First National Equity were not the true owner of funds given to United Tribes of America under the trust agreements. See Paragraphs "82" to "120".

C. The expenses, return of funds, and other disbursements alleged in this Indictment do not constitute "proceeds" as set forth in the plurality decision in **Santos,** where the payment of expenses and salary were found to be legally insufficient to establish the money laundering offense. See **Santos** at pages 16,17.

D. The severity of the money laundering charges in relation to the underlying mail fraud and wire fraud charges should also be noted.

13. The Indictment is legally and factually defective. Counts X to XIII should be dismissed with prejudice.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-4-

Dated: June 23, 2008
Rochester, New York

                                    Respectfully Submitted,

                                    /s/ Maurice Verrillo
                                  MAURICE J. VERRILLO, ESQ.
                                  Attorney for the Defendant Violet Gail Eldridge
                                  One E. Main Street, Suite 711
                                  Rochester, New York 14614
                                  (585) 232-2640

**LAW OFFICES OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**