UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

          -vs-                               NOTICE OF MOTION
                                             #05-CR-6116 (CJS)
VIOLETTE GAIL ELDRIDGE ET AL.,
                        Defendants.
_____

PLEASE TAKE NOTICE, that the defendant Violette Gail Eldridge by and through her attorney, Maurice J. Verrillo, Esq., hereby moves this Court before the Hon. Charles J. Siragusa, United States District Court Judge at 100 State Street, Rochester, New York 14614 on a date and time to be fixed by the Court for an Order granting a judgment of acquittal, or in the alternative, for a new trial in accordance with Rule 29 and Rule 33 of the Federal Rules of Criminal Procedure along with such other and further relief as may be just and proper.

Dated: November 7, 2008                       Yours etc.,

                                                  /s/ Maurice Verrillo
                                                  Maurice J. Verrillo, Esq.
                                                  Attorney for the Defendant Violette Gail Eldridge
                                                  One E. Main Street, Suite 711
                                                  Rochester, New York 14614
                                                  (585) 232-2640

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       vs.                            ATTORNEY'S DECLARATION

VIOLETTE GAIL ELDRIDGE ET AL,
              Defendant.
_____

MAURICE J. VERRILLO, hereby declares, pursuant to 28 U.S.C. Section 1746(2) that:

1. I am the appointed counsel for the defendant, Violette Gail Eldridge.

2. I execute this Attorney Declaration in support of the defendant's motion for a judgment of acquittal or in the alternative for a new trial.

3. A trial by jury was conducted in the above-entitled matter for approximately three and one half weeks. A jury rendered a verdict on October 8, 2008. The defendant wishes to file post trial motions pursuant to Rule 29 and Rule 33 of the Federal Rules of Criminal Procedure.

4. The following documents are attached as exhibits:

    A. Investor Identified Indictment (Exhibit "A");

    B. Indictment summary (Exhibit "B");

    C. Jury Verdict Form (Exhibit "C");

    D. Trust Management Agreement (Exhibit "D")

    E. Addendum to Trust Management Agreement (Exhibit "E");

    F. Knight Closing Exhibits    (Exhibit "F").

    G. Appearances in John Montana Deposition dated March 22, 2001 (Exhibit "G").(two pages)

    H. Appearances in Paul Knight Deposition dated April 17, 2001 (Exhibit "H").(two pages)

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

LEGAL INSUFFICIENCY

5. The evidence presented at trial was legally insufficient to establish the mail fraud, wire fraud, and money laundering charges against the defendant Eldridge.

6. The Government failed to establish after viewing the evidence in a light most favorable to them, every element of the charged offenses. Jackson v. Virginia, 443 U.S. 307 (1979).

7. The Government imputed knowledge and intentions to the defendant Eldridge based upon the conduct of the co-defendants Knight, Montana, and Lyttle as to which she was not a participant nor was any conspiratorial agreement ever proven.

8. The trial evidence established :

   A. The defendant Eldridge did not know of Paul Knight, Melvin Lyttle prior to August 29, 1999.

   B. William Marvin met with the parties in late August 1999 and did not know of anyone other than FNE or Mr. Lyttle being the source of funds deposited with DLJ.

   C. The defendant Eldridge did not have any contacts with investors prior to or at the time contracts were entered; A few investors had contacts subsequently concerning requests for payment.

   D. The defendant Eldridge executed a Trust Management Agreement with First National Equity and the co-defendant Lyttle and also executed a Trust Management Agreement with PK. Trust and Paul Knight, with each executing an addendum to the same. (Exhibits "D" and "E").

   E. No proof was presented that the defendant Eldridge acted outside the scope of her agreement with the co-defendants as their trustee pursuant to these agreements and addendums to the agreements.

   F. The co-defendants had voluminous writings between themselves and the investors as to which the defendant Eldridge did not participate or was copied .

   G. No agreement to defraud investors was ever established to exist between the co-defendants and the defendant Eldridge. The only witness who testified in court about the late August 1999 meetings was William Marvin who supported the defendant's assertion that she lacked knowledge either of individual investors, or the existence of any agreement to defraud these investors.

