UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

        v.                                              05-CR-6116CJS

VIOLETTE GAIL ELDRIDGE, et. al

               Defendants.
_____


## **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT ELDRIDGE'S MOTION FOR A JUDGEMENT OF ACQUITTAL OR A NEW TRIAL**

Defendant Eldridge requests that the Court set aside the jury's verdict under Federal Rules of Criminal Procedure 29 and order an acquittal or, in the alternative, order a new trial under Rule 33. Defendant Eldridge fails to identify any evidence to support the relief requested rather, she merely concludes that the evidence does not support the jury's findings.

As the evidence presented during the trial clearly supports the jury's findings of guilt beyond a reasonable doubt, defendant Eldridge's Motion should be denied.


Response to Allegations in Defendant's Motion

Defendant Eldridge bears a heavy burden in seeking to overturn a conviction on the ground that the evidence was insufficient. United States v. Marji, 158 F.3d 60, 63 (2nd Cir.), cert. denied, 525 U.S. 1048, 119 S.Ct. 607 (1998). A

1

conviction must be affirmed if, viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781 (1979).  In considering such challenges where there are conflicts in testimony, the Court must defer to the jury's determination of the weight of the evidence, the credibility of the witnesses and to the jury's choice of competing inferences that can be drawn from the evidence.  United States v. Morrison, 153 F.3d 34, 49 (2nd Cir. 1998).  Defendant Eldridge in her motion fails to provide the required substantive evidence necessary to meet her heavy burden of overcoming the jury's factual conclusions of guilt.

In Paragraphs 5, 6, and 7 of the motion, defendant Eldridge alleges, in a conclusory fashion, what the evidence failed to prove.  However, defendant Eldridge fails to provide any evidentiary basis to support her allegations which are directly contradicted by the jury's verdict.

In Paragraph 8, defendant Eldridge specifically miss-represents the evidence admitted during the trial to which the government responds seriatim:

A.   No evidence was produced dating when the defendants
     first met nor is the length of defendant Eldridge's
     relationship with the other defendants, other than

2

during the charged conspiracy, relevant to proving the
defendant's guilt.

B.   William Marvin testified that he did know the actual
source of the funds being invested by defendant
Eldridge.  At trial, Marvin acknowledged his
professional obligation as a stock broker to "know his
client," but testified that he failed to undertake any
due diligence designed to identify the source of the
funds being deposited by defendant Eldridge other that
meeting with and talking to defendants Eldridge, Knight
and Melvin Lyttle.

C.   Even though defendant Eldridge did not have direct
contact with investors prior to their investment, trial
evidence demonstrated that during 1999, defendant
Eldridge received both actual and constructive notice
of six million dollars of investor funds deposited into
the DLJ account she controlled starting with a $1
million transfer from Frederick Moore on September 30,
1999.  The corporate financial records of the UTA/BVI
introduced by defense witness, David Upton, CPA,
recorded the receipt of investor funds by investor
name.  Further notice of the receipt of investor funds
was provided through Government Exhibit 2634, a receipt
dated October 5, 1999 issued by the UTA/BVI to

Frederick Moore for $1 million dollars received into the UTA/BVI account 215-983-701 #920 at DLJ.

D.   At trial, no evidence of a "Trust Management Agreement" was admitted as defendant Eldridge failed to proffer a foundation witness who was capable of admitting the document being offered.  Rather, the trust agreement was cited by counsel during his closing which is argument, not evidence.

E.   As stated *supra*, no evidence of a Trust Agreement was admitted at trial nor was any evidence admitted demonstrating that defendant Eldridge's conduct conformed to that of a fiduciary trustee as required under the terms of <u>any</u> trust agreement.

F.   The evidence at trial demonstrated defendant Eldridge's participation in the conspiracies in the role of a banker through her receipt and disbursement of investor funds.  Additionally, witnesses Ronald Petlev, Frederick Moore and Christopher Quinn testified that defendant Eldridge had direct communications with them and failed to disclose that the investors funds were at risk and being used for the personal benefit of the defendants.

G.   Eldridge's participation in the conspiracy to defraud investors was proven beyond a reasonable doubt through

4

both circumstantial evidence as well as direct
evidence.  FBI Agent Jeffrey Kassouf's financial
analysis tracing the receipt and disposition of
investor funds demonstrated Eldridge's immediate
conversion of investors funds to her personal control
and Eldridge's subsequent use of investor funds for her
personal benefit as well as that of the her
coconspirators.

H.   At trial the government presented evidence tracing
investor funds directly to accounts under the defendant
Eldridge's control and such transfers were
independently recorded in the financial records of
Eldridge's business entity, the UTA/BVI as explained in
paragraph C *supra*.

I.   At trial, the evidence proved that Eldridge's return of
investor funds to complaining investors represented
overt acts undertaken as part of the conspiracy to
permit continuation of the ponzi investment scheme
rather than defendant Eldridge's self-initiated
benevolent return of investor funds.

