UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       -vs-                                                  REPLY DECLARATION
                                                               #05-CR-6116-CJS

VIOLETTE GAIL ELDRIDGE ET AL
_____

Maurice J. Verrillo, declares, pursuant to 28 U.S.C. Section 1746(2) that:

1. I am the assigned attorney for the defendant Gail Eldridge.

2. I execute this declaration in reply to the Government's Response and as a further supplement to my December 1, 2008 letter requesting further time to respond and to have the pertinent portion of the trial transcript submitted as a part of the record.

3. The defendant's motion adequately addresses the insufficiency grounds . The issue that will be further addressed relates to the defendant's continuing objection to the admission of non-testifying co-defendant's statements at trial under <u>Crawford</u>.

4. The Government claims for the first time that the defendant waived her <u>Crawford</u> objection by entering the stipulation authenticating certain records. This claim is meritless.

5. The Government, knows that the defendant objected to the admission of the SEC transcripts based on <u>Crawford</u> and other grounds.  These objections were raised prior to the entry of the stipulation. Your declarant spoke to William Bowne, Esq. concerning the interpretation of this stipulation and Mr. Bowne  represented to me that the prior objections to the admission of these transcripts preserved the outstanding  <u>Crawford</u> issue on appeal. Moreover, this Court ruled at trial that the <u>Crawford</u> objection was preserved.

6. The stipulation drafted by the Government was for the convenience of the Government to settle their prior motion for certification and also to avoid the waste of time associated with an SEC attorney appearing at the trial. At no time did the defendant agree to waive or relinquish her <u>Crawford</u> objections to the SEC transcripts.

7. There are two recent Second Circuit cases which address the issue of non-testifying co-defendant statements in the form of plea allocutions offered by the Government at the time of trial. **U.S. v. Riggi,** 541 F.3d 94 (2nd Cir. 2008); **U.S. v. Hardwick,** 523 F.3d 94(2nd Cir. 2008). The Second Circuit held in both cases that it was plain error for the District Court to admit plea allocutions from non-testifying alleged co-conspirators. The defendants in those cases were entitled to have their convictions vacated and a new trial was granted. The admission of these co-defendants plea statements violated the co-defendants' right of confrontation under **Crawford.** As noted in **Hardwick**: "Although co-conspirator plea allocutions were admissible under our case law at the time of Glen's trial, we have since held that they are **testimonial hearsay and are inadmissible under the Confrontation Clause unless the co-conspirator testifies at trial, or is unavailable at trial and the defendant had a prior opportunity for cross-examination**".(Emphasis added). **Hardwick,** 523 F.3d at 98.

8. The defendant in this case did not participate in the deposition of the co-defendants. See Exhibits "G" and "H". She did not have the opportunity to cross-examine these co-defendants. She was not even a named party in that SEC proceeding.

9. The SEC notice to the defendants prior to their testimony advised them that there testimony could be used at a subsequent civil or criminal trial. See Exhibit "I ", also known as SEC Exhibit "1". These transcripts are testimonial hearsay. Neither the co-defendant Knight or Montana testified at the trial. The proffer of a transcript of testimony under these circumstances violated the Confrontation Clause and now justifies a new trial. See **Pointer v. Texas,** 380 U.S. 400 (1965)(Supreme Court holding admission of preliminary hearing testimony transcript were defendant was not present violated Sixth Amendment right of confrontation).

10. In light of the foregoing, the jury verdict against the defendant Gail Eldridge should be set aside and a new trial severed from the co-defendants should be granted.

11. The final matter relates to the scheduling of the argument of motions.

12. Your declarant was finally able to speak to the defendant on December 5th. She has been moved at least seven times since the Government requested her move to Florida for sentencing. I am advised by her that sentencing will occur in Florida on December 18th.

13. Ms. Eldridge wishes to be present for the Court's ruling on post-trial motions, and if our motions are denied, then for her Pre-Sentence interview.

14. Your declarant respectfully requests that Ms. Eldridge be returned to the Rochester area promptly after her sentencing on December 18th and that a new date be set for the Court's decision on these motions. The defendant objects to any determination of these motions without her appearance. Your declarant also has a trial set for the afternoon of December 10th which conflicts with the Court's scheduling of our appearance.

WHEREFORE, the defendant Gail Eldridge respectfully requests that

A.  Her motion to dismiss due to the insufficiency of evidence be granted:

B.  In the alternative , a new trial be granted based on Crawford and applicable case law;

C.  For an order directing her return to Rochester to appear in court for the Court's ruling and further proceedings;

D.  For leave to submit the trial transcript related to the Court's ruling that the **Crawford** objection was preserved;

E.  For such other and further relief as may be just and proper.

Affirmed under the penalties of perjury.

Dated: December 7, 2008


/s/ Maurice Verrillo
MAURICE J. VERRILLO
Attorney for the Defendant
One E. Main Street, Suite 711
Rochester, New York 14614
(585) 232-2640