AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

IRH:caf (11329)

# UNITED STATES DISTRICT COURT

WESTERN District of NEW YORK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | |
| | Case Number: 6:05-CR-06116-001 |
| VIOLETTE GAIL ELDRIDGE | USM Number: 57294-019 |
| AKA: Gail Violette Eldridge | |
| | Maurice J. Verrillo & Scott A. Garretson |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)   1-14
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18:371 | Conspiracy to Commit Mail Fraud | 07/05/2001 | 1 |
| 18:1341 | Mail Fraud | 07/05/2001 | 2 - 6 |
| 18:1343 | Wire Fraud | 07/05/2001 | 7 - 9 |
| 18:1956(h) | Money Laundering Conspiracy | 07/05/2001 | 10 |
| 18:1956(a)(1)(A)(i) | Money Laundering | 07/05/2001 | 11 - 13 |
| 18:982(a)(1) | Forfeiture Allegation | | 14 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 24, 2009
Date of Imposition of Judgment

_/s/ Charles J. Siragusa_
Signature of Judge

Honorable Charles J. Siragusa, U.S. District Judge
Name and Title of Judge

12-1-09
Date

AO 245B    (Rev. 12/03) Judgment in Criminal Case
           Sheet 2 — Imprisonment

IRH:caf (11329)

Judgment — Page  2  of  6

DEFENDANT:      VIOLETTE GAIL ELDRIDGE
CASE NUMBER:    6:05-CR-06116-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    Count 1: Sixty (60) Months, Counts 2 - 13: Two Hundred Forty (240) Months, to run concurrently to each other and the sentence she is presently serving for the SD/FL.

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant be placed in a suitable facility as close to Atlanta, Georgia as possible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case                                                                                           IRH:caf(11329)
           Sheet 3 — Supervised Release

Judgment—Page    3    of    6

DEFENDANT:       VIOLETTE GAIL ELDRIDGE
CASE NUMBER:     6:05-CR-06116-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:    Two (2) years on each Count, to run concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as required by the Justice for All Act of 2004. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| AO 245B | (Rev. 12/03) Judgment in a Criminal Case<br>Sheet 3C — Supervised Release | IRH:caf (11329) |

Judgment—Page 4 of 6

DEFENDANT: VIOLETTE GAIL ELDRIDGE
CASE NUMBER: 6:05-CR-06116-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the U.S. Probation Office with access to any requested personal and/or business financial information. If restitution, forfeiture or a fine is owed, the defendant shall notify the U.S. Probation Office of any assets received and shall not disburse his interest in any assets, including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings without the approval of the U.S. Probation Office.

The defendant shall not incur any form of debt including, but not limited to, use of existing credit cards, new credit cards, lines of credit, mortgages or private loans without the approval of the U.S. Probation Office.

The defendant shall submit to a search of her person, property, vehicle, place of residence or any other property under her control, based on reasonable suspicion, and permit confiscation of any evidence or contraband discovered.

| AO 245B | (Rev. 12/03) Judgment in a Criminal Case<br>Sheet 5 — Criminal Monetary Penalties | IRH:caf (11329) |
|---|---|---|

Judgment — Page  5  of  6

DEFENDANT: VIOLETTE GAIL ELDRIDGE
CASE NUMBER: 6:05-CR-06116-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 on Each Count<br>$1,300 Total | $ 0 | $ $13,615,012 |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Attached List | | | |
| **TOTALS** | $ 13,615,012 | $ 13,615,012 | |

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☒ the interest requirement is waived for   ☐ fine   ☒ restitution.

   ☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
(11329)
Sheet 5A — Criminal Monetary Penalties

IRH:caf

DEFENDANT:       VIOLETTE GAIL ELDRIDGE
CASE NUMBER:  6:05-CR-06116-001

| Victim | Restitution Owed |
| --- | --- |
| Richard Castellini | $996,427.50 |
| Northfield Trust/Ronald Petlev | $1,196,427.50 |
| BSLR/Bryan Thomas | $496,427.50 |
| Walter J. Zachrich Jr. | $996,427.50 |
| Shalva Elikashvili | $996,427.50 |
| Randall K. Jacoby | $996,427.50 |
| Frederick Moore | $996,427.50 |
| David Carson | $996,427.50 |
| Northstar Financial Group/Doug Sample | $939,927.50 |
| Nornam Rasmussen | $996,427.50 |
| Stratus International II/Alan L. Leask | $996,427.50 |
| Frederick Moore | $996,427.50 |
| K.S. Management Trust/Armand Fredette | $996,427.50 |
| Joan Stott | $1,017,954.50 |
|  |  |
| **Total** | **$13,615,012** |

DEFENDANT: VIOLETTE GAIL ELDRIDGE
CASE NUMBER: 6:05-CR-06116-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

The Special Assessment is due, in full, immediately.

While incarcerated, if the defendant is non-UNICOR or UNICOR grade 5, the defendant shall pay installments of $25 per quarter. If assigned grades 1 through 4 in UNICOR, the defendant shall pay installments of 50% of the inmate's monthly pay. Any portion of restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervised release. At that time, the defendant shall make monthly restitution payments at a rate of 10% of monthly gross income. Payments are to be in the form of a money order payable to Clerk, U.S. District Court, 68 Court Street, Room 304, Buffalo, New York 14202.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several and corresponding payee, if appropriate.

**Paul Knight 6:05-CR-06116-003, John Montana 6:05-CR-06116-004, and Melvin Ray Lyttle 6:05-CR-06116-002 (Montana and Lyttle are pending sentencing.)**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

**The sum of $22,675,119.56 or any property involved in the offenses of conviction set forth in Counts 10-13 and all property of the defendant up to the value of any property described above.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.