   H. No proof was presented that the defendant Eldridge received or acknowledged receipt of any wire transfers to any DLJ accounts that she controlled.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

    I. The evidence established that the defendant Eldridge should be given credit for over 22 million of the 25 million being returned either to the co-defendants Knight or Lyttle in accordance with the trust agreements or the investors directly when requested to return funds essentially from March to May 2000 time frame.

    J. Around April 2000, the defendant Eldridge had contact for the first time with Christopher Quinn concerning the Paul Knight private placement agreement. Mr. Quinn testified that Ms. Eldridge denied that she directed Mr. Knight to issue this agreement, that Mr. Knight misrepresented himself, and that the agreement was zero percent accurate as it related to her.

    K. The defendant Eldridge requested her attorney and CPA Katherine Crase to conduct an accounting and audit of the funds transmitted to the DLJ accounts and requested the co-defendants Knight and Lyttle to provide her with the information necessary to complete the audit process.

9. The Government failed to prove each and every element of the offenses charged in the Indictment. The reasons for this assertion include:

    A. The Government failed to prove each of the elements of a conspiracy namely:

        1. An agreement among conspirators to commit an offense;

        2. Specific intent to achieve the objective of the conspiracy;

        3. An overt act to effect the object of the conspiracy. U.S. v. Pinckney, 85 F.3d 4,11 (2nd Cir. 1996)

    B. The Government failed to establish purposeful behavior and knowing and willful participation in a criminal venture on the part of the defendant Eldridge. U.S. v. Raymond Johnson, 513 F.2d 819 (2nd Cir. 1975). It is well established that mere presence or association with others does not establish either a conspiratorial agreement or knowing involvement in a conspiracy. U.S. v. Nusraty, 867 F.2d, 759,764 (2nd Cir. 1989). As noted in Nusraty: "By the same token, mere association with those implicated in an unlawful undertaking is not enough to prove knowing involvement" Nusraty, 867 F.2d at 764. Conspiracy requires proof that the defendant had known that a crime was to be committed. U.S. v. Gallishaw, 428 F.2d 760,763 (2nd Cir. 1970)

    C. The Government failed to establish that the defendant Eldridge aided or abetted the co-defendants as this charge requires the defendant to know about the underlying venture and to intend to participate in it and make it a success, which in this case, would require knowledge of individual investors. U.S. v. Gordon, 987 F.2d 902 (2nd Cir. 1993)

    D. Not even a tacit understanding was ever established to exist between the co-defendants and the defendant Eldridge concerning this alleged conspiracy. Nusraty, 867 F.2d at

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

763. The Government failed to show that the defendant Eldridge knew of the existence of the scheme alleged in the Indictment and knowingly and willfully joined and participated in it.

E. The Government failed to establish that the defendant Eldridge intended to enter into an illegal contract with the co-defendants Knight and Lyttle. Again, no illegal agreement was ever established by the Government as being entered between them. U.S. v. Svoboda, 347 F.3d 471 ( 2nd Cir. 2003 ).

F. The defendant continues to object to the Court's conscious avoidance charge andwould contend that even if conscious avoidance was established, the trial record did not establish either an intent to join the enterprise or the specific intent necessary to commit the charged crimes. U.S. v. Tropeano, 252 F.3d 653 (2nd Cir. 2001 ); U.S. v. Samaria, 239 F.3d 228 ( 2nd Cir. 2001 )

G. The Government failed to disprove the defendant Eldridge's good faith defense. As noted by the Eighth Circuit:

> Fraudulent intent is not presumed or assumed; it is personal not imputed. One is chargeable with his own personal intent,not the intent of some other person. Bad faith is an essential element of fraudulent intent. Good faith constitutes a complete defense to one charged with an offense of which fraudulent intent is an essential element. One who acts with honest intentions is not chargeable with fraudulent intent. Evidence which establishes only that a person made a mistake of judgment or an error in management, or was careless does not establish fraudulent intent. In order to establish fraudulent intent on the part of a person, it must be established that such person knowingly and intentionally attempted to deceive another. U.S. v. Ammons, 464 F.2d at 417 (8th Cir. 1971).

H. The Government failed to prove the defendant Eldridge had a fraudulent intention towards the individual investors in this case. As previously noted, the defendant Eldridge had no involvement with the investors relative to their entry of investment agreements with the co-defendants. After the defendant Eldridge learned of these individual investors, she returned a large amounts of funds to them.