J.   Christopher Quinn's testimony regarding defendant
Eldridge's statements about improprieties by defendant
Knight represented statements in furtherance of the
conspiracy made by defendant Eldridge to mollify Quinn

and to convince Quinn to keep his mother's funds under Eldridge's control.  Notably, defendant Eldridge did not truthfully disclose to Quinn that his mother's funds were being traded on margin and placed at substantial risk.

K.   No evidence was admitted at trial supporting any of the allegations made in this paragraph.


In Paragraphs 9 and 10, defendant Eldridge merely repeats the elements of the offenses charged, then concludes that the government failed to meet its required burden of proof.  However, defendant Eldridge provides no substantive basis to overcome the jury's findings that the government proved the crimes charged beyond a reasonable doubt.


## Renewed Motion for Severance

As argued and ruled upon pretrial by the Court, severance of defendant Eldridge was unwarranted as she was charged with, and subsequently convicted of, conspiracy with the co-defendants thereby warranting a joint trial.


## SEC Testimony of the Defendants

All objections relating to the admission of the defendants' SEC testimony were waived through the execution of a joint

6

stipulation by all counsel and defendants, specifically agreeing to admit the defendants' SEC transcripts into evidence in their entirety.  Counsel and the defendants' knowing and voluntary participation in the stipulation was further confirmed in open court by both the defendants and their counsel.

The intent of the parties to allow the admission of the entire SEC transcripts could not be clearer, as it was discussed with the Court on at least two occasions.  Defense counsel were queried on how they chose to introduce the transcript information, i.e., by directly reading the transcript into the record during their direct case or as counsel unanimously chose, during their closing arguments.  It is clear that the admission of such testimony represented a voluntary decision undertaken by defense counsel as part of their trial strategy and defendant Eldridge could have precluded such introduction simply by refusing to agree to enter the stipulation.

Defendant Eldridge's counsel took significant tactical advantage of defendant Eldridge's SEC transcript, devoting a substantial portion of his closing argument to transcript citations.  Furthermore, counsel failed to object to the introduction of Knight's SEC testimony during counsel's (Knight's) closing argument, thereby waiving any objection and further demonstrating counsel's awareness that such argument was

proper as the evidence referred to was admitted through stipulation.

Defendant Eldridge has waived any objection to the admission of the defendants' SEC testimony after stipulating to the admission of the entire transcript, and an objection under <u>Crawford v. Washington</u>, 541 U.S. 36, (2004), is no longer available.

The government's comments in its initial closing regarding the defendants "pointing their fingers at each other" was based on the substance of cross examination conducted by defense counsel during the government's direct case.  At the time of the comment, the government had only offered SEC testimony as admissions against the individual defendants under Fed.R.Evid 801(d)(2)(A).

Additionally, any false statements provided by any of the defendants to the SEC were made during the existence of the charged conspiracy in an attempt to further the conspiracy by obstructing the SEC investigation and were admissible under Fed.R.Evid 801(d)(2((E).

<u>**CONCLUSION**</u>

As defendant Eldridge has failed to raise any basis upon which her request for setting aside the verdict of the jury or for a new trial, her motion should be denied and the Court should

enter a Judgement against the defendant Eldridge consistent with the jury's verdict.


DATED:     Rochester, New York
           November 19, 2008


                              TERRANCE P. FLYNN
                              United States Attorney


                    By:  S/William H. Bowne, III
                         WILLIAM H. BOWNE, III
                         Trial Attorney
                         Department of Justice
                         Criminal Division, Fraud Section
                         Tel: 585-263-6760
                         Fax: 585-263-6420
                         William.Bowne2@usdoj.gov


                    By:  S/Bradley E. Tyler
                         BRADLEY E. TYLER
                         Assistant United States Attorney
                         United States Attorney's Office
                         100 State Street, Suite 620
                         Rochester, New York  14614
                         Tel: 585-263-6760
                         Fax: 585-263-6420
                         Bradley.E.Tyler@usdoj.gov

To:
Christopher S. Ciaccio, Esq,
Scott A. Garretson, Esq.
Mark D. Hosken, Esq.
James P. Vacca, Esq.
Maurice J. Verrillo, Esq.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                                                     05-CR-6116CJS

       v.

VIOLETTE GAIL ELDRIDGE, et. al

            Defendants.

_____

### CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2008, I electronically filed the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT ELDRIDGE'S MOTION FOR A JUDGEMENT OF ACQUITTAL OR A NEW TRIAL** with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participant(s) on this case:


Christopher S. Ciaccio, Esq,
Scott A. Garretson, Esq.
Mark D. Hosken, Esq.
James P. Vacca, Esq.
Maurice J. Verrillo, Esq.


                                S/Barbara Petersheim
                                BARBARA PETERSHEIM