I. Exhibit "B" establishes that the only act alleged to have been taken by the defendant Eldridge was a July 5, 2001 wire transfer to attorney Wolfe in Washington state. This act does not establish criminal conduct nor has the Government established the defendant's involvement in any of the wire or mail transmissions alleged in the Indictment.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

    J.   The conduct alleged in the Indictment focused on the defendant Eldridge's return of funds, which should be viewed as exculpatory in nature. See Exhibit "A"; paragraphs "85" to "94". The defendant made substantial payments to these individual investors when she learned of the true origin of the funds; The Government failed to prove the necessary element of an intent to harm these individuals by the defendant Eldridge.

10.   In light of the foregoing, there was legally insufficient evidence to establish the charged offenses and the verdict was contrary to the weight of the credible evidence.

The defendant respectfully requests that this Court render a judgment of acquittal in her favor on all counts of the Indictment.

## SEVERANCE OF DEFENDANT ELDRIDGE

11.   The defendant respectfully contends that this Court erred in denying her motions raised in February 2007 and October 2007 for severance from the co-defendants under Rules 8 and 14 of the Federal Rules of Criminal Procedure and the Sixth Amendment to the U.S. Constitution.

12.   The joint trial of the co-defendants Knight and Montana with the defendant Eldridge was highly prejudicial and violative of her right to a fair trial.

13.   As previously noted, no illegal agreement was ever established between the co-defendants and the defendant Eldridge . The defendant Eldridge was prejudiced by the testimony by individual investors against the co-defendants being offered in the defendant Eldridge's case.

14.   It was highly prejudicial to have permitted deposition testimony of co-defendants which was offered by the Government in their case against the defendant Eldridge.

15.   The Supreme Court has previously ruled that an out of court statement by an alleged accomplice or co-defendant must not be used to establish another defendant's guilt. Bruton v. U.S., 391 U.S. 123 (1968). A limiting instruction, even if given, is not an adequate remedy to this violation.

16.   As noted in the next section of this motion, a defendant has an absolute constitutional right to confront witnesses against them, including testimonial statements of co-defendants.

17.   The Government knew that the co-defendants deposition testimony involved inculpatory statements as it related to this defendant and that this defendant did not cross-examine the co-defendant at the time of the testimony. In fact, the proceedings involved First National Equity as to which the defendant Eldridge was not a party..

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

18. The prejudice of allowing these testimonial statements was further compounded by the fact, as noted by the Government in their rebuttal closing arguments that the defendants are " pointing fingers at each other". This resulting prejudice put an unconstitutional burden upon this defendant to not only respond to the Government's case but to also respond to the co-defendant's case, (i.e. defendant Knight). This point is illustrated in the co-defendant Knight's closing arguments (Exh. "F") in which Knight in essence claimed that he did not know what the defendant Eldridge was doing but that she directed his actions.

19. It was quite surprising to note that the jury spent such a short time deliberating in this over three week case after receiving the trial exhibits. This fact is consistent with the substantial prejudice the defendant asserts existed by the joinder of her trial with other defendants.

20. As noted in <u>Bruton</u>, there is a substantial risk of considering the out of court testimony of the co-defendants in establishing the guilt of the defendant in this case. The prejudice associated with the co-defendants' constitutional right not to testify was evident here since the defendant Eldridge could not compel the examination of the co-defendants related to testimony previously given which implicated her.

21. The prejudice associated with these co-defendant statements includes their devastating effect on a defendant's case and the recognition that the credibility of co-defendant's statements being "suspect". <u>Bruton,</u> 391 U.S. at 135,136.. "The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed." <u>Bruton</u>, 391 U.S. at 136.

22. The defendant Eldridge requests that the Court grant a new trial severed from the remaining defendants.

<u>CONFRONTATION VIOLATION</u>

23. It is further alleged that the Court erred in denying the defendant's motions in February 2007 and October 2007 seeking the preclusion of co-defendant's testimony being offered against her at trial based on the Sixth Amendment and <u>Crawford.</u>

24. The defendant incorporates by reference the trial exhibits offered by the Government at the time of trial, namely the deposition testimony of John Montana( Trial Exhibit 2600) and the deposition testimony of Paul Knight (Trial Exhibit 2603). The defendant Eldridge or her SEC counsel did not attend or participate in these depositions as noted in the appearance sheets for the defendant Montana( Exhibit "G") and the defendant Knight (Exhibit "H").

25. Both transcripts are highly prejudicial to the defendant Eldridge and should not have been admitted based on these objections.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

26. The Sixth Amendment provides that:

"In all criminal prosecutions, the accused shall enjoy the right... to be confronted with the witnesses against him ... and to have the assistance of counsel for his defense.".

27. The Supreme Court has previously noted that: "It cannot seriously be doubted at this late date that the right of cross-examination is included in the right of an accused in a criminal trial to confront the witnesses against him". Pointer v. Texas, 380 U.S. 400,404 (1965)( holding that the lower court erred in permitting a preliminary hearing transcript of a witness to be offered at trial when the defendant was not represented by counsel and did not had the opportunity to cross-examine). The use of an uncontested transcript of a witness is improper.

28. The proffered deposition transcripts of the co-defendants constituted testimonial statements offered to prove the truth of the matter asserted, namely to exculpate themselves and to implicate the defendant Eldridge. Testimonial statements include affidavits, depositions, and prior court testimony. .Crawford v. Washington, 541 U.S. 36,51,52 (2004).

29. The Supreme Court ruling in Crawford necessitates that two elements be satisfied before testimonial statements can be admitted at trial:

   A. That the witness is unavailable.

   B. That the defendant has had a prior opportunity to confront and cross-examine the witness. Crawford, 541 U.S. at 59.

30. The deposition transcripts evidence that the defendant Eldridge did not participate in the depositions of the co-defendants. Accordingly, she had no opportunity to cross-examine the co-defendants during the SEC depositions involving the same subject matter as this case.

31. Any alleged hearsay exception for co-conspirator statements does not resolve the defendant's superior and overriding constitutional right to confront witnesses against her under the Sixth Amendment.

32. As noted in Crawford, "that inculpatory statements are given in a testimonial setting is not an antidote to the confrontation problem, but rather the trigger that makes the Clause's demands most urgent".Crawford v. Washington, 541 U.S. 36 ,65 (2004).

33. The admission of the co-defendant's deposition testimony was highly prejudicial to the defendant Eldridge. Based on this constitutional violation, a new trial should be granted.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

RULE 106 REQUEST

34. The denial of the defendant's request that the trust management agreements and the addendums to these agreements was prejudicial to the defense of this case.

35. Upon the admission of the deposition transcripts, an issue arose as to the completeness of the deposition transcripts of the defendant Eldridge and co-defendant Knight due to references to these agreements in these transcripts.

36. Rule 106 of the Federal Rules of Evidence provides that:

    When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

37. The Government was utilizing the deposition transcripts of the co-defendants to establish complicity and involvement of the defendant Eldridge with them.

38. The admission of the trust agreements and addendums would have supported the defendant's contention that she acted lawfully in accordance with these agreements with the beneficiaries of the trust, being P.K. Trust and FNE and that she acted in good faith.

39. The need to offer these records existed because the transcripts were incomplete without reference to the exhibits noted therein.

40. It is further contended that the authentication stipulation covered these SEC documents which were attempted to be offered by the defendant at trial.

RESERVATION OF RIGHTS

41. On or about October 25, 2008, the defendant Eldridge was moved from the Monroe County Jail in transmit to her eventual destination in Florida. I have not been able to speak to her since then. This move apparently occurred after the Government s attorney in Florida sought a writ for her return to their jurisdiction for sentencing.

42. Once I am successful in speaking to the defendant, I will be in a better position to determine whether further or additional motions need to be filed.

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

-9-

43. Accordingly, your declarant request leave to supplement these motions at a later date after consulting with the defendant.

WHEREFORE, the defendant Violette Gail Eldridge respectfully requests that:

A. A judgment of acquittal be entered on all charges.

B. In the alternative, that a new and separate trial be held, severed from the co-defendants.

C. For such other and further relief as may be just and proper.

Affirmed under the penalties of perjury this 7th day of November, 2008.

/s/ Maurice Verrillo
Maurice J. Verrillo, Esq.
Attorney for the Defendant VioletteGail Eldridge
One E. Main Street, Suite 711
Rochester, New York 14614
(585) 232-2640

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE  711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

-10-